**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | |
|---|---|
| **The Bopp Law Firm, PC**, an Indiana professional corporation<br><br>*Plaintiff,*<br><br>*v.*<br><br>**True the Vote, Inc.**, a Texas Corporation,<br><br>*Defendant.* | **Civil Case No. 2:23-cv-120** |

## Verified Complaint for Compensatory Damages and Relief in Quantum Meruit

Plaintiff THE BOPP LAW FIRM, PC ("**BLF**") complains against Defendant True the Vote, Inc. ("**TTV**") as follows:

## Introduction

1.     This is a civil action for compensatory damages arising under breach of contract and account stated claims.

## Jurisdiction and Venue

2.     This action arises under Indiana common law for breach of contract and account stated claims.

3.     This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 and is between citizens of different states.

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    1

**Amount in Controversy**

4.      To determine that the amount in controversy exceeds the limit required for diversity jurisdiction, a plaintiff need only seek the amount in good faith. *Risse v. Woodard*, 491 F.2d 1170, 1172-73 (7th Cir. 1974) (finding "The basic criterion for determining whether the amount sought was not made in good faith is if it can be concluded beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.").

5.      TTV has an outstanding total balance due of $971,577.26, payable to BLF under the terms of the various Agreements detailed in this Complaint. Exs. 3-26.

6.      TTV owes an accrued interest on unpaid balances over 30 days past due, pursuant to the terms of the Agreements. Accrued interest may not be included in the amount in controversy. *Principal Mut. Life Ins. Co. v. Juntunen*, 838 F.2d 942, 943 (7th Cir. 1988). BLF has not calculated this interest for purposes of this jurisdictional statement but is part of BLF's damages.

7.      TTV is required to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed. Agreements, Exs. 3 - 26. BLF will calculate these incurred attorneys fees and costs for collecting these unpaid amounts prior to judgment in this matter.

8.      The total amount in controversy is $971,577.26, plus the attorneys fees and costs BLF incurred for collecting any unpaid amounts owed, which satisfies the jurisdictional requirement that the amount in controversy exceed $75,000.

**Diversity of Citizenship**

9.      For the purposes of jurisdiction, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated." 28 U.S.C. § 1332(c)(1).

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                            2

10.     BLF is incorporated in Indiana, with its principal place of business in Terre Haute, Indiana. BLF's Corporate Entity Details from the State of Indiana, Office of the Secretary of State is attached as Exhibit 1. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), BLF is a citizen of Indiana.

11.     TTV is incorporated in Texas, with its principal place of business located in Houston, Texas. TTV's Business Organization listing from the Texas Secretary of State is attached as Exhibit 2. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), TTV is a citizen of Texas.

12.     Since BLF is a citizen of Indiana and TTV is a citizen of Texas, complete diversity exists between the parties.

**Jurisdictional Conclusion**

13.     Since the amount in controversy exceeds $75,000 and complete diversity exists between the parties, this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a).

**Personal Jurisdiction**

14.      This Court has personal jurisdiction over TTV because it established contacts within the State sufficient to permit the exercise of personal jurisdiction over them via the Agreements for Legal Services it entered into with BLF. Further, TTV agreed that any disputes arising under or in connection with the Agreements shall be governed by Indiana law and by a court located in Indiana.

**Venue**

15.     Venue is proper in this district under 28 U.S.C. § 1391(b)(3) because TTV is subject to the court's personal jurisdiction in this District with respect to this action. Further, venue is

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    3

proper because this court's jurisdiction encompasses Vigo County, Indiana, where BLF is headquartered. *Infra* ¶ 16.

## Parties

16.    Plaintiff BLF is an Indiana professional corporation headquartered at 1 South Sixth St., The National Building, Terre Haute, Indiana 47807, in Vigo County.

17.    Defendant TTV is a Texas corporation headquartered at 18720 FM 249 Ste A, Houston, Texas 77070.

## Facts

### Agreements

18.    BLF has represented TTV in many legal matters for over five years.

19.    BLF details each agreement with TTV herein, defining each agreement by name. Collectively, these will be referred to as "**Agreements**."

### Fair Fight Case

20.    On or about December 27, 2020, TTV entered into the Agreement with BLF to represent TTV in *Fair Fight, Inc., et al. v. True the Vote, Inc., et al.*, Case No. 2:20-cv-00302 (ND Ga.) ("**Fair Fight Agreement**"). Fair Fight Agreement, Ex. 3. In addition, TTV agreed to pay for BLF's representation of the other Co-Defendants in the same case. *See* Cooper Agreement, Ex. 4; Davis Agreement, Ex. 5; Engelbrecht Agreement, Ex. 6; Johnson Agreement, Ex. 7; Somerville Agreement, Ex. 8; Williams Agreement, Ex. 9 (collectively, "**Co-Defendant Agreements**"). Collectively, the Fair Fight Agreement and Co-Defendant Agreements are referred to as the "**Fair Fight Agreements**".

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    4

21.     James Bopp, Jr. is the sole proprietor of BLF, and at all times material to this matter was in good standing under the laws of Indiana. Mr. Bopp signed the Fair Fight Agreements on behalf of BLF. *See, e.g.*, Fair Fight Agreement at 5.

22.     Ms. Catherine Engelbrecht, at all times material to this matter, was authorized under the laws of Texas to enter into contracts on behalf of TTV. Ms. Engelbrecht signed the Fair Fight Agreements on behalf of TTV. *See id.*

23.     In the Fair Fight Agreements, TTV agreed to pay BLF for their legal services, at agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. and Melena Siebert. *Id.* at 3.

24.     TTV agreed to pay the corresponding hourly rates for other BLF attorneys who may assist in the legal work necessary in representing TTV in the Fair Fight case. *Id.*

25.     TTV agreed to pay costs and expenses in addition to the hourly charges for legal services. *Id.*

26.     Under the terms of the Fair Fight Agreements, all invoices sent to TTV by BLF were due and payable within 30 days of receipt by TTV. *Id.* at 4.

27.     Under the terms of the Fair Fight Agreements, interest accrues at 1.5% per month on past due accounts until paid. *Id.*

28.     Under the terms of the Fair Fight Agreements, TTV agreed to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed by TTV, if legal action by BLF is necessary to collect any unpaid amounts due. *Id.*

29.     TTV agreed that any disputes arising under the Fair Fight Agreements would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    5

located in Indiana could resolve the dispute. *Id.* at 4.

**TTV Arizona**

30.     On or about August 3, 2022, TTV sent an email to BLF, requesting BLF to draft evidence preservation letters for materials from Arizona's primary election. TTV Arizona Authorization, Ex. 10. ("**TTV Arizona Agreement**").

31.     Over the course of dealings between TTV and BLF, BLF often performed work similar to that described in paragraph 30 when TTV requested it via phone or email.

32.     Over the course of dealings between TTV and BLF, BLF would charge TTV, at previously agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. and the BLF Associate Attorneys assigned to work on the matter.

*33.*     Over the course of dealings between TTV and BLF, TTV agreed to pay costs and expenses in addition to the hourly charges for legal services.

34.     Under the terms of the TTV Arizona Agreement and in accordance with the course of dealings between TTV and BLF, all invoices sent to TTV by BLF were due and payable within 30 days of receipt by TTV.

*35.*     Under the terms of the TTV Arizona Agreement and in accordance with the course of dealings between TTV and BLF, interest accrues at 1.5% per month on past due accounts until paid. Under the terms of the TTV Arizona Agreement and in accordance with the course of dealings between TTV and BLF, TTV agreed to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed by TTV, if legal action by BLF is necessary to collect any unpaid amounts due.

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    6

36.     Under the terms of the TTV Arizona Agreement and in accordance with the course of dealings between TTV and BLF, TTV agreed that any disputes arising under the TTV Arizona Agreement would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court located in Indiana could resolve the dispute. .

**Validate GA**

37.     On or about November 6, 2020, TTV called BLF Associate Attorney Melena Siebert, requesting BLF respond to leaked information from the Georgia Bureau of Investigation via a letter to Governor Kemp. ("**Validate GA Agreement**")

38.     Over the course of dealings between TTV and BLF, BLF often performed work similar to that described in paragraph 37 when TTV requested it via phone or email.

39.     Over the course of dealings between TTV and BLF, BLF would charge TTV, at previously agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. and the BLF Associate Attorneys assigned to work on the matter.

40.     Over the course of dealings between TTV and BLF, TTV agreed to pay costs and expenses in addition to the hourly charges for legal services.

41.     Under the terms of the Validate GA Agreement and in accordance with the course of dealings between TTV and BLF, all invoices sent to TTV by BLF were due and payable within 30 days of receipt by TTV.

42.     Under the terms of the Validate GA Agreement and in accordance with the course of dealings between TTV and BLF, interest accrues at 1.5% per month on past due accounts until paid.

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                          7

43.     Under the terms of the Validate GA Agreement and in accordance with the course of dealings between TTV and BLF, TTV agreed to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed by TTV, if legal action by BLF is necessary to collect any unpaid amounts due.

44.     Under the terms of the Validate GA Agreement and in accordance with the course of dealings between TTV and BLF, TTV agreed that any disputes arising under the Agreement would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court located in Indiana could resolve the dispute.

**TTV Harris County**

45.     On or about August 27, 2020, TTV entered into the Agreement with BLF to pay the legal fees arising out of BLF's representation of plaintiffs in a federal case, and in any subsequent appellate proceedings, challenging Harris County, Texas changes in voting procedures. ("**TTV Harris County Agreement**"), Ex. 11.

46.     James Bopp, Jr. is the sole proprietor of BLF, and at all times material to this matter was in good standing under the laws of Indiana.

47.     Ms. Catherine Engelbrecht, at all times material to this matter, was authorized under the laws of Texas to enter into contracts on behalf of TTV. Ms. Engelbrecht authorized the TTV Harris County Agreement via email to Mr. Bopp, thereby ratifying the TTV Harris County Agreement. TTV Harris County Authorization, Ex. 12.

48.     In the TTV Harris County Agreement, TTV agreed to pay BLF for their legal services, at agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. and Courtney Milbank.

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                          8

TTV Harris County Agreement at 1.

49.     TTV agreed to pay the corresponding hourly rates for other BLF attorneys who may assist in the legal work necessary in representing TTV in the matter. *Id.*

50.     TTV agreed to pay costs and expenses in addition to the hourly charges for legal services. *Id.*

51.     Under the terms of the  TTV Harris County Agreement, all invoices sent to TTV by BLF were due and payable within 30 days of receipt by TTV. *Id.* at 2.

52.     Under the terms of the  TTV Harris County Agreement, interest accrues at 1.5% per month on past due accounts until paid. *Id.*

53.     Under the terms of the  TTV Harris County Agreement, TTV agreed to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed by TTV, if legal action by BLF is necessary to collect any unpaid amounts due. *Id.*

54.     TTV agreed that any disputes arising under the  TTV Harris County Agreement would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court located in Indiana could resolve the dispute. *Id.* at 2.

55.     After BLF Attorneys researched the matter, TTV decided not to bring suit. The outstanding balance due reflects the attorneys' fees and costs for the necessary research.

