# Exhibit 20
# TTV FEC Complaint Agreement

# AGREEMENT FOR LEGAL SERVICES

THIS AGREEMENT is made and entered into by and between True the Vote, Inc. and Catherine Engelbrecht ("TTV" or "Client") and The Bopp Law Firm, P.C. (hereinafter "The Firm") (the "Parties"). This agreement supersedes any and all previously executed agreements between TTV and The Firm with respect to the services contemplated herein.

WHEREAS, TTV desires to retain The Firm to represent it in defending against a complaint filed with the Federal Election Commission ("FEC Complaint) specifically denominated as Matter Under Review ("MUR") 7894.

THE PARTIES AGREE as follows:

Section 1 <u>Payment for legal services</u>. TTV agrees to pay all attorney fees, costs, and expenses arising out of the Firm's provision of legal services in defending against the FEC Complaint denominated as MUR 7894.

Section 2 <u>Retainer to be charged</u>. On December 27, 2020, TTV agreed to pay a retainer of $500,000 for legal services ("Second Retainer") in a law suit challenging TTV's Validate the Vote project in Georgia, *Fair Fight v. TTV* ("*Fair Fight* Case"). TTV agrees that the Firm may also charge against the Second Retainer any fees earned and costs and expenses incurred in defending against the FEC Complaint denominated as MUR 7894. Fees, costs and expenses shall be due and payable on the date of the invoice and shall be credited against the Second Retainer on that date. If the Second Retainer is exhausted in the performance of all legal services contemplated to be paid from the Second Retainer, the amount of fees, costs and expenses that exceed that provided in the Second Retainer shall be due and payable by TTV on the date of the invoice. If TTV has a deposit balance from the Second Retainer at the conclusion of all legal services contemplated to be paid from the Second Retainer and if payment for all such legal services have been made, this balance shall be refunded to TTV.

Section 3 <u>Hourly Rates</u>. TTV will pay the following hourly rates for attorneys: $850/hour for James Bopp, Jr., $700/hour for Richard E. Coleson, $540/hour for Jeffrey P. Gallant, $365/hour for Courtney Milbank and for Joseph Maughon, and $322/hour for Melena Siebert. Other attorneys may assist at The Firm's discretion at their corresponding hourly rates charged by The Firm. Hourly rates for attorneys undergo periodic review and may increase during the term of this Agreement upon notice to TTV.

Section 4 <u>Costs and Expenses</u> TTV is responsible for all reasonable costs and expenses, which are in addition to the hourly charges for legal services. Costs and expenses include, but are not limited to, court charges, copies, postage, telephone,

fax, travel, parking, special materials, exhibits, photographs, investigators, experts, computer assisted legal research and all other disbursements, costs, or expenses attributable to said legal services. TTV agrees to pay for computer assisted legal research at $3.00 per minute. TTV agrees to pay for copies and facsimiles (incoming or outgoing) at the rate of $.25 per page for 1-25 total pages, $.15 per page for 26-100 total pages, and $.10 per page for more than 100 total pages. Total pages are those copied or facsimiled during a copying or facsimiling event.

Section 5 <u>Invoices</u>. The Firm shall invoice TTV monthly for any fees, costs or expenses incurred under this Agreement. All invoices are due and payable within 30 days of receipt. Each invoice shall constitute an account stated and objections must be made in a reasonable time. Interest accruing at 1.5% per month will be applied to past due accounts until paid. TTV agrees to pay all attorney fees, costs and expenses of collecting TTV's account if legal action is taken to collect fees, costs and expenses due The Firm.

Section 6 <u>Client's Cooperation</u>. By this Agreement, Client agrees to cooperate with the Firm and provide all information known to Client or available to Client, which in the opinion of the Firm would aid in its representation of Client in this matter. Client further agrees to notify the Firm immediately of any change in Client's address or contact information, to review all documentation sent to Client by the Firm, and to promptly and thoroughly participate in the preparation and/or production of any documents that we request of Client.

Section 7 <u>Termination</u> The Firm will be obligated to honor any instructions of TTV requesting termination of the Firm's provision of legal services in defending against the FEC Complaint denominated as MUR 7894 only if such instructions are delivered to The Firm in writing bearing the TTV's personal signature. If TTV elects to terminate The Firm's representation, TTV is responsible for all fees, costs, and expenses incurred pursuant to this Agreement. Should The Firm be required to perform any services or functions after receipt of such instructions, TTV is responsible for any fees, cost, and expenses for these services.

Section 8 <u>Withdrawal by the Firm</u>. The Firm also may withdraw from the representation of TTV, upon TTV's failure to make payments in accordance with this Agreement, failure to cooperate with the agreed provisions of representation, or failure to follow the advice of the Firm, or under any circumstances permitted by or required by the Indiana Rules of Professional Conduct. Any termination of The Firm's representation would be subject to the approval of the tribunal and will only be done after reasonable notice has been provided.

Section 9 <u>File Retention and Destruction</u> At the conclusion of the matter addressed in this Agreement, documents and property that Client has provided to us will, at Client's request, be returned to Client. The Firm shall retain Client's legal files for an indefinite period. At any time after five years have elapsed since the conclusion of the matter, after ten business days of notifying Client in writing, which includes by electronic mail sent to Client's last known electronic mail addresses, The Firm may destroy these files unless Client notifies The Firm in writing that it wishes to take possession of them. The Firm reserves the right to charge administrative fees and costs associated with researching, retrieving, copying, and delivering such files.

Section 10 <u>Disputes</u>. This Agreement shall be governed by Indiana law and courts in the State of Indiana. Any dispute arising under or in connection with the Agreement or related to any matter which is the subject of this Agreement shall be resolved on the basis of Indiana law without giving effect to Indiana's conflict of law principles and brought in a court located in Indiana.

The undersigned persons represent that they are duly authorized to sign this Agreement and hereby agree to the terms and conditions of legal employment, as specified above.

This agreement may be signed in any number of counterparts. Each counterpart is an original and together, all of the counterparts form a single document. Signatures delivered by email in PDF format shall be effective.

_____, for TTV            _____
Catherine Engelbrecht, President,            Date
True the Vote, Inc.


_____, for the Firm            _____
James Bopp, Jr.            Date
The Bopp Law Firm, P.C.
Terre Haute, Indiana