UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| **The Bopp Law Firm, PC**, an Indiana professional corporation<br><br>*Plaintiff*,<br><br>    *v.*<br><br>**True the Vote, Inc.**, a Texas Corporation,<br><br>*Defendant.* | **Civil Case No. 2:23-cv-120** |

# DEFENDANT AND COUNTER-PLAINTIFF TRUE THE VOTE'S ANSWER, COUNTERCLAIM, AND AFFIRMATIVE DEFENSES

Defendant and Counter-Plaintiff True the Vote, Inc. submits the following answer, affirmative defenses, and counterclaims, stating as follows:

## Introduction

1.      Paragraph 1 states Plaintiff's understanding of the Complaint, which is a document that speaks for itself, and requires no response.

## Jurisdiction and Venue

2.      Paragraph 2 states Plaintiff's understanding of the Complaint, which is a document that speaks for itself, and requires no response.

3.      Paragraph 3 states legal conclusions to which no response is required.

**Amount in Controversy**

4.      Paragraph 4 states legal conclusions to which no response is required.

5.      Defendant lacks sufficient information to respond to Paragraph 5 but denies the balances allegedly due or that such sums are due.

6.      Defendant lacks sufficient information to respond to the first sentence of Paragraph but denies the balances alleged to be due. The first and second paragraphs contain legal conclusions to which no response is required.

7.      Paragraph 7 is denied.

8.      Paragraph 8 is denied.

**Diversity of Citizenship**

9.      Paragraph 9 states legal conclusions to which no response is required.

10.      Defendant lacks sufficient information to confirm or deny Paragraph 10, which also includes legal conclusions that require no response.

11.      TTV admits it is incorporated in Texas and is a citizen of Texas under 28 U.S.C. § 1332(c)(1).

12.      TTV admits Paragraph 12.

**Jurisdictional Assertion**

13.      Paragraph 13 states a legal conclusion to which no response is required.

**Personal Jurisdiction**

14.       Paragraph 14 states a legal conclusion to which no response is required.

**Venue**

15.      Paragraph 15 states a legal conclusion to which no response is required.

## Parties

16.      TTV lacks sufficient information to respond to Paragraph 16.

17.      TTV admits it is a Texas corporation but denies the address listed in Paragraph 17 is current and accurate.

## Facts

18.      TTV admits Paragraph 18.

19.      Paragraph 19 contains notes on the organization of the Complaint that require no response.

### Fair Fight Case

20.      TTV admits the first sentence of Paragraph 20. The remainder of the Paragraph refers to documents that speak for themselves.21. TTV lacks information sufficient to respond to Paragraph 21, and in any event, it refers to a document that speaks for itself.

22.      TTV admits Paragraph 22.

23.      Paragraph 23 refers to documents that speak for themselves.

24.      Paragraph 24 refers to documents that speak for themselves.

25.      Paragraph 25 refers to documents that speak for themselves.

26.      Paragraph 26 refers to documents that speak for themselves.

27.      Paragraph 27 refers to documents that speak for themselves, though TTV denies the allegation that interest as stated properly accrued on improper or unnecessary charges that cannot be adequately documents.

28.      Paragraph 28 refers to documents that speak for themselves.

29.      Paragraph 29 refers to documents that speak for themselves.

**TTV Arizona**

30.     TTV admits to the first section of Paragraph 30 to the extent it recites that TTV would on occasion communicate with BLF by way of email. The second section of Paragraph 30 refers to documents that speak for themselves.

31.     TTV admits Paragraph 31 to the extent it alleges that BLF often performed work for TTV but denies that all services were adequate and that all is properly compensable.

32.     TTV admits Paragraph 32 to the extent it alleges BLF charged it on occasion.

33.     TTV admits Paragraph 33 to the extent it alleges TTV agreed to pay costs and expenses on occasion.

34.     Paragraph 34 refers to documents that speak for themselves and states conclusions of law to which no response is required.

35.     Paragraph 35 refers to documents that speak for themselves and states conclusions of law to which no response is required.

36.     Paragraph 36 refers to documents that speak for themselves and states conclusions of law to which no response is required.

**Validate GA**

37.     TTV admits that BLF often performed work for TTV as alleged in Paragraph 37 but denies any allegation of wrongdoing.

37.     TTV admits that BLF often performed work for TTV per Paragraph 38 but denies any allegation of wrongdoing.

38.     TTV admits Paragraph 39 to the extent it alleges BLF charged TTV.

40.     Paragraph 40 is vague and ambiguous and therefore denied.

41.     Paragraph 41 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

42.     Paragraph 42 refers to documents that speak for themselves, and states legal conclusions to which no response is required. TTV denies all alleged interest is lawfully due.

43.     Paragraph 43 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

44.     Paragraph 44 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

**TTV Harris County**

45.     Paragraph 45 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

46.     TTV lacks information sufficient to respond to Paragraph 46.

47.     TTV admits the first sentence of Paragraph 47. The second states legal conclusions to which no response is required and references a document that speaks for itself.

48.     Paragraph 48 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

49.     Paragraph 49 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

50.     Paragraph 50 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

51.     Paragraph 51 refers to documents that speak for themselves, and states legal conclusions to

which no response is required.

52.     Paragraph 52 refers to documents that speak for themselves, and states legal conclusions to which no response is required. TTV denies throughout that all interest alleged properly accrued.

53.     Paragraph 53 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

54.     Paragraph 54 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

55.     TTV denies Paragraph 55.

## TTV IV3

56.     TTV admits Paragraph 56 to the extent that BLF communicated with TTV regularly or sufficiently regarding legal matters.

