# Exhibit 3
# Fair Fight Agreement

## SUPPLEMENTAL AGREEMENT FOR LEGAL SERVICES
## REGARDING TTV'S VALIDATE THE VOTE PROJECT

THIS AGREEMENT, is made and entered into by and between True the Vote, Inc. (hereinafter "TTV") and The Bopp Law Firm, P.C. (hereinafter "The Firm") regarding certain legal services regarding the TTV's Validate the Vote project.

WHEREAS, TTV and The Firm entered into an Agreement on November 6, 2020, ("November 6th Agreement") to bring a series of cases in federal court challenging the results in several states approved by the TTV regarding the counting of ballots in the 2020 general election,

WHEREAS, TTV and The Firm entered into an Agreement on November 19, 2020 ("November 19th Agreement") to provide legal services regarding related to the potential demand by a TTV donor for a refund of the funds the Donor contributed to TTV,

WHEREAS, Subsequent to the November 6th Agreement, TTV provided to The Firm a retainer of $500,000 for legal services related to the Validate the Vote project ("First Retainer"),

WHEREAS, TTV desires to retain The Firm to provide legal services regarding their Validate the Vote activities regarding the Georgia run-off election and in any other matters regarding the Validate the Vote project authorized by TTV ("GA Activities"), and

WHEREAS, TTV desires to retain The Firm to provide legal services for TTV, and any other defendant as authorized by TTV, in a law suit challenging TTV's Validate the Vote project in Georgia, *Fair Fight v. TTV* ("*Fair Fight* Case").

THE PARTIES AGREE as follows:

Section 1 <u>Payment for legal services</u>. TTV agrees to pay all attorney fees, costs, and expenses arising out of The Firm's provision of legal services regarding GA Activities and arising out of The Firm's representation of TTV, and any other defendant as authorized by TTV, in the *Fair Fight* Case.

Section 2 <u>First Retainer</u>. The parties agree that this Agreement and this section applies to The Firm's provision of legal services regarding GA Activities and that this section supplements the provisions of the November 6th and November 19th Agreements as follows: TTV agrees that The Firm may charge against the First Retainer any attorney fees earned and costs and expenses incurred for any GA Activities and under the November 6th and November 19th Agreements. Fees, costs and expenses shall be due and payable on the date of an invoice by The Firm for such charges and shall be credited against the First Retainer on that date. If the

Page 1 of 5

First Retainer is exhausted in the performance of legal services for GA Activities or under the November 6th and November 19th Agreements, the amount of fees, costs, and expenses that exceed that provided in the First Retainer shall be due and payable by TTV on the date of the invoice. If TTV has a deposit balance from the First Retainer at the conclusion of all legal services contemplated to be paid from the First Retainer and if payment for all such legal services have been made, this balance shall be refunded to TTV.

Section 3 <u>Second Retainer</u>. TTV agrees to pay a retainer of $500,000 for the legal services regarding the *Fair Fight* Case ("Second Retainer") and TTV agrees that The Firm may charge against the Second Retainer any fees earned and costs and expenses incurred regarding the *Fair Fight* Case. Fees, costs and expenses shall be due and payable on the date of the invoice and shall be credited against the Second Retainer on that date. If the Second Retainer is exhausted in the performance of services regarding the *Fair Fight* Case, the amount of fees, costs and expenses that exceed that provided in the Second Retainer shall be due and payable by TTV on the date of the invoice. If TTV has a deposit balance from the Second Retainer at the conclusion of all legal services contemplated to be paid from the Second Retainer and if payment for all such legal services have been made, this balance shall be refunded to TTV.

Section 4 <u>Third Party Payor</u>. In the event that TTV authorizes The Firm to represent any other defendants in the *Fair Fight* Case, TTV has been informed that The Firm and its attorneys must resolve any conflict of interest arising out of TTV's payment of legal fees, cost and expenses for any such defendant in accordance with The Firm's and its attorneys' professional ethical obligations. TTV agrees and consents that it may not interfere in any way with The Firm's or its attorneys' professional judgment or the attorney-client relationship between The Firm, its attorneys, and any other defendants.

Section 5 <u>Joint Representation</u>. TTV agrees and consents that The Firm may jointly represent TTV and any other defendants, as authorized by TTV in the *Fair Fight* Case (collectively, "Joint Clients").

> *Conflicts of Interest*: The Firm has determined that, at this time, joint representation is permitted because there does not appear to be a conflict of interest between any Joint Clients. The Firm will continue to evaluate the case and the existence of any possible conflicts of interest. Should a conflict arise, The Firm will advise TTV and comply with the requirements of the applicable professional conduct rules, which may include withdrawal from representation.
>
> *Confidential Information*: TTV has been informed that, in the usual case, The Firm and its attorneys would be obligated to keep confidential all information relating to the representation as contemplated by Indiana Rule of

Professional Conduct 1.6. TTV has been informed that this Rule does not apply here with respect to the Joint Clients and that The Firm and its attorneys may be required to share TTV's confidential information material to this representation with Joint Clients. Accordingly, TTV agrees and consents that The Firm may discuss the case with any Joint Clients, together or apart, and that The Firm may share any information material to this representation learned from TTV with Joint Clients during the joint representation.