**TTV IV3**

56.     On or about August 1, 2022, TTV called BLF Senior Associate Attorney Melena Siebert and requested BLF consult with it and offer legal advice regarding a new application TTV was considering marketing—"**IV3**". ("**IV3 Agreement**").

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                                    9

57.     Over the course of dealings between TTV and BLF, BLF often performed work similar to that described in paragraph 56 when TTV requested it via phone or email.

58.     Over the course of dealings between TTV and BLF, BLF would charge TTV, at previously agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. and Melena Siebert.

*59.*     Over the course of dealings between TTV and BLF, TTV agreed to pay costs and expenses in addition to the hourly charges for legal services.

60.     Under the terms of the IV3 Agreement and in accordance with the course of dealings between TTV and BLF, all invoices sent to TTV by BLF were due and payable within 30 days of receipt by TTV.

61.     Under the terms of the IV3 Agreement and in accordance with the course of dealings between TTV and BLF, interest accrues at 1.5% per month on past due accounts until paid.

62.     Under the terms of the IV3 Agreement and in accordance with the course of dealings between TTV and BLF, TTV agreed to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed by TTV, if legal action by BLF is necessary to collect any unpaid amounts due.

63.     Under the terms of the IV3 Agreement and in accordance with the course of dealings between TTV and BLF, TTV agreed that any disputes arising under the Agreement would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court located in Indiana could resolve the dispute.

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                          10

**TTV Lawfare Research**

64.     On or about August 2, 2022, TTV called BLF Senior Associate Attorney Melena Siebert

and requested BLF research various suits that had been filed since November 2020 against

individuals and organizations seeking to preserve election integrity ("**Lawfare**"). ("**TTV**

**Lawfare Agreement**").

65.     Over the course of dealings between TTV and BLF, BLF often performed work similar to

that described in paragraph 64 when TTV requested it via phone or email.

66.     Over the course of dealings between TTV and BLF, BLF would charge TTV, at

previously agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. and Melena

Siebert.

67.     Over the course of dealings between TTV and BLF, TTV agreed to pay costs and

expenses in addition to the hourly charges for legal services.

68.     Under the terms of the TTV Lawfare Agreement and in accordance with the course of

dealings between TTV and BLF, all invoices sent to TTV by BLF were due and payable within

30 days of receipt by TTV.

*69.*     Under the terms of the TTV Lawfare Agreement and in accordance with the course of

dealings between TTV and BLF, interest accrues at 1.5% per month on past due accounts until

paid.

70.     Under the terms of the TTV Lawfare Agreement and in accordance with the course of

dealings between TTV and BLF, TTV agreed to pay all attorney fees and costs BLF incurred for

collecting any unpaid amounts owed by TTV, if legal action by BLF is necessary to collect any

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                                11

unpaid amounts due.

71.     Under the terms of the TTV Lawfare Agreement and in accordance with the course of dealings between TTV and BLF, TTV agreed that any disputes arising under the Agreement would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court located in Indiana could resolve the dispute.

**TTV NC Amicus**

72.     On or about October 20, 2020, TTV called BLF Owner James Bopp, Jr. and requested BLF draft and file an amicus brief and motion for leave to file an amicus brief on behalf of TTV in support of Plaintiff's Emergency Application for Writ of Injunction in the Supreme Court of the United States to stop the North Carolina Board of Elections' effective rewrite of statutes governing absentee ballots. *Wise, et al. v. Circosta, et al.*, No. 20A71 (U.S.). The Application was denied by the Court on October 28, 2020.("**TTV NC Amicus Agreement**").

73.     Over the course of dealings between TTV and BLF, BLF often performed work similar to that described in paragraph 72 when TTV requested it via phone or email.

74.     Over the course of dealings between TTV and BLF, BLF would charge TTV, at previously agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. and Melena Siebert.

75.     Over the course of dealings between TTV and BLF, TTV agreed to pay costs and expenses in addition to the hourly charges for legal services.

76.     Under the terms of the TTV NC Amicus Agreement and in accordance with the course of dealings between TTV and BLF, all invoices sent to TTV by BLF were due and payable within

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    12

30 days of receipt by TTV.

*77.*　Under the terms of the TTV NC Amicus Agreement and in accordance with the course of dealings between TTV and BLF, interest accrues at 1.5% per month on past due accounts until paid.

78.　Under the terms of the TTV NC Amicus Agreement and in accordance with the course of dealings between TTV and BLF, TTV agreed to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed by TTV, if legal action by BLF is necessary to collect any unpaid amounts due.

79.　Under the terms of the TTV NC Amicus Agreement and in accordance with the course of dealings between TTV and BLF, TTV agreed that any disputes arising under the Agreement would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court located in Indiana could resolve the dispute.

**TTV NM Litigation**

80.　On or about April 2, 2020, TTV agreed to pay the legal fees of the Plaintiffs arising out of BLF's representation of the Voter/Intervenors in *Riddle v. Oliver*, No. S-1-SC-38228 and any subsequent appellate proceedings. "**TTV NM Agreement**," Ex. 13.

81.　James Bopp, Jr. is the sole proprietor of BLF, and at all times material to this matter was in good standing under the laws of Indiana. Mr. Bopp signed the TTV NM Agreement on behalf of BLF. TTV NM Agreement at 2.

82.　Ms. Catherine Engelbrecht, at all times material to this matter, was authorized under the laws of Texas to enter into contracts on behalf of TTV. Ms. Engelbrecht signed the TTV NM

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**　　　　　　　13

Agreement on behalf of TTV. *Id.*

83.     In the TTV NM Agreement, TTV agreed to pay BLF for their legal services, at agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. *Id.* at 1.

84.     TTV agreed to pay the corresponding hourly rates for other BLF attorneys who may assist in the legal work necessary in representing TTV in the TTV NM Litigation. *Id.*

85.     TTV agreed to pay costs and expenses in addition to the hourly charges for legal services. *Id.*

86.     Under the terms of the TTV NM Agreement, all invoices sent to TTV by BLF were due and payable within 30 days of receipt by TTV. *Id.*

87.     Under the terms of the TTV NM Agreement, interest accrues at 1.5% per month on past due accounts until paid. *Id.*

88.     Under the terms of the TTV NM Agreement, TTV agreed to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed by TTV, if legal action by BLF is necessary to collect any unpaid amounts due. *Id.*

89.     TTV agreed that any disputes arising under the TTV NM Agreement would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court located in Indiana could resolve the dispute. *Id.* at 2.

**TTV NV State Litigation**

90.     On or about April 23, 2020, TTV entered into the Agreement with BLF in which TTV agreed to pay the legal fees of the Plaintiffs arising out of BLF's representation in *Corona v. Cegavske*, No. 20-0C-00064-1B. (**"Nevada State Case Agreement"**). Ex. 14

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**               14

91.     James Bopp, Jr. is the sole proprietor of BLF, and at all times material to this matter was in good standing under the laws of Indiana.

92.     Ms. Catherine Engelbrecht, at all times material to this matter, was authorized under the laws of Texas to enter into contracts on behalf of TTV.

93.     Mr. Bopp and Ms. Engelbrecht agreed to the Nevada State Case Agreement via email exchanges, thereby ratifying the terms of the Nevada State Case Agreement. NV State Case Email, Ex. 15.

94.     In the Nevada State Case Agreement, TTV agreed to pay BLF for their legal services, at agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. Nevada State Case Agreement at 1.

95.     TTV agreed to pay the corresponding hourly rates for other BLF attorneys who may assist in the legal work necessary in representing TTV in the Nevada State Case. *Id.*

96.     TTV agreed to pay costs and expenses in addition to the hourly charges for legal services. *Id.*

97.     Under the terms of the Nevada State Case Agreement, all invoices sent to TTV by BLF were due and payable within 30 days of receipt by TTV. *Id.* at 2.

98.     Under the terms of the Nevada State Case Agreement, interest accrues at 1.5% per month on past due accounts until paid. *Id.*

99.     Under the terms of the Nevada State Case Agreement, TTV agreed to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed by TTV, if legal action by BLF is necessary to collect any unpaid amounts due. *Id.*

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    15

100.    TTV agreed that any disputes arising under the Agreement would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court located in Indiana could resolve the dispute. *Id.* at 2.

**TTV NV Federal Litigation**

101.    On or about April 17, 2020, TTV entered into the Agreement with BLF in which TTV agreed to pay the legal fees of the Plaintiffs arising out of BLF's representation of Voters in a federal lawsuit, and in any subsequent appellate proceedings, challenging Nevada's scheme of mailing an "absentee ballot" to all active, registered voters. (**"Nevada Federal Case Agreement"**), Ex. 16.

102.    James Bopp, Jr. is the sole proprietor of BLF, and at all times material to this matter was in good standing under the laws of Indiana. Mr. Bopp signed the Nevada Federal Case Agreement on behalf of BLF. Nevada Federal Case Agreement at 3.

103.    Ms. Catherine Engelbrecht, at all times material to this matter, was authorized under the laws of Texas to enter into contracts on behalf of TTV. Ms. Engelbrecht signed the Nevada Federal Case Agreement on behalf of TTV. *Id.*

104.    In the Nevada Federal Case Agreement, TTV agreed to pay BLF for their legal services, at agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. Nevada Federal Case Agreement at 1.

105.    TTV agreed to pay the corresponding hourly rates for other BLF attorneys who may assist in the legal work necessary in representing TTV in the Nevada Federal Case. *Id.*

106.    TTV agreed to pay costs and expenses in addition to the hourly charges for legal services.

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                                16

*Id.*

107.    Under the terms of the Nevada Federal Case Agreement, all invoices sent to TTV by BLF were due and payable within 30 days of receipt by TTV. *Id.* at 2.

108.    Under the terms of the Nevada Federal Case Agreement, interest accrues at 1.5% per month on past due accounts until paid. *Id.*

109.    Under the terms of the Nevada Federal Case Agreement, TTV agreed to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed by TTV, if legal action by BLF is necessary to collect any unpaid amounts due. *Id.*

110.    TTV agreed that any disputes arising under the Nevada Federal Case Agreement would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court located in Indiana could resolve the dispute. *Id.*

**TTV Audits**

111.    In order to comply with an audit TTV was conducting, on or about August 20, 2021, BLF sent TTV a letter listing all projects and matters for which BLF on which BLF had worked for TTV, along with copies of all the invoices for matters for which TTV was billed in 2020. TTV August Audit Request, Ex. 17.

112.    On or about November 17, 2021, TTV again requested documentation of all outstanding invoices due to BLF in order to comply with an audit TTV was conducting. TTV November Audit Request, Ex. 18. Again, BLF provided all requested documentation to TTV on or about November 18, 2021, responded to a request to supplement billing and other information on ongoing matters on behalf of TTV from the accounting firm conducting the audit on or about

November 20, 2021, conferenced with the auditors by phone on or about November 30, 2021, and sent a final update requested by the auditors on December 14, 2021.