57.     TTV admits that BLF often performed work for TTV per Paragraph 57.

58.     TTV admits Paragraph 57 to the extent it alleges BLF often charged TTV for work.

59.     Paragraph 59 is vague and ambiguous and therefore denied.

60.     Paragraph 60 refers to a document that speaks for itself and includes legal conclusions to which no response is required.

61.     Paragraph 61 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

62.     Paragraph 62 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

63.     Paragraph 63 refers to a document that speaks for itself and draws legal conclusions to

6

which no response is required.

**TTV Lawfare Research**

64.     TTV lacks sufficient information to admit or deny Paragraph 64 but admits that BLF regularly provided legal services to TTV.

65.     TTV admits Paragraph 65 to the extent it alleges BLF performed work for it.

66.     Paragraph 66 is vague and ambiguous and therefore denied.

67.     Paragraph 67 is vague and ambiguous and therefore denied.

68.     Paragraph 68 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

69.     Paragraph 69 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

70.     Paragraph 70 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

71.     Paragraph 71 refers to a document that speaks for itself and includes legal conclusions to which no response is required.

**TTV NC Amicus**

72.     TTV lacks sufficient information to admit or deny Paragraph 72 but admits that BLF regularly provided legal services to TTV.

73.     Paragraph 73 is vague and ambiguous and therefore denied.

74.     Paragraph 74 is vague and ambiguous and therefore denied.

75.     Paragraph 75 is vague and ambiguous and therefore denied.

76.      Paragraph 76 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

77.      Paragraph 77 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

78.      Paragraph 78 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

79.      Paragraph 79 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

**TTV NM Litigation**

80.      Paragraph 80 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

81.      TTV lacks sufficient information to respond to the first sentence of Paragraph 81.  The second sentence of Paragraph 81 refers to a document that speaks for itself.

82.      TTV admits to the first sentence of Paragraph 82.  The second sentence of Paragraph 82 refers to a document that speaks for itself.

83.      Paragraph 83 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

84.      Paragraph 84 refers to a document that speaks for itself and includes legal conclusions to which no response is required.

85.      Paragraph 85 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

86.      Paragraph 86 refers to a document that speaks for itself and draws legal conclusions to

which no response is required.

87.     Paragraph 87 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

88.     Paragraph 88 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

89.     Paragraph 89 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

**TTV NV State Litigation**

90.     Paragraph 90 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

91.     TTV lacks sufficient information to respond to Paragraph 91.

92.     TTV admits to Paragraph 92.

93.     Paragraph 93 refers to a document that speaks for itself and includes legal conclusions to which no response is required.

94.     Paragraph 94 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

95.     Paragraph 95 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

96.     Paragraph 96 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

97.     Paragraph 97 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

98.     Paragraph 98 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

99.     Paragraph 99 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

100.    Paragraph 100 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

**TTV NV Federal Litigation**

101.    Paragraph 101 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

102.    TTV lacks sufficient information to admit or deny the first sentence of Paragraph 102, and the second sentence of Paragraph 102 refers to a document that speaks for itself.

103.    TTV admits to the first sentence of Paragraph 103, and the second sentence of Paragraph 103 refers to a document that speaks for itself.

104.    Paragraph 104 refers to a document that speaks for itself and makes legal conclusions to which no response is required.

105.    Paragraph 105 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

106.    Paragraph 106 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

107.    Paragraph 107 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

108.    Paragraph 108 refers to a document that speaks for itself and draws legal

10

conclusions to which no response is required.

109.     Paragraph 109 refers to a document that speaks for itself and makes legal conclusions to which no response is required.

110.     Paragraph 110 refers to a document that speaks for itself and makes legal conclusions to which no response is required.

**TTV Audits**

111.     TTV admits Paragraph 111 to the extent that it alleges TTV was conducting an audit. The remainder of Paragraph 111 refers to documents that speak for themselves and draw legal conclusions to which no response is required.

112.     TTV admits to Paragraph 112 to the extent that it alleges TTV was conducting an audit. TTV lacks sufficient information regarding the alleged phone call with auditors, and the remainder of Paragraph 112 refers to documents that speak for themselves.

113.     TTV lacks sufficient information about the unidentified accountant to admit or deny the first sentence of Paragraph 113. The remainder of Paragraph 113 refers to documents that speak for themselves.

114.     The first apparent sentence Paragraph 114 (ending "October 2022") refers to a document that speaks for itself. The second apparent sentence (beginning "Collectively") refers to Plaintiff's organization of the Complaint, which requires no response.

115.     Paragraph 115 is vague and ambiguous and therefore denied.

116.     Paragraph 116 is vague and ambiguous and therefore denied.

117.     Paragraph 117 is vague and ambiguous and therefore denied.

118.     Paragraph 118 refers to documents that speak for themselves and make legal conclusions to which no response is required.

119.     Paragraph 119 refers to documents that speak for themselves and make legal conclusions to which no response is required

120.     Paragraph 120 refers to documents that speak for themselves and make legal conclusions to which no response is required

121.     Paragraph 121 refers to documents that speak for themselves and draws legal conclusions to which no response is required.

**TTV Ranked Choice Voting**

122.     In response to Paragraph 122, TTV admits that it regularly communicated with BLF regarding legal matters.

123.     Paragraph 123 is vague and ambiguous and therefore denied.

124.     Paragraph 124 is vague and ambiguous and therefore denied.

125.     Paragraph 125 is vague and ambiguous and therefore denied.

126.     Paragraph 126 refers to documents that speak for themselves and make legal conclusions to which no response is required.

127.     Paragraph 127 refers to documents that speak for themselves and make legal conclusions to which no response is required

128.     Paragraph 128 refers to documents that speak for themselves and draws legal conclusions to which no response is required.

129.     Paragraph 129 refers to documents that speak for themselves and make legal

conclusions to which no response is required.