*Attorney-Client Privilege*: TTV has been informed that, in the usual case, communications between TTV and The Firm or its attorneys would be protected by the attorney-client privilege. TTV has been informed that the privilege may not apply here to the same extent because of the joint representation. TTV has been informed that the privilege may not protect communications between TTV and The Firm or its attorneys in litigation between TTV and any of the Joint Clients. TTV consents to any diminishment of the attorney-client privilege caused by this joint representation.

*Joint Settlements.* TTV has been informed that TTV and a Joint Client may have differences in willingness to make or accept offers of settlement. TTV has been informed that The Firm will inform each jointly represented party including TTV of all material terms of any settlement before any offer is made or accepted on behalf of one or multiple parties. TTV has been informed that a Joint Client has the final say in accepting or rejecting any offer of settlement applicable to that Joint Client.

Section 6 <u>Hourly Rates</u>. TTV will pay the following hourly rates for attorneys: $850/hour for James Bopp, Jr., $700/hour for Richard E. Coleson, $540/hour for Jeffrey P. Gallant, $365/hour for Courtney Milbank, $322/hour for Melena Siebert, and $285/hour for Rob Citak. Other attorneys may assist at The Firm's discretion at their corresponding hourly rates charged by The Firm. Hourly rates for attorneys undergo periodic review and may increase during the term of this Agreement upon notice to TTV.

Section 7 <u>Costs and Expenses</u>. TTV is responsible for all reasonable costs and expenses, which are in addition to the hourly charges for legal services. Costs and expenses include, but are not limited to, court charges, copies, postage, telephone, fax, travel, parking, special materials, exhibits, photographs, investigators, experts, computer assisted legal research and all other disbursements, costs, or expenses attributable to said legal services. TTV agrees to pay for computer assisted legal research at $3.00 per minute. TTV agrees to pay for copies and facsimiles (incoming or outgoing) at the rate of $.25 per page for 1-25 total pages, $.15 per page for 26-100 total pages, and $.10 per page for more than 100 total pages. Total pages are those copied or facsimiled during a copying or facsimiling event.

Section 8 <u>Invoices</u>. The Firm shall invoice TTV monthly for any fees, costs or expenses incurred under this Agreement. All invoices are due and payable within 30 days of receipt. Each invoice shall constitute an account stated and objections must be made in a reasonable time. Interest accruing at 1.5% per month will be applied to past due accounts until paid. TTV agrees to pay all attorney fees, costs and expenses of collecting TTV's account if legal action is taken to collect fees, costs and expenses due The Firm.

Section 9 <u>Termination by TTV or a defendant</u>. The Firm will be obligated to honor any instructions of TTV, or any other defendant represented by The Firm in the *Fair Fight* Case, requesting termination of the Firm's representation of the party in the *Fair Fight* Case, or any instructions by TTV to terminate The Firm's provision of legal services regarding any GA Activities, only if such instructions are delivered to The Firm in writing bearing the party's personal signature. If a party elects to terminate The Firm's representation, TTV is responsible for all fees, costs, and expenses incurred pursuant to this Agreement. Should The Firm be required to perform any services or functions after receipt of such instructions, TTV is responsible for any fees, cost, and expenses for these services.

Section 10 <u>Withdrawal by The Firm</u> The Firm also may withdraw from the representation of any party in the *Fair Fight* Case, upon a party's failure to make payments in accordance with this Agreement, failure to cooperate with the agreed provisions of representation, or failure to follow the advice of the Firm, or under any circumstances permitted by or required by the Indiana Rules of Professional Conduct. Any termination of The Firm's representation would be subject to the approval of the tribunal and will only be done after reasonable notice has been provided.

Section 11 <u>File Retention and Destruction</u> At the conclusion of any matter under this Agreement, The Firm shall retain the legal files related to the matter for an indefinite period. At any time after five years have elapsed since the conclusion of the matter, after ten business days of notifying TTV in writing, including by electronic mail sent to your last known electronic mail address, The Firm may destroy these files unless TTV notifies The Firm in writing that TTV wish to take possession of them. The Firm reserves the right to charge administrative fees and costs associated with researching, retrieving, copying and delivering such files.

Section 12 <u>Disputes</u>. This Agreement shall be governed by Indiana law and courts in the State of Indiana. Any dispute arising under or in connection with the Agreement, or related to any matter which is the subject of this Agreement, shall be resolved on the basis of Indiana law without giving effect to Indiana's conflict of law principles and brought in a court located in Indiana.

The undersigned persons represent that they are duly authorized to sign this Agreement and hereby agree to the terms and conditions of legal employment, as specified above.

Signatures delivered by email in PDF format shall be effective.

_____, for TTV       12/27/20
Catherine Engelbrecht, President            _____
True the Vote, Inc.                                         Date

_____, for The Firm     12/27/20
James Bopp, Jr.                                             Date
The Bopp Law Firm, P.C.
Terre Haute, Indiana