113.    On or about September 11, 2022, an accountant identified as working for TTV advised that she had BLF 2021 invoices for TTV matters and requested invoices for all TTV matters in 2022. BLF sent the requested invoices on or about September 14, 2022, and on or about September 16 and September 23, 2022, including, at the accountant's request, invoices from 2021 that provided descriptions of work appearing on 2022 invoices. BLF sent the latest invoices for all TTV matters to the accountant on October 5, 2022 and sent an updated invoice for one TTV matter on October 7, 2022.

114.    On or about October 19, 2022, in response to an accounting firm conducting an audit of TTV, TTV sent a letter updating the status of cases open through October 2022 Collectively, these are referred to as "**TTV Audit Agreements**."

115.    Over the course of dealings between TTV and BLF, BLF often performed work similar to that described in paragraphs 111 and 114 when TTV requested it via phone or email.

116.    Over the course of dealings between TTV and BLF, BLF would charge TTV, at previously agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. and Jeffrey P. Gallant.

117.    Over the course of dealings between TTV and BLF, TTV agreed to pay costs and expenses in addition to the hourly charges for legal services.

118.    Under the terms of the TTV Audit Agreements and in accordance with the course of dealings between TTV and BLF, all invoices sent to TTV by BLF were due and payable within

**Ver. Compl. for
Damages and Relief
Quantum Meruit**                    18

30 days of receipt by TTV.

119.     Under the terms of the TTV Audit Agreements and in accordance with the course of dealings between TTV and BLF, interest accrues at 1.5% per month on past due accounts until paid.

120.     Under the terms of the TTV Audit Agreements and in accordance with the course of dealings between TTV and BLF, TTV agreed to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed by TTV, if legal action by BLF is necessary to collect any unpaid amounts due.

121.     Under the terms of the TTV Audit Agreements and in accordance with the course of dealings between TTV and BLF, TTV agreed that any disputes arising under the Agreement would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court located in Indiana could resolve the dispute.

**TTV Ranked Choice Voting**

122.     On or about September 6, 2022, TTV called BLF Owner James Bopp, Jr. and requested BLF research the issue of ranked choice voting, in contemplation of potential litigation.("**TTV Ranked Choice Agreement**")

123.     Over the course of dealings between TTV and BLF, BLF often performed work similar to that described in paragraph 122 when TTV requested it via phone or email.

124.     Over the course of dealings between TTV and BLF, BLF would charge TTV, at previously agreed upon hourly rates for BLF attorneys, including James Bopp, Jr.

125.     Over the course of dealings between TTV and BLF, TTV agreed to pay costs and

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                          19

expenses in addition to the hourly charges for legal services.

126.    Under the terms of the TTV Ranked Choice Agreement and in accordance with the course of dealings between TTV and BLF, all invoices sent to TTV by BLF were due and payable within 30 days of receipt by TTV.

127.    Under the terms of the TTV Ranked Choice Agreement and in accordance with the course of dealings between TTV and BLF, interest accrues at 1.5% per month on past due accounts until paid.

128.    Under the terms of the TTV Ranked Choice Agreement and in accordance with the course of dealings between TTV and BLF, TTV agreed to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed by TTV, if legal action by BLF is necessary to collect any unpaid amounts due.

129.    Under the terms of the TTV Ranked Choice Agreement and in accordance with the course of dealings between TTV and BLF, TTV agreed that any disputes arising under the Agreement would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court located in Indiana could resolve the dispute.

**TTV TX Litigation**

130.    On or about April 20, 2020, TTV called BLF Owner James Bopp, Jr. and requested BLF research the issue of whether TTV could intervene or otherwise litigate in a case regarding the expansion of absentee ballots in Travis County, Texas in 2020.("**TTV Texas Litigation Agreement**").

131.    Over the course of dealings between TTV and BLF, BLF often performed work similar to

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    20

that described in paragraph 130 when TTV requested it via phone or email.

132.    Over the course of dealings between TTV and BLF, BLF would charge TTV, at previously agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. .

133.    Over the course of dealings between TTV and BLF, TTV agreed to pay costs and expenses in addition to the hourly charges for legal services.

134.    Under the terms of the TTV Texas Litigation Agreement and in accordance with the course of dealings between TTV and BLF, all invoices sent to TTV by BLF were due and payable within 30 days of receipt by TTV.

135.    Under the terms of the TTV Texas Litigation Agreement and in accordance with the course of dealings between TTV and BLF, interest accrues at 1.5% per month on past due accounts until paid.

136.    Under the terms of the TTV Texas Litigation Agreement and in accordance with the course of dealings between TTV and BLF, TTV agreed to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed by TTV, if legal action by BLF is necessary to collect any unpaid amounts due.

137.    Under the terms of the TTV Texas Litigation Agreement and in accordance with the course of dealings between TTV and BLF, TTV agreed that any disputes arising under the Agreement would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court located in Indiana could resolve the dispute.

138.    After BLF Attorneys researched the matter, TTV decided not to bring intervene or otherwise participate in this litigation. The outstanding balance due reflects the attorneys' fees

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    21

and costs for the necessary research.

**TTV VA Intervention**

139.     On or about April 21, 2020, TTV agreed to pay the legal fees of the Intervenors arising out of BLF's representation of the Voters in the case of *League of Women Voters of Virginia v. Virginia State Board of Elections*, No. 6:20-cv-00024 and any subsequent appellate proceedings. ("**TTV VA Intervention Agreement**"), Ex. 19.

140.     James Bopp, Jr. is the sole proprietor of BLF, and at all times material to this matter was in good standing under the laws of Indiana. Mr. Bopp signed the TTV VA Intervention Agreement on behalf of BLF. TTV VA Intervention Agreement at 3.

141.     Ms. Catherine Engelbrecht, at all times material to this matter, was authorized under the laws of Texas to enter into contracts on behalf of TTV. Ms. Engelbrecht signed the TTV VA Intervention Agreement on behalf of TTV. *Id.*

142.     In the TTV VA Intervention Agreement, TTV agreed to pay BLF for their legal services, at agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. and Courtney Milbank. *Id.* at 1.

143.     TTV agreed to pay the corresponding hourly rates for other BLF attorneys who may assist in the legal work necessary in representing TTV in the case. *Id.*

144.     TTV agreed to pay costs and expenses in addition to the hourly charges for legal services. *Id.*

145.     Under the terms of the TTV VA Intervention Agreement, all invoices sent to TTV by BLF were due and payable within 30 days of receipt by TTV. *Id.* at 2.

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                                    22

146.     Under the terms of the TTV VA Intervention Agreement, interest accrues at 1.5% per month on past due accounts until paid. *Id.*

147.     Under the terms of the TTV VA Intervention Agreement, TTV agreed to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed by TTV, if legal action by BLF is necessary to collect any unpaid amounts due. *Id.*

148.     TTV agreed that any disputes arising under the Agreement would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court located in Indiana could resolve the dispute. *Id.* at 2.

**TTV FEC Complaint**

149.     On or about April 14, 2021, TTV entered into the Agreement with BLF to represent TTV in defending against a complaint filed with the Federal Election Commission ("**FEC Complaint**"), specifically denominated as Matter Under Review ("**MUR**") 7894. ("**TTV FEC Complaint Agreement**"), Ex. 20.

150.     James Bopp, Jr. is the sole proprietor of BLF, and at all times material to this matter was in good standing under the laws of Indiana.

151.     Ms. Catherine Engelbrecht, at all times material to this matter, was authorized under the laws of Texas to enter into contracts on behalf of TTV. Ms. Engelbrecht did not sign the TTV FEC Complaint Agreement, but did sign the required designation of counsel forms required by the FEC, thereby ratifying the TTV FEC Complaint Agreement. *See* TTV FEC Complaint Engelbrect Designation of Counsel Bopp, Ex. 21;  TTV FEC Complaint Engelbrect Designation of Counsel Milbank, Ex. 22; TTV FEC Complaint TTV Designation of Counsel Bopp, Ex. 23;

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    23

and TTV FEC Complaint TTV Designation of Counsel Milbank, Ex. 24.

152.    In the TTV FEC Complaint Agreement, TTV agreed to pay BLF for their legal services, at agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. and Courtney Milbank. TTV FEC Complaint Agreement at 1.

153.    TTV agreed to pay the corresponding hourly rates for other BLF attorneys who may assist in the legal work necessary in representing TTV in the FEC Complaint. *Id.*

154.    TTV agreed to pay costs and expenses in addition to the hourly charges for legal services. *Id.*

155.    Under the terms of the TTV FEC Complaint Agreement, all invoices sent to TTV by BLF were due and payable within 30 days of receipt by TTV. *Id.* at 2.

156.    Under the terms of the TTV FEC Complaint Agreement, interest accrues at 1.5% per month on past due accounts until paid. *Id.*

157.    Under the terms of the TTV FEC Complaint Agreement, TTV agreed to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed by TTV, if legal action by BLF is necessary to collect any unpaid amounts due. *Id.*

158.    TTV agreed that any disputes arising under the TTV FEC Complaint Agreement would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court located in Indiana could resolve the dispute. *Id.* at 3.

**TTV VA Federal Case**

159.    On or about May 26, 2020, TTV agreed to pay the legal fees of the Intervenors arising out of BLF's representation of the Voters in a federal case, and in any subsequent appellate

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    24

proceedings, challenging Virginia's interpretation of "disability or illness" for absentee ballots. ("**TTV VA Federal Agreement**"), Ex. 25.

160.     James Bopp, Jr. is the sole proprietor of BLF, and at all times material to this matter was in good standing under the laws of Indiana. Mr. Bopp signed the TTV VA Federal Agreement on behalf of BLF. *Id.* at 3.

161.     Ms. Catherine Engelbrecht, at all times material to this matter, was authorized under the laws of Texas to enter into contracts on behalf of TTV. Ms. Engelbrecht signed the TTV VA Federal Agreement on behalf of TTV. *Id.*

162.     In the TTV VA Federal Agreement, TTV agreed to pay BLF for their legal services, at agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. and Courtney Milbank. *Id.* at 1.

163.     TTV agreed to pay the corresponding hourly rates for other BLF attorneys who may assist in the legal work necessary in representing TTV in the TTV VA Federal Case. *Id.*

164.     TTV agreed to pay costs and expenses in addition to the hourly charges for legal services. *Id.*

165.     Under the terms of the TTV VA Federal Agreement, all invoices sent to TTV by BLF were due and payable within 30 days of receipt by TTV. *Id.* at 2.

166.     Under the terms of the TTV VA Federal Agreement, interest accrues at 1.5% per month on past due accounts until paid. *Id.*

167.     Under the terms of the TTV VA Federal Agreement, TTV agreed to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed by TTV, if legal action by BLF

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    25

is necessary to collect any unpaid amounts due. *Id.*

168.    TTV agreed that any disputes arising under the Agreement would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court located in Indiana could resolve the dispute. *Id.* at 2.

**TTV IRS Case**

169.    On or about February 22, 2017, TTV entered into the Agreement with BLF to represent TTV in *True the Vote, Inc. v. Internal Revenue Service*, Case No. 1:13-cv-00734 (**"IRS Case"**) . (**"TTV IRS Agreement"**), Ex. 26.

170.    James Bopp, Jr. is the sole proprietor of BLF, and at all times material to this matter was in good standing under the laws of Indiana. Mr. Bopp signed the TTV IRS Agreement on behalf of BLF. *Id.* at 3.