## **TTV TX Litigation**

130.    TTV admits Paragraph 130 to the extent that TTV communicated with BLF regarding legal matters but denies that BLF kept it sufficiently apprised of the status of those matters.

131.    Paragraph 131 is vague and ambiguous and therefore denied.

132.    Paragraph 132 is vague and ambiguous and therefore denied.

133.    Paragraph 133 is vague and ambiguous and therefore denied.

134.    Paragraph 134 refers to documents that speak for themselves and draws legal conclusions to which no response is required.

135.    Paragraph 135 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

136.    Paragraph 136 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

137.    Paragraph 137 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

138.    TTV lacks sufficient information to admit or deny the first sentence of Paragraph 138, with regard to the research.  TTV denies the second sentence of Paragraph 138.

**TTV VA Intervention**

139.     Paragraph 139 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

140.     TTV lacks sufficient information to admit or deny Paragraph 140.

141.     TTV admits to the first sentence of Paragraph 141.  The second sentence of Paragraph 141 refers to documents that speak for themselves to which no response is required.

142.     Paragraph 142 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

143.     Paragraph 143 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

144.     Paragraph 144 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

145.     Paragraph 145 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

146.     Paragraph 146 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

147.     Paragraph 147 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

148.     Paragraph 148 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

**TTV FEC Complaint**

149.     Paragraph 149 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

150.     TTV lacks sufficient information to admit or deny Paragraph 150.

151.     TTV admits the first sentence of Paragraph 151. The second sentence of Paragraph 151 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

152.     Paragraph 152 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

153.     Paragraph 153 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

154.     Paragraph 154 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

155.     Paragraph 155 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

156.     Paragraph 156 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

157.     Paragraph 157 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

158.     Paragraph 158 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

**TTV VA Federal Case**

159.     Paragraph 159 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

160.     TTV lacks sufficient information to admit or deny Paragraph 160.

161.     TTV admits the first sentence of Paragraph 161.  The second sentence of Paragraph 161 refers to documents that speak for themselves and no response is required.

162.     Paragraph 162 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

163.     Paragraph 163 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

164.     Paragraph 164 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

165.     Paragraph 165 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

166.     Paragraph 166 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

167.     Paragraph 167 refers to documents that speak for themselves and makes legal conclusions to which no response is required. 168.   Paragraph 168 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

**TTV IRS Case**

169.     Paragraph 169 refers to documents that speak for themselves and makes legal

conclusions to which no response is required.

170.    TTV lacks sufficient information to admit or deny Paragraph 170.

171.    TTV admits the first sentence of Paragraph 171.  The second sentence of Paragraph 171 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

172.    Paragraph 172 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

173.    Paragraph 173 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

174.    Paragraph 174 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

175.    Paragraph 175 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

176.    Paragraph 176 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

177.    Paragraph 177 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

178.    Paragraph 178 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

**Breach of Contract Generally**

179.    Paragraph 179 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

180.     Paragraph 180 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

181.     Paragraph 181 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

182.     Paragraph 182 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

**Account Stated Generally**

183.     Paragraph 183 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

184.     Paragraph 184 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

185.     Paragraph 185 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

186.     Paragraph 186 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

**Quantum Meruit Generally**

187.     Paragraph 187 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

188.     Paragraph 188 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

189.     Paragraph 189 refers to documents that speak for themselves and makes legal

conclusions to which no response is required.

## COUNT I:

### Breach of Contract Due to Nonpayment for Services Rendered in the Fair Fight Case

190.    Paragraph 190 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

191.    Paragraph 191 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

192.    Paragraph 192 refers to documents that speak for themselves and makes legal conclusions to which no response is required. TTV denies all amounts are properly due and owing. 1

93.    TTV lacks sufficient information to admit or deny Paragraph 193.

194.    TTV lacks sufficient information to admit or deny Paragraph 194.

195.    TTV lacks sufficient information to admit or deny Paragraph 195.

## COUNT II:

### Account Stated Claim in the Fair Fight Case

196.    Paragraph 196 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

197.     Paragraph 197 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

198.    TTV denies Paragraph 198.

199.    TTV denies Paragraph 199.

**COUNT III:**

**Breach of Contract Due to Nonpayment for Services Rendered in TTV Arizona**

200.     Paragraph 200 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

201.     Paragraph 201 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

202.     Paragraph 202 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

203.     Paragraph 203 is vague and ambiguous and therefore denied.

204.     TTV lacks sufficient information to admit or deny Paragraph 204.

205.     TTV lacks sufficient information to admit or deny Paragraph 205.

**COUNT IV:**

**Account Stated Claim in TTV Arizona**

206.     Paragraph 206 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

207.      Paragraph 207 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

208.     TTV denies Paragraph 208.

209.     TTV denies Paragraph 209.

## COUNT V:

### Quantum Meruit Claim for Services Rendered in TTV Arizona

210.     Paragraph 210 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

211.     Paragraph 211 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

212.     TTV denies Paragraph 212.

213.     TTV lacks sufficient information to admit or deny Paragraph 213

214.     Paragraph 214 makes legal conclusions to which no response is required.

215.    Paragraph 215 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## Count VI:

### Breach of Contract Due to Nonpayment for Services Rendered in Validate GA

216.     Paragraph 216 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

217.     Paragraph 217 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

218.     Paragraph 218 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

219.     TTV denies Paragraph 219.

220.     TTV lacks sufficient information to admit or deny Paragraph 220.

221.     TTV lacks sufficient information to admit or deny Paragraph 221.

## COUNT VII:

### Account Stated Claim in Validate GA

222.     Paragraph 222 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

223.     Paragraph 223 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

224.     TTV denies Paragraph 224.

225.     TTV denies Paragraph 225.

## COUNT VIII:

### Quantum Meruit Claim for Services Rendered in Validate GA

226.     Paragraph 226 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

227.     TTV admits the allegation is Paragraph 227 but at this point denies the full extent if any of the alleged benefit.