171.    Ms. Catherine Engelbrecht, at all times material to this matter, was authorized under the laws of Texas to enter into contracts on behalf of TTV. Ms. Engelbrecht signed the TTV IRS Agreement on behalf of TTV. *Id.*

172.    In the TTV IRS Agreement, TTV agreed to pay BLF for their legal services, at agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. *Id.* at 1.

173.    TTV agreed to pay the corresponding hourly rates for other BLF attorneys who may assist in the legal work necessary in representing TTV in the IRS Case. *Id.*

174.    TTV agreed to pay costs and expenses in addition to the hourly charges for legal services. *Id.*

175.    Under the terms of the TTV IRS Agreement, all invoices sent to TTV by BLF were due

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                                    26

and payable within 30 days of receipt by TTV. *Id.* at 2.

176.     Under the terms of the TTV IRS Agreement, interest accrues at 1.5% per month on past

due accounts until paid. *Id.*

177.     Under the terms of the TTV IRS Agreement, TTV agreed to pay all attorney fees and

costs BLF incurred for collecting any unpaid amounts owed by TTV, if legal action by BLF is

necessary to collect any unpaid amounts due. *Id.*

178.     TTV agreed that any disputes arising under the Agreement would be governed by Indiana

law without giving effect to Indiana's conflict of law principles and that any court located in

Indiana could resolve the dispute. *Id.*

**Breach of Contract Generally**

179.     Pursuant to the terms of the Agreements, Indiana law governs any dispute related to the

Agreements.

180.     Under Indiana law, "[t]o recover for a breach of contract, a plaintiff must prove that: (1) a

contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as

a result of the defendant's breach." *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App.

2007).

181.     "The basic requirements for a contract are offer, acceptance, consideration, and a meeting

of the minds between the contracting parties on all essential elements or terms of the

transaction." *Jernas v. Gumz*, 53 N.E.3d 434, 445 (Ind. Ct. App. 2016), trans. denied.

182.     Consideration is a "bargained for exchange" whereby the promisor accrues a benefit or

the promisee accepts a detriment. *Kelly v. Levandoski*, 825 N.E.2d 850, 860 (Ind. Ct. App. 2005).

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                              27

**Account Stated Generally**

183.    "The issues tried in an action on an account stated are whether or not the parties settled

their accounts and agreed upon a certain amount due; whether or not there was any agreement,

express or implied, to pay such amount; and, if payment is raised as a defense, whether such

payment was made." 1 Ind. Law Encyc. Accounts and Accounting § 12.

184.    An account stated is an agreement between the parties that all items of an account and

balance are correct, together with a promise, express or implied, to pay the balance. *Jackson v.*

*Trancik*, 953 N.E.2d 1087, 1091 (Ind. Ct. App. 2011).

185.    An agreement that the balance is correct may be inferred if the debtor fails to object to the

amount owed within a reasonable amount of time. "When the underlying material facts are

undisputed, what constitutes a reasonable time to object to a statement of account is a question of

law." *Auffenberg v. Bd. of Trustees of Columbus Reg'l Hosp.*, 646 N.E.2d 328, 331 (Ind. Ct. App.

1995).

186.    Under Indiana law, if a debtor fails to object to an account until after a lawsuit is filed, the

court will consider this a failure to object within a reasonable time and will support an inference

of the debtor's implied agreement that the account balance is correct. *Id.*

**Quantum Meruit Generally**

187.    Under Indiana law, quantum meruit "is a legal fiction invented by the common-law courts

in order to permit a recovery ... where, in fact, there is no contract, but where the circumstances

are such that under the law of natural and immutable justice there should be a recovery as though

there had been a promise." *Woodruff v. Indiana Fam. & Soc. Servs. Admin.*, 964 N.E.2d 784, 791

(Ind. 2012) (quoting *Clark v. Peoples Sav. & Loan Ass'n*, 46 N.E.2d 681, 682 (1943)).

188.    "Indiana courts articulate three elements for these claims: (1) a benefit conferred upon another at the express or implied request of this other party; (2) allowing the other party to retain the benefit without restitution would be unjust; and (3) the plaintiff expected payment." *Woodruff*, 964 N.E.2d at 791.

189.    Market value is what courts use to calculate the relief due a plaintiff whose claim of quantum meruit succeeds. *Indiana Lumbermens Mut. Ins. Co. v. Reinsurance Results, Inc.*, 513 F.3d 652, 658 (7th Cir. 2008). ("**Indiana Lumbermens**").

## COUNT I:
### Breach of Contract Due to Nonpayment for Services Rendered in the Fair Fight Case

190.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

191.    The Fair Fight Agreements are valid, enforceable contracts. BLF offered its legal services to TTV in exchange for TTV's payment of attorney fees and costs, which TTV accepted. TTV's promised payment serves as consideration because TTV accrued the benefit of legal services in exchange for the detriment of paying BLF's fees. The Fair Fight Agreements contained all the essential elements of the terms of this contract. The offer, acceptance, consideration, and the meeting of the minds between TTV and BLF are demonstrated within the Fair Fight Agreements itself, which was signed by representatives of TTV and BLF, who were authorized under the laws of their respective states to enter into the Agreement.

192.    To date, TTV has not paid $41,359.39 to BLF, including unpaid charges of attorney fees,

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                29

as well as costs and interest on past due amounts, under the terms of the Fair Fight Agreement. Fair Fight Case Invoice 2023-0206, Ex. 27; Fair Fight Case Invoice 2023-0227, Ex. 28.

193.    Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it breached the Agreement.

194.    BLF suffered damage totaling $41,359.39 as a direct result of TTV's breach.

195.    BLF suffered further damage of accrued interest on unpaid balances under the Fair Fight Agreements as a direct result of TTV's breach.

## COUNT II:
## Account Stated Claim in the Fair Fight Case

196.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

197.    Pursuant to the terms of the Fair Fight Agreements, BLF billed TTV monthly for attorney fees and costs through a monthly invoice specifying the services rendered and their cost. Beginning with the BLF invoice for services rendered in January 2023, amounts charged to TTV went unpaid and are currently unpaid. Fair Fight Case Invoice 2023-0206, Ex. 27; Fair Fight Case Invoice 2023-0227, Ex. 28.

198.    TTV did not object to the amount owed or services rendered on any of the BLF invoices, Exhibits 27-28, or to the correctness of the account balance, as they were explicitly required to do in the Fair Fight Agreements. Section 8, Invoices at 4.

199.    Therefore, as a matter of law, TTV has given BLF its explicit agreement that the accounts charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                        30

and accrued interest, BLF should be awarded damages in the amount of $41,359.39 on the account stated claim.

## COUNT III:
### Breach of Contract Due to Nonpayment for Services Rendered in TTV Arizona

200.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

201.    The TTV Arizona Agreement is a valid, enforceable contract. BLF offered its legal services to TTV in exchange for TTV's payment of attorney fees and costs, which TTV accepted. TTV's promised payment serves as consideration because TTV accrued the benefit of legal services in exchange for the detriment of paying BLF's fees. The TTV Arizona Agreement, as ratified by Ms. Engelbrecht's email, contained all the essential elements of the terms of this contract. The offer, acceptance, consideration, and the meeting of the minds between TTV and BLF are demonstrated within the TTV Arizona Agreement itself, which was ratified by Ms. Engelbrecht, via email, who was authorized under the laws of Texas to enter into the TTV Arizona Agreement.

202.    To date, TTV has not paid $1,793.20 to BLF, including unpaid charges of attorney fees, as well as costs and interest on past due amounts, under the terms of the TTV Arizona Agreement. TTV Arizona Invoice 2022-0928, Ex. 29.

203.    Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it breached the TTV Arizona Agreement.

204.    BLF suffered damage totaling $1,793.20 as a direct result of TTV's breach.

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                     31

205.    BLF suffered further damage of accrued interest on unpaid balances under the TTV

Arizona Agreement as a direct result of TTV's breach.

## COUNT IV:
## Account Stated Claim in TTV Arizona

206.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint

as though fully set forth herein.

207.     Pursuant to the terms of the TTV Arizona Agreement, BLF billed TTV monthly for

attorney fees and costs through a monthly invoice specifying the services rendered and their cost.

Beginning with the BLF invoice for services rendered in August 2022, amounts charged to TTV

went unpaid and are currently unpaid. TTV Arizona Invoice 2022-0928, Ex. 29.

208.    TTV did not object to the amount owed or services rendered on any of the BLF invoices,

Exhibit 29, or to the correctness of the account balance.

209.    Therefore, as a matter of law, TTV has given BLF its implied agreement that the accounts

charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance

and accrued interest, BLF should be awarded damages in the amount of $1,793.20 on the account

stated claim.

## COUNT V:
## Quantum Meruit Claim for Services Rendered in TTV Arizona

210.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint

as though fully set forth herein.

211.    BLF provided legal services to TTV for the TTV Arizona matter based upon an email

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                 32

request from TTV. Therefore, BLF conferred a benefit upon TTV by TTV's explicit request.

212.    Allowing TTV to retain the benefit of BLF's legal services without restitution would be unjust.

213.    BLF expected to be paid for these services, as TTV explicitly requested the work.

214.    Therefore, BLF has satisfied the three elements for a quantum meruit claim under *Woodruff*.

215.    Under *Indiana Lumbermens*, this Court should award BLF damages in the amount of $1,793.20 for this claim, as that amount reflects the market value of the services rendered. TTV Arizona Invoice 2022-0928, Ex. 29.

**Count VI:**
**Breach of Contract Due to Nonpayment for Services Rendered in Validate GA**

216.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

217.    The Validate GA Agreement is a valid, enforceable contract. BLF offered its legal services to TTV in exchange for TTV's payment of attorney fees and costs, which TTV accepted. TTV's promised payment serves as consideration because TTV accrued the benefit of legal services in exchange for the detriment of paying BLF's fees. The Validate GA Agreement contained all the essential elements of the terms of this contract. The offer, acceptance, consideration, and the meeting of the minds between TTV and BLF are demonstrated within the Validate GA Agreement  itself, which was requested via phone by Ms. Engelbrecht, according to the normal course of dealings between BLF and TTV.

218.    To date, TTV has not paid $9,044.01 to BLF, including unpaid charges of attorney fees, as well as costs and interest on past due amounts, under the terms of the Validate GA Agreement. Validate GA Invoice 2021-1129, Ex. 30; Validate GA Invoice 2022-0107, Ex. 31; Validate GA Invoice 2022-0705, Ex. 32; Validate GA Invoice 2022-0729, Ex. 33.

219.    Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it breached the Validate GA Agreement.

220.    BLF suffered damage totaling $9,044.01 as a direct result of TTV's breach.

221.    BLF suffered further damage of accrued interest on unpaid balances under the Validate GA Agreement as a direct result of TTV's breach.

## COUNT VII:
## Account Stated Claim in Validate GA

222.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

223.     Pursuant to the terms of the Validate GA Agreement, BLF billed TTV monthly for attorney fees and costs through a monthly invoice specifying the services rendered and their cost. Beginning with the BLF invoice for services rendered in October 2021, amounts charged to TTV went unpaid and are currently unpaid. Validate GA Invoice 2021-1129, Ex. 30; Validate GA Invoice 2022-0107, Ex. 31; Validate GA Invoice 2022-0705, Ex. 32; Validate GA Invoice 2022-0729, Ex. 33.