228.     TTV denies Paragraph 228.

229.     TTV lacks sufficient information to admit or deny Paragraph 229.

230.     Paragraph 230 is legal conclusion to which no response is required.

231.     Paragraph 231 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

### COUNT IX:

**Breach of Contract Due to Nonpayment for Services Rendered in TTV Harris County**

232.     Paragraph 232 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

233.     Paragraph 233 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

234.     Paragraph 234 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

235.     Paragraph 235 makes legal conclusions to which no response is required.

236.     TTV lacks sufficient information to admit or deny Paragraph 236.

237.     TTV lacks sufficient information to admit or deny the first phrase of Paragraph 237.  The remainder of Paragraph 237 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

### COUNT X:

**Account Stated Claim in TTV Harris County**

238.     Paragraph 238  refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack

sufficient information to admit or deny.

239.    Paragraph 239 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

240.    TTV denies Paragraph 240, in that it did not consent to the amounts charged.

241.    Paragraph 241 makes legal conclusions to which no response is required. To the extent a response is deemed required, TTV denies Paragraph 241.

### COUNT XI:

### Quantum Meruit Claim for Services Rendered in TTV Harris County

242.    Paragraph 242 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

243.    Paragraph 243 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

244.    Paragraph 244 is denied.

245.    Paragraph 245 is vague and ambiguous and therefore denied.

246.    Paragraph 246 is denied.

247.    Paragraph 247 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

### COUNT XII:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV IV3

248.    Paragraph 248 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack

sufficient information to admit or deny.

249.    Paragraph 249 is vague and ambiguous and therefore denied.

250.    Paragraph 250 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

251.    Paragraph 251 refers to documents that speak for themselves and makes legal conclusions to which no response is required. TTV denies the full amount alleged is due at this time.

252.    Paragraph 252 recites a legal conclusion to which no response is required.

253.    TTV lacks sufficient knowledge to admit or deny Paragraph 253.

254.    TTV lacks sufficient knowledge to admit or deny Paragraph 254.

**COUNT XIII:**

**Account Stated Claim in TTV IV3**

255.    Paragraph 255 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

256.    Paragraph 256 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

257.    TTV denies Paragraph 257.

258.    Paragraph 258 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XIV:

### Quantum Meruit Claim for Services Rendered in TTV IV3

259.    Paragraph 259 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

260.    Paragraph 260 draws legal conclusions to which no response is required.

261.    Paragraph 261 is vague and ambiguous and therefore denied.

262.    TTV lacks sufficient knowledge to admit or deny Paragraph 262.

263.    Paragraph 263 draws legal conclusions to which no response is required.

264.    Paragraph 264 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XV:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV Lawfare Research

265.    Paragraph 265 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

266.    Paragraph 266 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

267.    Paragraph 267 makes legal conclusions to which no response is required.

268.    Paragraph 268 is a legal conclusion to which no response is necessary.

269.    Paragraph 269 draws legal conclusions to which no response is required.

270.     Paragraph 270 draws legal conclusions to which no response is required.

## COUNT XVI:

### Account Stated Claim in TTV Lawfare Research

271.     Paragraph 271 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

272.      Paragraph 272 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

273.      TTV denies Paragraph 273.

274.     Paragraph 274 draws legal conclusions to which no response is required.

## COUNT XVII:

### Quantum Meruit Claim for Services Rendered in TTV Lawfare Research

275.     Paragraph 275 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

276.     TTV lacks sufficient knowledge to admit or deny Paragraph 276.

277.     Paragraph 277 is denied.

278.     TTV lacks sufficient knowledge to admit or deny Paragraph 278.

279.     Paragraph 279 states a legal conclusion to which no response is required.

280.     Paragraph 280 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XVIII:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV NC Amicus

281.     Paragraph 281 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

282.     Paragraph 282 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

283.     Paragraph 283 refers to documents that speak for themselves and makes legal conclusions to which no response is required. TTV denies that the full amounts alleged are due.

284.     Paragraph 284 alleges a legal conclusion to which no response is required. TTV lacks sufficient knowledge to admit or deny Paragraph 284.

285.     TTV lacks sufficient knowledge to response to Paragraph 285.

286.     TTV lacks sufficient knowledge to admit or deny Paragraph 286, and it draws legal conclusions to which no response is required.

### COUNT XIX:

### Account Stated Claim in TTV NC Amicus

287.     Paragraph 287  refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

288.      Paragraph 288 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

289.     TTV denies paragraph 289.

290.     Paragraph 290 draws legal conclusions to which no response is required. To the extent a response is deemed to be required, Paragraph 290 is denied.

## COUNT XX:

### Quantum Meruit Claim for Services Rendered in TTV NC Amicus

291.     Paragraph 291 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

292.     TTV lacks sufficient knowledge to admit or deny Paragraph 292 but admits that BLF frequently provided legal services to TTV.

293.     Paragraph 293 is vague and ambiguous and therefore denied.

294.     TTV lacks sufficient knowledge to admit or deny Paragraph 294.

295.     Paragraph 295 draws legal conclusions to which no response is required.

## COUNT XXI:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV NM Litigation

296.     Paragraph 296 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

297.     Paragraph 297 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

298.     Paragraph 298 draws legal conclusions to which no response is required. To the extent a response is deemed to be required, TTV denies all such amounts are rightly owing.

299.     Paragraph 299 draws legal conclusions to which no response is required.

300.     TTV lacks sufficient knowledge to admit or deny Paragraph 300.

301.     TTV lacks sufficient knowledge to admit or deny Paragraph 301, and it draws legal conclusions to which no response is required.