224.    TTV did not object to the amount owed or services rendered on any of the BLF invoices, Exhibits 30 - 33, or to the correctness of the account balance, as they were explicitly required to

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    34

do in the Validate GA Agreement. Statements at 2.

225.    Therefore, as a matter of law, TTV has given BLF its explicit agreement that the accounts charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance and accrued interest, BLF should be awarded damages in the amount of $9,044.01 on the account stated claim.

**COUNT VIII:**
**Quantum Meruit Claim for Services Rendered in Validate GA**

226.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

227.    BLF provided legal services to TTV for the Validate GA matter based upon a phone request from TTV. Therefore, BLF conferred a benefit upon TTV by TTV's explicit request.

228.    Allowing TTV to retain the benefit of BLF's legal services without restitution would be unjust.

229.    BLF expected to be paid for these services, as TTV explicitly requested the work.

230.    Therefore, BLF has satisfied the three elements for a quantum meruit claim under *Woodruff*.

231.    Under *Indiana Lumbermens*, this Court should award BLF damages in the amount of $9,044.01 for this claim, as that amount reflects the market value of the services rendered. Validate GA Invoice 2021-1129, Ex. 30; Validate GA Invoice 2022-0107, Ex. 31; Validate GA Invoice 2022-0705, Ex. 32; Validate GA Invoice 2022-0729, Ex. 33.

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                      35

## COUNT IX:
### Breach of Contract Due to Nonpayment for Services Rendered in TTV Harris County

232.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

233.    The  TTV Harris County Agreement is a valid, enforceable contract. BLF offered its legal services to TTV in exchange for TTV's payment of attorney fees and costs, which TTV accepted. TTV's promised payment serves as consideration because TTV accrued the benefit of legal services in exchange for the detriment of paying BLF's fees. The  TTV Harris County Agreement contained all the essential elements of the terms of this contract. The offer, acceptance, consideration, and the meeting of the minds between TTV and BLF are demonstrated within the TTV Harris County Agreement itself, which was ratified and authorized by Ms. Engelbrecht via email. Ms. Engelbrecht was authorized under the laws of the State of Texas to enter into the TTV Harris County Agreement.

234.    To date, TTV has not paid $10,894.00 to BLF, including unpaid charges of attorney fees, as well as costs and interest on past due amounts, under the terms of the  TTV Harris County Agreement. TTV Harris County Invoice 2020-0929, Ex. 34.

235.    Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it breached the  TTV Harris County Agreement.

236.    BLF suffered damage totaling $10,894.00 as a direct result of TTV's breach.

237.    BLF suffered further damage of accrued interest on unpaid balances under the  TTV Harris County Agreement as a direct result of TTV's breach.

## COUNT X:
## Account Stated Claim in TTV Harris County

238.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

239.     Pursuant to the terms of the  TTV Harris County Agreement, BLF billed TTV monthly for attorney fees and costs through a monthly invoice specifying the services rendered and their cost. Beginning with the BLF invoice for services rendered in August 2020, amounts charged to TTV went unpaid and are currently unpaid. TTV Harris County Invoice 2020-0929, Ex. 34.

240.    TTV did not object to the amount owed or services rendered on any of the BLF invoices, Exhibit 34, or to the correctness of the account balance.

241.    Therefore, as a matter of law, TTV has given BLF its implied agreement that the accounts charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance and accrued interest, BLF should be awarded damages in the amount of $10,894.00 on the account stated claim.

## COUNT XI:
## Quantum Meruit Claim for Services Rendered in TTV Harris County

242.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

243.    BLF provided legal services to TTV for the TTV Harris County matter based upon an email authorization from TTV. Therefore, BLF conferred a benefit upon TTV by TTV's explicit request.

244.    Allowing TTV to retain the benefit of BLF's legal services without restitution would be

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    37

unjust.

245.    BLF expected to be paid for these services, as TTV explicitly requested the work.

246.    Therefore, BLF has satisfied the three elements for a quantum meruit claim under

*Woodruff*.

247.    Under *Indiana Lumbermens*, this Court should award BLF damages in the amount of

$10,894.00 for this claim, as that amount reflects the market value of the services rendered. TTV

Harris County Invoice 2020-0929, Ex. 34.


**COUNT XII:**
**Breach of Contract Due to Nonpayment for Services Rendered in TTV IV3**

248.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint

as though fully set forth herein.

249.    The IV3 Agreement is a valid, enforceable contract. BLF offered its legal services to

TTV in exchange for TTV's payment of attorney fees and costs, which TTV accepted. TTV's

promised payment serves as consideration because TTV accrued the benefit of legal services in

exchange for the detriment of paying BLF's fees. The IV3 Agreement contained all the essential

elements of the terms of this contract. The offer, acceptance, consideration, and the meeting of

the minds between TTV and are demonstrated within the IV3 Agreement itself, which entered

into via a phone call to BLF Senior Associate Attorney Melena Siebert from Catherine

Engelbrecht, who was authorized under the laws of the State of Texas to enter into the IV3

Agreement.

250.    To date, TTV has not paid $869.40 to BLF, including unpaid charges of attorney fees, as

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                            38

well as costs and interest on past due amounts, under the terms of the IV3 Agreement. TTV IV3 Invoice 2022-0825, Ex. 35; TTV IV3 Invoice 2022-0928, Ex. 36.

251.    Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it breached the IV3 Agreement.

252.    BLF suffered damage totaling $869.40 as a direct result of TTV's breach.

253.    BLF suffered further damage of accrued interest on unpaid balances under the IV3 Agreement as a direct result of TTV's breach.

## COUNT XIII:
## Account Stated Claim in TTV IV3

254.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

255.     Pursuant to the terms of the IV3 Agreement, BLF billed TTV monthly for attorney fees and costs through a monthly invoice specifying the services rendered and their cost. Beginning with the BLF invoice for services rendered in July 2022, amounts charged to TTV went unpaid and are currently unpaid. TTV IV3 Invoice 2022-0825, Ex. 35; TTV IV3 Invoice 2022-0928, Ex. 36.

256.    TTV did not object to the amount owed or services rendered on any of the BLF invoices, Exhibits 35 - 36, or to the correctness of the account balance.

257.    Therefore, as a matter of law, TTV has given BLF its implied agreement that the accounts charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance and accrued interest, BLF should be awarded damages in the amount of $869.40 on the account

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**             39

stated claim.

## COUNT XIV:
### Quantum Meruit Claim for Services Rendered in TTV IV3

258.     BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

259.     BLF provided legal services to TTV for the TTV IV3 matter based upon a phone request from TTV. Therefore, BLF conferred a benefit upon TTV by TTV's explicit request.

260.     Allowing TTV to retain the benefit of BLF's legal services without restitution would be unjust.

261.     BLF expected to be paid for these services, as TTV explicitly requested the work.

262.     Therefore, BLF has satisfied the three elements for a quantum meruit claim under *Woodruff*.

263.     Under *Indiana Lumbermens*, this Court should award BLF damages in the amount of $869.40 for this claim, as that amount reflects the market value of the services rendered. TTV IV3 Invoice 2022-0825, Ex. 35; TTV IV3 Invoice 2022-0928, Ex. 36.


## COUNT XV:
### Breach of Contract Due to Nonpayment for Services Rendered in TTV Lawfare Research

264.     BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

265.     The TTV Lawfare Agreement is a valid, enforceable contract. BLF offered its legal services to TTV in exchange for TTV's payment of attorney fees and costs, which TTV accepted.

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                          40

TTV's promised payment serves as consideration because TTV accrued the benefit of legal services in exchange for the detriment of paying BLF's fees. The TTV Lawfare Agreement contained all the essential elements of the terms of this contract. The offer, acceptance, consideration, and the meeting of the minds between TTV and are demonstrated within the TTV Lawfare Agreement itself, which entered into via a phone call to BLF Senior Associate Attorney Melena Siebert from Catherine Engelbrecht, who was authorized under the laws of the State of Texas to enter into the TTV Lawfare Agreement.

266.    To date, TTV has not paid $3,964.20 to BLF, including unpaid charges of attorney fees, as well as costs and interest on past due amounts, under the terms of the TTV Lawfare Agreement. TTV Lawfare Research Invoice 2022-0928, Ex. 37.

267.    Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it breached the TTV Lawfare Agreement.

268.    BLF suffered damage totaling $3,964.20  as a direct result of TTV's breach.

269.    BLF suffered further damage of accrued interest on unpaid balances under the TTV Lawfare Agreement as a direct result of TTV's breach.

### COUNT XVI:
### Account Stated Claim in TTV Lawfare Research

270.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

271.     Pursuant to the terms of the TTV Lawfare Agreement, BLF billed TTV monthly for attorney fees and costs through a monthly invoice specifying the services rendered and their cost.

Beginning with the BLF invoice for services rendered in August 2022, amounts charged to TTV went unpaid and are currently unpaid. TTV Lawfare Research Invoice 2022-0928, Ex. 37.

272.    TTV did not object to the amount owed or services rendered on any of the BLF invoices, Exhibit 37, or to the correctness of the account balance.

273.    Therefore, as a matter of law, TTV has given BLF its implied agreement that the accounts charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance and accrued interest, BLF should be awarded damages in the amount of $3,964.20 on the account stated claim.

**COUNT XVII:**
**Quantum Meruit Claim for Services Rendered in TTV Lawfare Research**

274.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

275.    BLF provided legal services to TTV for the TTV Lawfare Research matter based upon a phone request from TTV. Therefore, BLF conferred a benefit upon TTV by TTV's explicit request.

276.    Allowing TTV to retain the benefit of BLF's legal services without restitution would be unjust.

277.    BLF expected to be paid for these services, as TTV explicitly requested the work.

278.    Therefore, BLF has satisfied the three elements for a quantum meruit claim under *Woodruff*.

279.    Under *Indiana Lumbermens*, this Court should award BLF damages in the amount of

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                                    42

$3,964.20  for this claim, as that amount reflects the market value of the services rendered. TTV Lawfare Research Invoice 2022-0928, Ex. 37.

## COUNT XVIII:
### Breach of Contract Due to Nonpayment for Services Rendered in TTV NC Amicus

280.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

281.    The TTV NC Amicus Agreement is a valid, enforceable contract. BLF offered its legal services to TTV in exchange for TTV's payment of attorney fees and costs, which TTV accepted. TTV's promised payment serves as consideration because TTV accrued the benefit of legal services in exchange for the detriment of paying BLF's fees. The TTV NC Amicus Agreement contained all the essential elements of the terms of this contract. The offer, acceptance, consideration, and the meeting of the minds between TTV and are demonstrated within the TTV NC Amicus Agreement itself, which entered into via a phone call to BLF owner James Bopp, Jr. from Catherine Engelbrecht, who was authorized under the laws of the State of Texas to enter into the TTV NC Amicus Agreement.