## COUNT XXII:

### Account Stated Claim in TTV NM Litigation

302.     Paragraph 302 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

303.      Paragraph 303 refers to documents that speak for themselves and draws legal conclusions to which no response is required.

304.     TTV denies Paragraph 304.

305.     Paragraph 305 refers to documents that speak for themselves and make legal conclusions to which no response is required.

## COUNT XXIII:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV NV State Litigation

306.     Paragraph 306refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

307.     Paragraph 307 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

308.     Paragraph 308 refers to documents that speak for themselves and makes legal

conclusions to which no response is required. To the extent a response is deemed required, Paragraph 308 is denied.

309.     Paragraph 309 draws legal conclusions to which no response is required. To the extent a response is deemed to be required, Paragraph 309 is denied.

310.     TTV lacks sufficient knowledge to admit or deny Paragraph 310.

311.     TTV lacks sufficient knowledge to admit or deny Paragraph 311.

## COUNT XXIV:

### Account Stated Claim in TTV NV State Litigation

312.     Paragraph 312 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

313.      Paragraph 313 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

314.      TTV denies Paragraph 314.

315.     Paragraph 315 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XXV:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV NV Federal Litigation

316.     Paragraph 316  refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

31

317.    Paragraph 317 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

318.    Paragraph 318 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

319.    Paragraph 319 draws legal conclusions to which no response is required.

320.    TTV lacks sufficient knowledge to admit or deny Paragraph 320.

321.    TTV lacks sufficient knowledge to admit or deny Paragraph 321.

### COUNT XXVI:

### Account Stated Claim in TTV NV Federal Litigation

322.    Paragraph 322 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

323.     Paragraph 323 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

324.     TTV denies Paragraph 324.

325.    Paragraph 325 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

### COUNT XXVII:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV Audits

326.    Paragraph 326 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack

sufficient information to admit or deny.

327.     Paragraph 327 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

328.     TTV denies the allegations as stated in Paragraph 328.

329.     Paragraph 329 draws legal conclusions to which no response is required.

330.     TTV lacks sufficient knowledge to admit or deny Paragraph 330.

331.     TTV lacks sufficient knowledge to admit or deny Paragraph 331.

## COUNT XXVIII:

## Account Stated Claim in TTV Audits

332.     Paragraph 332 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

333.     Paragraph 333 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

334.     TTV denies Paragraph 334.

335.     Paragraph 335 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XXIX:

## Quantum Meruit Claim for Services Rendered in TTV Audits

336.     Paragraph 336 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack

sufficient information to admit or deny.

337.    Paragraph 337 draws legal conclusions to which no response is required.

338.    Paragraph 338 is a legal conclusion to which no response is required. To the extent a response is deemed to be required, Paragraph 338 is denied.

339.    TTV lacks sufficient knowledge to admit or deny Paragraph 339.

340.    Paragraph 340 draws legal conclusions to which no response is required.

341.    Paragraph 341 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XXX:

### Breach of Contract - Nonpayment for Services Rendered in TTV Ranked Choice Voting

342.    Paragraph 342 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

343.    Paragraph 343 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

344.    Paragraph 344 refers to documents that speak for themselves and makes legal conclusions to which no response is required. TTV denies such amount in full is due.

345.    Paragraph 345 draws legal conclusions to which no response is required.

346.    TTV lacks sufficient knowledge to admit or deny Paragraph 346.

347.    Paragraph 347 draws legal conclusions to which no response is required.

## COUNT XXXI

### Account Stated Claim in TTV Ranked Choice Voting

34

348.    Paragraph 348 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

349.    Paragraph 349 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

350.     TTV denies Paragraph 350.

351.    Paragraph 351 refers to documents that speak for themselves and make legal conclusions to which no response is required.

## COUNT XXXII:

### Quantum Meruit Claim for Services Rendered in TTV Ranked Choice Voting

352.    Paragraph 352 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

353.    TTV lacks sufficient information to admit or deny Paragraph 353.

354.    Paragraph 354 is denied.

355.    TTV lacks sufficient knowledge to admit or deny Paragraph 335.

356.    Paragraph 356 draws legal conclusions to which no response is required.

357.    Paragraph 357 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XXXIII:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV TX Litigation

35

358.     Paragraph 338 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

359.     Paragraph 359 refers to documents that speak for themselves and makes legal conclusions to which no response is required. 360.   Paragraph 360 refers to documents that speak for themselves and makes legal conclusions to which no response is required. TTV denies such amounts are due in full.

361.     Paragraph 361 draws legal conclusions to which no response is required.

362.     TTV lacks sufficient knowledge to admit or deny Paragraph 362.

363.     TTV lacks sufficient knowledge to admit or deny Paragraph 363.

## COUNT XXXIV:

## Account Stated Claim in TTV TX Litigation

364.     Paragraph 364 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

365.     Paragraph 365 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

366.     TTV denies Paragraph 366.

367.     Paragraph 367 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XXXV:

## Quantum Meruit Claim for Services Rendered in TTV TX Litigation

368.     Paragraph 368 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

369.     Paragraph 369 draws legal conclusions to which no response is required.

370.     Paragraph 370 draws legal conclusions to which no response is required. To the extent a response is deemed to be required, Paragraph 370 is denied.

371.     TTV lacks sufficient knowledge to admit or deny Paragraph 371.

372.     Paragraph 372 draws legal conclusions to which no response is required.

373.     Paragraph 373 refers to documents that speak for themselves and make legal conclusions to which no response is required.

**COUNT XXXVI:**

**Breach of Contract Due to Nonpayment for Services Rendered in TTV VA Intervention**

374.     Paragraph 374 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

375.     Paragraph 375 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

376.     Paragraph 376 refers to documents that speak for themselves and make legal conclusions to which no response is required.