282.    To date, TTV has not paid $19,847.00 to BLF, including unpaid charges of attorney fees, as well as costs and interest on past due amounts, under the terms of the TTV NC Amicus Agreement. TTV NC Amicus Invoice 2020-1208, Ex. 38.

283.    Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it breached the TTV NC Amicus Agreement.

284.    BLF suffered damage totaling $19,847.00 as a direct result of TTV's breach.

**Ver. Compl. for
Damages and Relief
Quantum Meruit**                    43

285.    BLF suffered further damage of accrued interest on unpaid balances under the TTV NC Amicus Agreement as a direct result of TTV's breach.

## COUNT XIX:
## Account Stated Claim in TTV NC Amicus

286.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

287.     Pursuant to the terms of the TTV NC Amicus Agreement, BLF billed TTV monthly for attorney fees and costs through a monthly invoice specifying the services rendered and their cost. Beginning with the BLF invoice for services rendered in October 2020, amounts charged to TTV went unpaid and are currently unpaid. TTV NC Amicus Invoice 2020-1208, Ex. 38.

288.    TTV did not object to the amount owed or services rendered on any of the BLF invoices, Exhibit 38, or to the correctness of the account balance.

289.    Therefore, as a matter of law, TTV has given BLF its implied agreement that the accounts charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance and accrued interest, BLF should be awarded damages in the amount of $19,847.00 on the account stated claim.

## COUNT XX:
## Quantum Meruit Claim for Services Rendered in TTV NC Amicus

290.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

291.    BLF provided legal services to TTV for the TTV NC Amicus matter based upon a phone request from TTV. Therefore, BLF conferred a benefit upon TTV by TTV's explicit request.

292.    Allowing TTV to retain the benefit of BLF's legal services without restitution would be unjust.

293.    BLF expected to be paid for these services, as TTV explicitly requested the work.

294.    Therefore, BLF has satisfied the three elements for a quantum meruit claim under *Woodruff*.

295.    Under *Indiana Lumbermens*, this Court should award BLF damages in the amount of $19,847.00 for this claim, as that amount reflects the market value of the services rendered. TTV NC Amicus Invoice 2020-1208, Ex. 38.

## COUNT XXI:
### Breach of Contract Due to Nonpayment for Services Rendered in TTV NM Litigation

296.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

297.    The TTV NM Agreement is a valid, enforceable contract. BLF offered its legal services to TTV in exchange for TTV's payment of attorney fees and costs, which TTV accepted. TTV's promised payment serves as consideration because TTV accrued the benefit of legal services in exchange for the detriment of paying BLF's fees. The TTV NM Agreement contained all the essential elements of the terms of this contract. The offer, acceptance, consideration, and the meeting of the minds between TTV and BLF are demonstrated within the TTV NM Agreement itself, which was signed by representatives of TTV and BLF, who were authorized under the laws of their respective states to enter into the TTV NM Agreement.

298.    To date, TTV has not paid $23,403.00 to BLF, including unpaid charges of attorney fees,

as well as costs and interest on past due amounts, under the terms of the TTV NM Agreement. TTV NM Litigation Invoice 2020-0404, Ex. 39; TTV NM Litigation Invoice 2020-0617, Ex. 40.

299.    Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it breached the TTV NM Agreement.

300.    BLF suffered damage totaling $23,403.00 as a direct result of TTV's breach.

301.    BLF suffered further damage of accrued interest on unpaid balances under the TTV NM Agreement as a direct result of TTV's breach.

## COUNT XXII:
## Account Stated Claim in TTV NM Litigation

302.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

303.     Pursuant to the terms of the TTV NM Agreement, BLF billed TTV monthly for attorney fees and costs through a monthly invoice specifying the services rendered and their cost. Beginning with the BLF invoice for services rendered in March 2020, amounts charged to TTV went unpaid and are currently unpaid. TTV NM Litigation Invoice 2020-0404, Ex. 39; TTV NM Litigation Invoice 2020-0617, Ex. 40.

304.    TTV did not object to the amount owed or services rendered on any of the BLF invoices, Exhibits 39 - 40, or to the correctness of the account balance.

305.    Therefore, as a matter of law, TTV has given BLF its implied agreement that the accounts charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance and accrued interest, BLF should be awarded damages in the amount of $23,403.00 on the

account stated claim.

### COUNT XXIII:
### Breach of Contract Due to Nonpayment for Services Rendered in TTV NV State Litigation

306.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

307.    The Nevada State Case Agreement is a valid, enforceable contract. BLF offered its legal services to TTV in exchange for TTV's payment of attorney fees and costs, which TTV accepted. TTV's promised payment serves as consideration because TTV accrued the benefit of legal services in exchange for the detriment of paying BLF's fees. The Nevada State Case Agreement contained all the essential elements of the terms of this contract. The offer, acceptance, consideration, and the meeting of the minds between TTV and BLF are demonstrated within the Nevada State Case Agreement itself, which was signed by representatives of TTV and BLF, who were authorized under the laws of their respective states to enter into the Agreement.

308.    To date, TTV has not paid $39,916.68 to BLF, including unpaid charges of attorney fees, as well as costs and interest on past due amounts, under the terms of the Nevada State Case Agreement. TTV NV State Litigation Invoice 2020-0623, Ex. 41; TTV NV State Litigation Invoice 2020-0710, Ex. 42.

309.    Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it breached the Nevada State Case Agreement.

310.    BLF suffered damage totaling $39,916.68 as a direct result of TTV's breach.

311.    BLF suffered further damage of accrued interest on unpaid balances under the Nevada

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                                     47

State Case Agreement as a direct result of TTV's breach.

## COUNT XXIV:
### Account Stated Claim in TTV NV State Litigation

312.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

313.    Pursuant to the terms of the Nevada State Case Agreement, BLF billed TTV monthly for attorney fees and costs through a monthly invoice specifying the services rendered and their cost. Beginning with the BLF invoice for services rendered in April 2020, amounts charged to TTV went unpaid and are currently unpaid. TTV NV State Litigation Invoice 2020-0623, Ex. 41; TTV NV State Litigation Invoice 2020-0710, Ex. 42.

314.    TTV did not object to the amount owed or services rendered on any of the BLF invoices, Exhibits 41 - 42, or to the correctness of the account balance.

315.    Therefore, as a matter of law, TTV has given BLF its implied agreement that the accounts charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance and accrued interest, BLF should be awarded damages in the amount of $39,916.68 on the account stated claim.

## COUNT XXV:
### Breach of Contract Due to Nonpayment for Services Rendered in TTV NV Federal Litigation

316.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

317.    The Nevada Federal Case Agreement is a valid, enforceable contract. BLF offered its

**Ver. Compl. for
Damages and Relief
Quantum Meruit**                    48

legal services to TTV in exchange for TTV's payment of attorney fees and costs, which TTV

accepted. TTV's promised payment serves as consideration because TTV accrued the benefit of

legal services in exchange for the detriment of paying BLF's fees. The Nevada Federal Case

Agreement contained all the essential elements of the terms of this contract. The offer,

acceptance, consideration, and the meeting of the minds between TTV and BLF are demonstrated

within the Nevada Federal Case Agreement  itself, which was signed by representatives of TTV

and BLF, who were authorized under the laws of their respective states to enter into the Nevada

Federal Case Agreement.

318.    To date, TTV has not paid $139,466.50 to BLF, including unpaid charges of attorney

fees, as well as costs and interest on past due amounts, under the terms of the Nevada Federal

Case Agreement. TTV NV Federal Litigation Invoice 2020-0611 0617, Ex. 43; TTV NV Federal

Litigation Invoice 2020-0710, Ex. 44; TTV NV Federal Litigation Invoice 2020-0728, Ex. 45;

TTV NV Federal Litigation Invoice 2020-0831, Ex. 46; TTV NV Federal Litigation Invoice

2020-0908, Ex. 47; TTV NV Federal Litigation Invoice 2020-1103, Ex. 48.

319.    Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it

breached the Nevada Federal Case Agreement.

320.    BLF suffered damage totaling $139,466.50 as a direct result of TTV's breach.

321.    BLF suffered further damage of accrued interest on unpaid balances under the Nevada

Federal Case Agreement as a direct result of TTV's breach.

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    49

## COUNT XXVI:
### Account Stated Claim in TTV NV Federal Litigation

322.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

323.    Pursuant to the terms of the Nevada Federal Case Agreement, BLF billed TTV monthly for attorney fees and costs through a monthly invoice specifying the services rendered and their cost. Beginning with the BLF invoice for services rendered in June 2020, amounts charged to TTV went unpaid and are currently unpaid. TTV NV Federal Litigation Invoice 2020-0611 0617, Ex. 43; TTV NV Federal Litigation Invoice 2020-0710, Ex. 44; TTV NV Federal Litigation Invoice 2020-0728, Ex. 45; TTV NV Federal Litigation Invoice 2020-0831, Ex. 46; TTV NV Federal Litigation Invoice 2020-0908, Ex. 47; TTV NV Federal Litigation Invoice 2020-1103, Ex. 48.

324.    TTV did not object to the amount owed or services rendered on any of the BLF invoices, Exhibits 43 - 48, or to the correctness of the account balance.

325.    Therefore, as a matter of law, TTV has given BLF its implied agreement that the accounts charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance and accrued interest, BLF should be awarded damages in the amount of $139,466.50 on the account stated claim.

## COUNT XXVII:
### Breach of Contract Due to Nonpayment for Services Rendered in TTV Audits

326.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    50

327.    The TTV Audit Agreements are valid, enforceable contracts. BLF offered its legal services to TTV in exchange for TTV's payment of attorney fees and costs, which TTV accepted. TTV's promised payment serves as consideration because TTV accrued the benefit of legal services in exchange for the detriment of paying BLF's fees. The TTV Audit Agreements contained all the essential elements of the terms of this contract. The offer, acceptance, consideration, and the meeting of the minds between TTV and BLF are demonstrated within the TTV Audit Agreements themselves, which entered into via emails to  BLF Owner James Bopp, Jr. and BLF Senior Associate Attorney Jeffrey P. Gallant from Catherine Engelbrecht, who was authorized under the laws of the State of Texas to enter into the TTV Audit Agreements.

328.    To date, TTV has not paid $10,393.00 to BLF, including unpaid charges of attorney fees, as well as costs and interest on past due amounts, under the terms of the TTV Audit Agreements. TTV Audits Invoice 2022-0107, Ex. 49; TTV Audits Invoice 2022-0208, Ex. 50.

329.    Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it breached the TTV Audit Agreements.

330.    BLF suffered damage totaling $10,393.00 as a direct result of TTV's breach.

331.    BLF suffered further damage of accrued interest on unpaid balances under the TTV Audit Agreements as a direct result of TTV's breach.

**COUNT XXVIII:**
**Account Stated Claim in TTV Audits**

332.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                        51

333.     Pursuant to the terms of the TTV Audit Agreements, BLF billed TTV monthly for attorney fees and costs through a monthly invoice specifying the services rendered and their cost. Beginning with the BLF invoice for services rendered in January 2021, amounts charged to TTV went unpaid and are currently unpaid.  TTV Audits Invoice 2022-0107, Ex. 49; TTV Audits Invoice 2022-0208, Ex. 50.