377.     Paragraph 377 draws legal conclusions to which no response is required.

378.     TTV lacks sufficient knowledge to admit or deny Paragraph 378.

379.     TTV lacks sufficient knowledge to admit or deny Paragraph 379.


## COUNT XXXVII:

## Account Stated Claim in TTV VA Intervention

380.     Paragraph 380 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

381.      Paragraph 381 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

382.     TTV denies Paragraph 382.

383.     Paragraph 383 refers to documents that speak for themselves and makes legal conclusions to which no response is required.


## COUNT XXXVIII:

## Breach of Contract Due to Nonpayment for Services Rendered in TTV FEC Complaint

384.     Paragraph 384 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

385.     Paragraph 385 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

386.     Paragraph 386 refers to documents that speak for themselves and makes legal conclusions to which no response is required. To the extent a response is deemed required, the amounts recited

38

are not due as stated in full.

387.   Paragraph 387 draws legal conclusions to which no response is required.

388.   TTV lacks sufficient knowledge to admit or deny Paragraph 388.

389.   Paragraph 389 draws legal conclusions to which no response is required.

## COUNT XXXIX:

### Account Stated Claim in TTV FEC Complaint

390.   Paragraph 390 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

391.   Paragraph 391 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

392.   TTV denies Paragraph 392.

393.   Paragraph 393 refers to documents that speak for themselves and draws legal conclusions to which no response is required.

## COUNT XL:

### Quantum Meruit Claim for Services Rendered in TTV FEC Complaint

394.   Paragraph 394 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

395.   TTV lacks sufficient knowledge to admit or deny Paragraph 395 but admits that BLF regularly provided legal services to TTV.

396.   Paragraph 369 draws legal conclusions to which no response is required.

39

397.     TTV lacks sufficient knowledge to admit or deny Paragraph 397.

398.     Paragraph 398 draws legal conclusions to which no response is required.

399.     Paragraph 399 refers to documents that speak for themselves and draws legal conclusions to which no response is required.

## COUNT XLI:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV VA Federal Case

400.     Paragraph 400 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

401.     Paragraph 401 refers to documents that speak for themselves and draws legal conclusions to which no response is required.

402.     Paragraph 402 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

403.     Paragraph 403 draws legal conclusions to which no response is required.

404.     Paragraph 404 draws legal conclusions to which no response is required.

405.     Paragraph 405 draws legal conclusions to which no response is required.

## COUNT XLII:

### Account Stated Claim in TTV VA Federal Case

406.     Paragraph 406 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack

sufficient information to admit or deny.

407.     Paragraph 407 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

408.     Paragraph denies Paragraph 408.

409.     Paragraph 409 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XLIII:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV IRS Case

410.     Paragraph 410 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

411.     Paragraph 411 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

412.     Paragraph 412 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

413.     Paragraph 413 draws legal conclusions to which no response is required.

414.     TTV lacks sufficient knowledge to admit or deny Paragraph 414.

415.     TTV lacks sufficient knowledge to admit or deny Paragraph 415.

### COUNT XLIV:

### Account Stated Claim in TTV IRS Case

416.     Paragraph 416 refers to preceding paragraphs that may speak for themselves and makes

legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

417.    Paragraph 417 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

418.    TTV denies Paragraph 418.

419.    Paragraph 419 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

**Claim Totals**

420.    Paragraph 420 refers to documents that speak for themselves and makes legal conclusions to which no response is required. To the extent a response is deemed to be required, Paragraph 420 is denied.

## TTV AFFIRMATIVE DEFENSES

421.    TTV presents the following affirmative defenses in response to the Plaintiff BLF's breach of contract claims due to nonpayment for services rendered, account stated claims, and quantum meruit claims for services rendered: failure of performance, failure of consideration, breach of contract, breach of fiduciary duty, unreasonable and excessive fees, failure to mitigate damages, unclean hands, and legal malpractice.

422.    **Failure of performance**.  TTV asserts that BLF failed to perform the agreed upon legal services in a competent, diligent, and professional manner, thereby breaching the terms of the attorney-client agreements. TTV contends that BLF's breach excuses TTV's obligation to pay the full amount of the attorney's fees requested.

423. **Failure of consideration**.  TTV asserts that BLF's failure to provide legal services as promised constituted a failure of consideration.  TTV asserts that BLF's failure to fulfill its contractual obligations justifies TTV's refusal to pay the full amount of attorney's fees.

424. **Breach of contract.**  TTV asserts that BLF breached the attorney-client agreement by failing to meet the terms and conditions outlined therein.  TTV contends that BLF's breach discharges TTV's obligation to pay the full amount of the attorney's fees.

425. **Breach of fiduciary duty**.  TTV asserts that BLF breached its fiduciary duty by mismanaging funds received by TTV and TTV donors, conflating time spent on legal matters, and comingling funds from separate matters.  TTV contends that BLF's breach discharges TTV's obligation to pay the full amount of attorney's fees.

426. **Unreasonable and excessive fees**.  TTV asserts that the attorney's fees charged by BLF are unreasonable and excessive under the circumstances.  TTV maintains that BLF's fees were not commensurate with the level of services rendered or the prevailing market rates for similar legal services.

427. **Failure to mitigate damages**.  TTV asserts that BLF failed to take reasonable steps to mitigate damages by not addressing TTV's concerns or rectifying any mistakes made in the provision of legal services.  TTV asserts that BLF's failure to mitigate damages limits or eliminates TTV's obligation to pay the full amount of attorney's fees.

428. **Unclean hands**. TTV asserts that BLF acted with unclean hands by engaging in unethical or improper conduct during the course of the attorney-client relationship or the subsequent collection efforts.  TTV asserts that BLF's unclean hands bars or limits BLF's entitlement to the

43

requested attorney's fees.