334.     TTV did not object to the amount owed or services rendered on any of the BLF invoices, Exhibits 49 - 50, or to the correctness of the account balance.

335.     Therefore, as a matter of law, TTV has given BLF its implied agreement that the accounts charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance and accrued interest, BLF should be awarded damages in the amount of $10,393.00 on the account stated claim.

### COUNT XXIX:
### Quantum Meruit Claim for Services Rendered in TTV Audits

336.     BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

337.     BLF provided legal services to TTV for the TTV Audits matter based upon an email request from TTV. Therefore, BLF conferred a benefit upon TTV by TTV's explicit request.

338.     Allowing TTV to retain the benefit of BLF's legal services without restitution would be unjust.

339.     BLF expected to be paid for these services, as TTV explicitly requested the work.

340.     Therefore, BLF has satisfied the three elements for a quantum meruit claim under

*Woodruff*.

341.    Under *Indiana Lumbermens*, this Court should award BLF damages in the amount of $10,393.00 for this claim, as that amount reflects the market value of the services rendered.  TTV Audits Invoice 2022-0107, Ex. 49; TTV Audits Invoice 2022-0208, Ex. 50.

## COUNT XXX:
### Breach of Contract Due to Nonpayment for Services Rendered in TTV Ranked Choice Voting

342.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

343.    The TTV Ranked Choice Agreement is a valid, enforceable contract. BLF offered its legal services to TTV in exchange for TTV's payment of attorney fees and costs, which TTV accepted. TTV's promised payment serves as consideration because TTV accrued the benefit of legal services in exchange for the detriment of paying BLF's fees. The TTV Ranked Choice Agreement  contained all the essential elements of the terms of this contract. The offer, acceptance, consideration, and the meeting of the minds between TTV and BLF are demonstrated within the TTV Ranked Choice Agreement itself, which entered into via a phone call to BLF owner James Bopp, Jr. from Catherine Engelbrecht, who was authorized under the laws of the State of Texas to enter into the TTV Ranked Choice Agreement.

344.    To date, TTV has not paid $9,237.50 to BLF, including unpaid charges of attorney fees, as well as costs and interest on past due amounts, under the terms of the TTV Ranked Choice Agreement. TTV Ranked Choice Voting Invoice 2022-1123, Ex. 51.

345.    Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                        53

breached the TTV Ranked Choice Agreement.

346.    BLF suffered damage totaling $9,237.50  as a direct result of TTV's breach.

347.    BLF suffered further damage of accrued interest on unpaid balances under the TTV

Ranked Choice Agreement as a direct result of TTV's breach.

## COUNT XXXI:
### Account Stated Claim in TTV Ranked Choice Voting

348.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint

as though fully set forth herein.

349.     Pursuant to the terms of the TTV Ranked Choice Agreement, BLF billed TTV monthly

for attorney fees and costs through a monthly invoice specifying the services rendered and their

cost. Beginning with the BLF invoice for services rendered in September 2022, amounts charged

to TTV went unpaid and are currently unpaid. TTV Ranked Choice Voting Invoice 2022-1123,

Ex. 51.

350.    TTV did not object to the amount owed or services rendered on any of the BLF invoices,

Exhibit 51, or to the correctness of the account balance.

351.    Therefore, as a matter of law, TTV has given BLF its implied agreement that the accounts

charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance

and accrued interest, BLF should be awarded damages in the amount of $9,237.50 on the account

stated claim.

## COUNT XXXII:
### Quantum Meruit Claim for Services Rendered in TTV Ranked Choice Voting

352.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                      54

as though fully set forth herein.

353.    BLF provided legal services to TTV for the TTV Ranked Choice Voting matter based upon a phone request from TTV. Therefore, BLF conferred a benefit upon TTV by TTV's explicit request.

354.    Allowing TTV to retain the benefit of BLF's legal services without restitution would be unjust.

355.    BLF expected to be paid for these services, as TTV explicitly requested the work.

356.    Therefore, BLF has satisfied the three elements for a quantum meruit claim under *Woodruff*.

357.    Under *Indiana Lumbermens*, this Court should award BLF damages in the amount of $9,237.50 for this claim, as that amount reflects the market value of the services rendered. TTV Ranked Choice Voting Invoice 2022-1123, Ex. 51.

## COUNT XXXIII:
### Breach of Contract Due to Nonpayment for Services Rendered in TTV TX Litigation

358.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

359.    The TTV Texas Litigation Agreement is a valid, enforceable contract. BLF offered its legal services to TTV in exchange for TTV's payment of attorney fees and costs, which TTV accepted. TTV's promised payment serves as consideration because TTV accrued the benefit of legal services in exchange for the detriment of paying BLF's fees. The TTV Texas Litigation Agreement  contained all the essential elements of the terms of this contract. The offer,

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**               55

acceptance, consideration, and the meeting of the minds between TTV and BLF are demonstrated within the TTV Texas Litigation Agreement itself, which entered into via a phone call to BLF owner James Bopp, Jr. from Catherine Engelbrecht, who was authorized under the laws of the State of Texas to enter into the TTV Texas Litigation Agreement.

360.    To date, TTV has not paid $2,634.00 to BLF, including unpaid charges of attorney fees, as well as costs and interest on past due amounts, under the terms of the TTV Texas Litigation Agreement. TTV TX Litigation Invoice 2020-1210, Ex. 52.

361.    Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it breached the TTV Texas Litigation Agreement.

362.    BLF suffered damage totaling $2,634.00 as a direct result of TTV's breach.

363.    BLF suffered further damage of accrued interest on unpaid balances under the TTV Texas Litigation Agreement as a direct result of TTV's breach.

## COUNT XXXIV:
## Account Stated Claim in TTV TX Litigation

364.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

365.     Pursuant to the terms of the TTV Texas Litigation Agreement, BLF billed TTV monthly for attorney fees and costs through a monthly invoice specifying the services rendered and their cost. Beginning with the BLF invoice for services rendered in April 2020, amounts charged to TTV went unpaid and are currently unpaid. TTV TX Litigation Invoice 2020-1210, Ex. 52.

366.    TTV did not object to the amount owed or services rendered on any of the BLF invoices,

Exhibit 52, or to the correctness of the account balance.

367.    Therefore, as a matter of law, TTV has given BLF its implied agreement that the accounts charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance and accrued interest, BLF should be awarded damages in the amount of $2,634.00 on the account stated claim.

**COUNT XXXV:**
**Quantum Meruit Claim for Services Rendered in TTV TX Litigation**

368.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

369.    BLF provided legal services to TTV for the TTV TX Litigation matter based upon a phone request from TTV. Therefore, BLF conferred a benefit upon TTV by TTV's explicit request.

370.    Allowing TTV to retain the benefit of BLF's legal services without restitution would be unjust.

371.    BLF expected to be paid for these services, as TTV explicitly requested the work.

372.    Therefore, BLF has satisfied the three elements for a quantum meruit claim under *Woodruff*.

373.    Under *Indiana Lumbermens*, this Court should award BLF damages in the amount of $2,634.00 for this claim, as that amount reflects the market value of the services rendered. TTV TX Litigation Invoice 2020-1210, Ex. 52.

**COUNT XXXVI:**
**Breach of Contract Due to Nonpayment for Services Rendered in TTV VA Intervention**

374.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

375.    The TTV VA Intervention Agreement is a valid, enforceable contract. BLF offered its legal services to TTV in exchange for TTV's payment of attorney fees and costs, which TTV accepted. TTV's promised payment serves as consideration because TTV accrued the benefit of legal services in exchange for the detriment of paying BLF's fees. The TTV VA Intervention Agreement contained all the essential elements of the terms of this contract. The offer, acceptance, consideration, and the meeting of the minds between TTV and BLF are demonstrated within the TTV VA Intervention Agreement itself, which was signed by representatives of TTV and BLF, who were authorized under the laws of their respective states to enter into the TTV VA Intervention Agreement.

376.    To date, TTV has not paid $65,370.00 to BLF, including unpaid charges of attorney fees, as well as costs and interest on past due amounts, under the terms of the TTV VA Intervention Agreement. TTV VA Intervention Invoice 2020-0623, Ex. 53; TTV VA Intervention Invoice 2020-0710, Ex. 54; TTV VA Intervention Invoice 2020-1103, Ex. 55.

377.    Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it breached the TTV VA Intervention Agreement.

378.    BLF suffered damage totaling $65,370.00 as a direct result of TTV's breach.

379.    BLF suffered further damage of accrued interest on unpaid balances under the TTV VA

Intervention Agreement as a direct result of TTV's breach.

## COUNT XXXVII:
## Account Stated Claim in TTV VA Intervention

380.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

381.    Pursuant to the terms of the TTV VA Intervention Agreement, BLF billed TTV monthly for attorney fees and costs through a monthly invoice specifying the services rendered and their cost. Beginning with the BLF invoice for services rendered in April 2020, amounts charged to TTV went unpaid and are currently unpaid. TTV VA Intervention Invoice 2020-0623, Ex. 53; TTV VA Intervention Invoice 2020-0710, Ex. 54; TTV VA Intervention Invoice 2020-1103, Ex. 55.

382.    TTV did not object to the amount owed or services rendered on any of the BLF invoices, Exhibits 53 - 55, or to the correctness of the account balance.

383.    Therefore, as a matter of law, TTV has given BLF its implied agreement that the accounts charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance and accrued interest, BLF should be awarded damages in the amount of $65,370.00 on the account stated claim.

## COUNT XXXVIII:
## Breach of Contract Due to Nonpayment for Services Rendered in TTV FEC Complaint

384.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

385.    The TTV FEC Complaint Agreement is a valid, enforceable contract. BLF offered its

legal services to TTV in exchange for TTV's payment of attorney fees and costs, which TTV accepted. TTV's promised payment serves as consideration because TTV accrued the benefit of legal services in exchange for the detriment of paying BLF's fees. The TTV FEC Complaint Agreement contained all the essential elements of the terms of this contract. The offer, acceptance, consideration, and the meeting of the minds between TTV and BLF are demonstrated within the TTV FEC Complaint Agreement itself, which was signed by representatives of TTV and BLF, who were authorized under the laws of their respective states to enter into the Agreement.

386.    To date, TTV has not paid $826.50 to BLF, including unpaid charges of attorney fees, as well as costs and interest on past due amounts, under the terms of the TTV FEC Complaint Agreement. TTV FEC Complaint Invoice 2022-0527, Ex. 56; TTV FEC Complaint Invoice 2022-0928, Ex. 57; TTV FEC Complaint Invoice 2022-1020, Ex. 58; TTV FEC Complaint Invoice 2022-1123, Ex. 59.

387.    Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it breached the TTV FEC Complaint Agreement.

388.    BLF suffered damage totaling $826.50 as a direct result of TTV's breach.

389.    BLF suffered further damage of accrued interest on unpaid balances under the TTV FEC Complaint Agreement as a direct result of TTV's breach.

### COUNT XXXIX:
### Account Stated Claim in TTV FEC Complaint

390.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint

as though fully set forth herein.