## TTV COUNTERCLAIM AGAINST BLF

429.    TTV, as Counter-Plaintiff, denies owing any unpaid invoices to the Plaintiff BLF and asserts that BLF engaged in fraud, legal malpractice and fraud in the inducement by misrepresenting the quality of their legal services.

430.    TTV asserts that BLF provided substandard legal services that fell below the reasonable standard of care expected of a competent attorney and competent law firm. The defendant TTV suffered damages as a result of the plaintiff's negligence and breach of fiduciary duty.

431.    Furthermore, the defendant TTV asserts that the plaintiff induced them to enter into a legal services agreement by making fraudulent misrepresentations about their experience, skills, and ability to handle the case. The plaintiff BLF knew or should have known that they were not qualified to handle the case and had no intention of providing competent legal services.

432.    As a result of the plaintiff BLF's fraud, legal malpractice and fraud in the inducement, the defendant TTV has suffered damages, including but not limited to the loss of time, money, and the opportunity to retain competent legal counsel. Therefore, the defendant TTV counterclaims for fraud, legal malpractice and fraud in the inducement and seeks compensatory and punitive damages.

## FACTS

433.    This matter involves plaintiff BLF volunteering to provide legal services to defendant TTV, a Texas nonprofit wholly supported through donations.  BLF provided legal services to

TTV pro bono for a period of seven years from 2010 to 2017, and mostly worked on small matters requiring minimal amounts of time.

434.     Beginning on or about January 2020, TTV entered into various fee agreements for legal services with BLF for specific legal matters, while simultaneously continuing to provide pro bono legal services to TTV for those matters not outlined in specific fee agreements.

435.     In 2020, BLF inappropriately misrepresented itself as the general counsel for TTV in business dealings, during meetings with donors, and at public media events, a term not discussed or approved by TTV and outside the scope of the agreements in place between the parties. BLF benefited from this misrepresentation.

436.     On or about November 20, 2020, BLF was retained by TTV to represent *TTV in Fair Fight, Inc., et al v. True the vote, Inc., et al*., Case No. 2:20-cv-00302 ("Fair Fight"), GA Activities, potential donor lawsuit, and to file a series of cases in federal courts in various states. TTV also agreed to pay for BLF's representation of other Co-Defendants in this matter.

437.     TTV paid BLF a $1.1 million retainer in three separate payments for the November 20, 2020 representation agreement:  an initial retainer of $500,000 on November 20,2020 to be used for "GA Activities" matters, followed by a second retainer in the amount of $500,000 to be used for "Fair Fight" legal services, and an additional $100,000 on January 11, 2021.

438.     Federal cases were filed on behalf of TTV based on BLF's self-proclaimed subject matter expertise, legal advice and assurances of BLF, of which TTV relied.  The legal fees for filing cases in the four states of Georgia, Michigan, Pennsylvania and Wisconsin totaled $280,960.90.  Within one week after the filings, BLF retracted its advice to TTV and recommended these claims voluntarily dismissed.  No fees were reimbursed to TTV.

439.    BLF spoke negatively of TTV and its directors when dealing with co-Defendants, did not protect the best interests of TTV, and regularly falsely proclaimed to third parties that TTV was not timely on paying its legal fees.

440.    BLF failed to provide regular monthly statements of accounts to TTV as outlined in the November 20, 2020 retainer agreement, and BLF failed to communicate the status of these cases to TTV.

441.    BLF understood that the source of financing for all of TTV's operations and legal fees are through financial donations.  BLF used its position as a trusted advisor and approached a donor to provide a $1.8 million note to TTV specifically for legal fees without TTV's approval.

442.    TTV repeatedly asked for clarification on the billings and invoices from BLF.  BLF failed to provide itemized invoices accounting for the $1.1 million retainer.

443.    TTV conducted a financial audit and requested BLF resend its invoices with better clarity of time and money spent.  BLF failed to provide a clear invoicing product or work product sufficient to account for the $1.1million retainer.  BLF provided two confusing trust account spreadsheets showing balances and invoice dates, check dates and balances due; however, these trust account spreadsheets did not provide invoice numbers or itemized services rendered with timed billings.

444.    BLF's spreadsheet noted a line item for "general/administrative" on December 09,2020 totaling $97,359.10, approximately two weeks after the initial $500,000 retainer payment, TTV's team of experts related to its audit included internal bookkeepers, third party CPA professionals, and the review of two unrelated law firms.  Each of these parties requested

46

separately invoicing clarity from BLF.  BLF failed to provide clear accounting.  The experts

involved with the audit could not understand the BLF invoices or trust account fund summaries.

BLF failed to provide bank statement records for the trusts.


445.    BLF submitted an invoice in the amount of $10,393.00 to TTV claiming it was for time

spent resending and explaining previously drafted invoices to TTV for purposes of the audit.

446.    On November 26, 2020, TTV drafted a letter and asked BLF by phone call to review the

draft and if appropriate, deliver the correspondence.  The phone call was less than 60 minutes in

duration. BLF invoiced $9,044.01 for the review of this letter.

447.    In 2017, BLF misrepresented to TTV the timing, costs and reasonable outcomes of the

*True the Vote, Inc. v. Internal Revenue Service,* Case No. 1:13-cv-00734, claiming that if TTV

would retain BLF to represent TTV in this matter, it would cost approximately $50,000 and take

no more than thirty days.  In reliance of this, TTV dismissed prior counsel and retained BLF as

counsel of record.  This case is ongoing, and the fees accumulated by BLF are purported to be

$505,003.38.