391.     Pursuant to the terms of the TTV FEC Complaint Agreement, BLF billed TTV monthly for attorney fees and costs through a monthly invoice specifying the services rendered and their cost. Beginning with the BLF invoice for services rendered in April 2022, amounts charged to TTV went unpaid and are currently unpaid. TTV FEC Complaint Invoice 2022-0527, Ex. 56; TTV FEC Complaint Invoice 2022-0928, Ex. 57; TTV FEC Complaint Invoice 2022-1020, Ex. 58; TTV FEC Complaint Invoice 2022-1123, Ex. 59.

392.     TTV did not object to the amount owed or services rendered on any of the BLF invoices, Exhibits 56 - 59, or to the correctness of the account balance.

393.     Therefore, as a matter of law, TTV has given BLF its implied agreement that the accounts charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance and accrued interest, BLF should be awarded damages in the amount of $826.50 on the account stated claim.

## COUNT XL:
## Quantum Meruit Claim for Services Rendered in TTV FEC Complaint

394.     BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

395.     BLF provided legal services to TTV for the TTV FEC Complaint matter based upon an email request from TTV, and by TTV's designation of counsel in the matter. Therefore, BLF conferred a benefit upon TTV by TTV's explicit request.

396.     Allowing TTV to retain the benefit of BLF's legal services without restitution would be

unjust.

397.    BLF expected to be paid for these services, as TTV explicitly requested the work.

398.    Therefore, BLF has satisfied the three elements for a quantum meruit claim under

*Woodruff*.

399.    Under *Indiana Lumbermens*, this Court should award BLF damages in the amount of

$826.50 for this claim, as that amount reflects the market value of the services rendered. TTV

FEC Complaint Invoice 2022-0527, Ex. 56; TTV FEC Complaint Invoice 2022-0928, Ex. 57;

TTV FEC Complaint Invoice 2022-1020, Ex. 58; TTV FEC Complaint Invoice 2022-1123, Ex.

59.


## COUNT XLI:
### Breach of Contract Due to Nonpayment for Services Rendered in TTV VA Federal Case

400.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint

as though fully set forth herein.

401.    The TTV VA Federal Agreement is a valid, enforceable contract. BLF offered its legal

services to TTV in exchange for TTV's payment of attorney fees and costs, which TTV accepted.

TTV's promised payment serves as consideration because TTV accrued the benefit of legal

services in exchange for the detriment of paying BLF's fees. The TTV VA Federal Agreement

contained all the essential elements of the terms of this contract. The offer, acceptance,

consideration, and the meeting of the minds between TTV and BLF are demonstrated within the

TTV VA Federal Agreement itself, which was signed by representatives of TTV and BLF, who

were authorized under the laws of their respective states to enter into the TTV VA Federal

Agreement.

402.     To date, TTV has not paid $87,555.50 to BLF, including unpaid charges of attorney fees, as well as costs and interest on past due amounts, under the terms of the TTV VA Federal Agreement. TTV VA Federal Case Invoice 2020-0710, Ex. 60; TTV VA Federal Case Invoice 2020-0728, Ex. 61.

403.     Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it breached the Agreement.

404.     BLF suffered damage totaling $87,555.50 as a direct result of TTV's breach.

405.     BLF suffered further damage of accrued interest on unpaid balances under the TTV VA Federal Agreement as a direct result of TTV's breach.

### COUNT XLII:
### Account Stated Claim in TTV VA Federal Case

406.     BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

407.      Pursuant to the terms of the TTV VA Federal Agreement, BLF billed TTV monthly for attorney fees and costs through a monthly invoice specifying the services rendered and their cost. Beginning with the BLF invoice for services rendered in May 2020, amounts charged to TTV went unpaid and are currently unpaid. TTV VA Federal Case Invoice 2020-0710, Ex. 60; TTV VA Federal Case Invoice 2020-0728, Ex. 61.

408.     TTV did not object to the amount owed or services rendered on any of the BLF invoices, Exhibits 60 - 61, or to the correctness of the account balance.

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                           63

409.    Therefore, as a matter of law, TTV has given BLF its implied agreement that the accounts charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance and accrued interest, BLF should be awarded damages in the amount of $87,555.50 on the account stated claim.

## COUNT XLIII:
### Breach of Contract Due to Nonpayment for Services Rendered in TTV IRS Case

410.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

411.    The TTV IRS Agreement is a valid, enforceable contract. BLF offered its legal services to TTV in exchange for TTV's payment of attorney fees and costs, which TTV accepted. TTV's promised payment serves as consideration because TTV accrued the benefit of legal services in exchange for the detriment of paying BLF's fees. The TTV IRS Agreement contained all the essential elements of the terms of this contract. The offer, acceptance, consideration, and the meeting of the minds between TTV and BLF are demonstrated within the TTV IRS Agreement itself, which was signed by representatives of TTV and BLF, who were authorized under the laws of their respective states to enter into the TTV IRS Agreement.

412.    To date, TTV has not paid $505,003.38 to BLF, including unpaid charges of attorney fees, as well as costs and interest on past due amounts, under the terms of the TTV IRS Agreement. TTV IRS Invoice 2017-0316, Ex. 62; TTV IRS Invoice 2017-0418, Ex. 63; TTV IRS Invoice 2017-0518, Ex. 64; TTV IRS Invoice 2017-0623, Ex. 65; TTV IRS Invoice 2017-0721, Ex. 66; TTV IRS Invoice 2017-0821, Ex. 67; TTV IRS Invoice 2017-0925, Ex. 68; TTV

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**          64

IRS Invoice 2017-1026, Ex. 69; TTV IRS Invoice 2017-1122, Ex. 70; TTV IRS Invoice 2017-1221, Ex. 71; TTV IRS Invoice 2018-0119, Ex. 72; TTV IRS Invoice 2018-0222, Ex. 73; TTV IRS Invoice 2018-0328, Ex. 74; TTV IRS Invoice 2018-0502, Ex. 75; TTV IRS Invoice 2018-0522, Ex. 76; TTV IRS Invoice 2018-0621, Ex. 77; TTV IRS Invoice 2018-0920, Ex. 78; TTV IRS Invoice 2019-0227, Ex. 79; TTV IRS Invoice 2019-0322, Ex. 80; TTV IRS Invoice 2019-0501, Ex. 81; TTV IRS Invoice 2023-0208, Ex. 82.

413.    Because TTV has not paid BLF for the attorney fees, costs, expenses and interest due, it breached the TTV IRS Agreement.

414.    BLF suffered damage totaling $505,003.38 as a direct result of TTV's breach.

415.    BLF suffered further damage of accrued interest on unpaid balances under the TTV IRS Agreement as a direct result of TTV's breach.

## COUNT XLIV:
### Account Stated Claim in TTV IRS Case

416.    BLF re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

417.     Pursuant to the terms of the TTV IRS Agreement, BLF billed TTV monthly for attorney fees and costs through a monthly invoice specifying the services rendered and their cost. Beginning with the BLF invoice for services rendered in March 2017, amounts charged to TTV went unpaid and are currently unpaid. TTV IRS Invoice 2017-0316, Ex. 62; TTV IRS Invoice 2017-0418, Ex. 63; TTV IRS Invoice 2017-0518, Ex. 64; TTV IRS Invoice 2017-0623, Ex. 65; TTV IRS Invoice 2017-0721, Ex. 66; TTV IRS Invoice 2017-0821, Ex. 67; TTV IRS Invoice

2017-0925, Ex. 68; TTV IRS Invoice 2017-1026, Ex. 69; TTV IRS Invoice 2017-1122, Ex. 70;

TTV IRS Invoice 2017-1221, Ex. 71; TTV IRS Invoice 2018-0119, Ex. 72; TTV IRS Invoice

2018-0222, Ex. 73; TTV IRS Invoice 2018-0328, Ex. 74; TTV IRS Invoice 2018-0502, Ex. 75;

TTV IRS Invoice 2018-0522, Ex. 76; TTV IRS Invoice 2018-0621, Ex. 77; TTV IRS Invoice

2018-0920, Ex. 78; TTV IRS Invoice 2019-0227, Ex. 79; TTV IRS Invoice 2019-0322, Ex. 80;

TTV IRS Invoice 2019-0501, Ex. 81; TTV IRS Invoice 2023-0208, Ex. 82.

418.    TTV did not object to the amount owed or services rendered on any of the BLF invoices,

Exhibits 62 - 82, or to the correctness of the account balance.

419.    Therefore, as a matter of law, TTV has given BLF its implied agreement that the accounts

charged, but unpaid, on the BLF invoices are correct. Since TTV has failed to pay this balance

and accrued interest, BLF should be awarded damages in the amount of $505,003.38 on the

account stated claim.

**Claim Totals**

420.    The total of Claims I - XLIV is $971,577.26. Claim Total Summary, Ex. 83.

## Prayer for Relief

**WHEREFORE**, Plaintiff prays for the relief set forth below:

1. Award compensatory damages to BLF for the unpaid legal fees and costs in the amount

of $971,577.26;

2. Award compensatory damages to BLF for accrued interest, in an amount to be

calculated before judgment is issued;

3. Award pre-judgment interest on any compensatory damage awarded to BLF against

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                    66

TTV.

4. Award all attorneys' fees, costs, and expenses to BLF for prosecuting this action; and

5. Grant any other relief this Court deems appropriate.


Date: March 16, 2023                          Respectfully submitted,
                                              /s/ James Bopp, Jr.
                                              James Bopp, Jr. IN No. 2838-84
                                              jboppjr@aol.com
                                              *Lead Counsel for Plaintiff*
                                              Melena S. Siebert IN No. 35061-15
                                              msiebert@bopplaw.com
                                              *Counsel for Plaintiff*
                                              THE BOPP LAW FIRM, PC
                                              The National Building
                                              1 South Sixth Street
                                              Terre Haute, IN 47807-3510
                                              (812) 232-2434 - Telephone
                                              (812) 235-3685 - Facsimile


**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                 67

**Verification**

I, James Bopp, Jr., declare as follows:

1.      I am a resident of Indiana.

2.      If called upon to testify, I would testify competently as to the matters set forth in the

foregoing *Verified Complaint for Compensatory Damages*.

3.      I verify under penalty of perjury under the laws of the United States of America that the

factual statements in this *Verified Complaint for Compensatory Damages* are true and

correct to the best of my knowledge and understanding. 28 U.S.C. § 1746.


Executed on March 15, 2023.


_____

James Bopp, Jr.

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                68

## Certificate of Service

I hereby certify that on March 16, 2023, I caused the foregoing and all exhibits and attachments thereto in the above-captioned matter to be filed with the United States District Court for the Southern District of Indiana, Terre Haute Division, using the Court's CM/ECF system. I also hereby certify that I caused the foregoing and all exhibits and attachments thereto in the above-captioned matter to be served, by FedEx and email, with the appropriate Waiver of the Service of Summons forms upon:

Mr. Phillip Jauregui
Jauregui Law Firm
2700 Corporate Dr., Ste. 200
Birmingham, AL 35242

and

Registered Agents, Inc.
6900 Balcones Dr., Ste. 100
Austin, TX 78731


/s/ James Bopp, Jr.
James Bopp, Jr.
Lead Counsel for Plaintiff

**Ver. Compl. for**
**Damages and Relief**
**Quantum Meruit**                           69