448.    On or about October 20, 2020, BLF recommended TTV engage BLF to file an amicus

brief and motion for leave to file an amicus brief on behalf of TTV in support of the plaintiffs in

*Wise, et al v. Circosta, et al*., No. 20A71 (U.S.).  In reliance of BLF's statements and assurances

of the reasonableness of the legal outcomes, TTV retained BLF.  BLF repurposed an amicus

brief it had previously filed and lost in Montana which was based on the same legal arguments.

The application was rejected on October 8, 2020.  BLF invoiced $19,847.00 for submitting an

application.  TTV did not review or receive any work product related to this invoice and was not

informed by BLF as to the status of the application.

449.    In September 2022, BLF engaged in unprofessional conduct by making verbal threats to TTV if BLF did not "get the good litigation."  BLF mismanaged the TTV retainer and failed to provide an accurate and clear statement of accounts.

450.    On September 28, 2022, one week after learning TTV would not retain BLF to represent TTV in the Konnech litigation matter, BLF submitted 14 invoices for legal services due upon receipt.  Twelve of the fourteen invoices listed "various legal services" and a total balance due. BLF failed to provide details of time spent when TTV asked for clarification.

451.    TTV was sued by a disgruntled donor, Frederic Eshelman, in part due to BLF's strategy of championing legal filings and causes of action followed by BLF's claim the filings are meritless and then promptly dismissing these filings.

## CAUSES OF ACTION

## Count I -- Fraud

452.    TTV fully incorporates into this paragraph and into all the counts that follow the facts and allegations set forth in the paragraphs above.  BLF perpetrated fraud by knowingly misrepresenting critical facts to TTV that would encourage TTV to enter into multiple fee agreements for legal services for legal court filings which lacked merit and subsequently would be voluntarily withdrawn, thereby compromising the integrity of the legal proceedings and resulted in exorbitant legal fees. BLF engaged regularly in the practice of engaging in deceptive practices and intentionally concealing information that would have influenced TTV's decision to retain BLF's services for complex legal matters.

48

## Count II – Legal Malpractice

453.    BLF's conduct has amounted to legal malpractice, a breach of the duty of care owed to

TTV as its client.  BLF had a duty to exercise reasonable skill, knowledge and diligence in

representing the interests of TTV.  BLF breached its duty of care to TTV by failing to exercise

the skill care and diligence that is normally exercised by the members of the legal profession

under similar circumstances, by engaging in fraudulent conduct, misrepresenting critical

information, and failing to act in the best interests of TTV.  The breach of duty by BLF directly

caused harm and damages to TTV, including financial loss, emotional distress and reputational

damage.  As a result of this legal malpractice, TTV suffered significant financial losses,

reputational damage, and other damages by BLF.

## Count III -- Misrepresentation

454.    BLF's actions also constitute misrepresentation by making false statements regarding

BLF's expertise, experience and the likely outcomes of cases involving TTV.  These false

statements made by BLF were material to TTV's decision to retain BLF's services.  TTV

justifiably relied on the false statements made by BLF, which induced TTV to enter an attorney-

client relationship.  As a direct consequence of the misrepresentation, TTV suffered damages

including financial losses and reputational harm.

## Count IV – Fraud in the Inducement

455.    BLF's actions also constitute fraud in the inducement by inducing TTV to enter into a

contract by making false representations with the intent to deceive.  BLF engaged in fraudulent

conduct in the inducement by misrepresenting its experience and expertise in specific areas of

law relevant to TTV's legal matters and making false promises and assurances regarding the

expected outcomes of TTV's legal endeavors, inducing TTV to retain BLF's services based on these misrepresented expectations.

## Count V – Breach of Contract

456.    BLF entered into a contract with TTV for legal services and breached that contract by failing to provide the level of skill, care and diligence required by Indiana law.  As a result of this breach, TTV suffered reputational damage, financial damage and damages to those legal matters both represented by BLF and those not represented by BLF.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant and Counter-Plaintiff TTV prays for the relief set forth below:

1.    A finding to uphold the foregoing affirmative defenses and dismiss Plaintiff BLF's claims in their entirety and enter judgment Plaintiff takes nothing;

2.    A finding that Plaintiff BLF has breached its fiduciary duty to TTV, committed fraud in the inducement, and breach of contract and as a result, TTV suffered damages including legal fees, incidental and consequential losses;

3.    Award TTV for its reasonable and necessary attorney's fees and costs of court in defending this suit; and

4.    Award TTV for incidental and consequential losses caused by Plaintiff's breach of its fiduciary duty, as well as full disgorgement of all amounts paid to date.

Defendant TTV requests such other and further relief, both special and general, at law and in equity, to which it may be entitled.

Date: May 15, 2023

Respectfully submitted,

GREGOR WYNNE ARNEY, PLLC

/s/ *Michael J. Wynne*
*Michael J. Wynne
Texas State Bar No. 00785289
SDTX No. 18539
909 Fannin, Ste. 3800
Houston, Texas 77010
281-450-7403
Email:  mwynne@gwafirm.com

*Pro Hac Vice

/s/ *John J. Morse*
John J. Morse
Attorney No. 16146-49
Morse & Bickel, P.C.
1411 Roosevelt Ave., Ste. 102
Indianapolis, IN 46201
Telephone: 317-686-1540
Facsimile: 317-630-2790
Email: Morse@MorseBickel.com

COUNSEL FOR TRUE THE VOTE, INC.

**Certificate of Service**

I certify that on May 15, 2023, I caused the foregoing and all exhibits and attachments thereto in the above-captioned matter to be filed with the United States District Court for the Southern District of Indiana, Terre Haute Division, using the Court's CM/ECF system, including

Mr. James Bopp, Jr.
Lead Counsel for
The Bopp Law Firm
1 South Sixth Street
Terre Haute, Indiana 47807-3510

/s/ *Michael Wynne*
Michael Wynne
Counsel for True the Vote