UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| THE BOPP LAW FIRM, PC, an Indiana Professional Corporation, | )<br>)<br>) |
| Plaintiff/Counter Defendant, | )<br>) |
| v. | ) Case No. 2:23-cv-00120-JRS-MG |
| TRUE THE VOTE, INC., a Texas Corporation, | )<br>)<br>)<br>) |
| Defendant/Counter Claimant. | ) |

**COUNTER DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Counter Defendant, The Bopp Law Firm, PC, ("BLF") has moved the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss as moot the counterclaim filed by Defendant/Counterclaimant, True The Vote, ("TTV") as part of its Answer, Counterclaim and Affirmative Defenses on May 15, 2023. [Doc 13] On June 2, 2023, BLF filed its Verified Amended Complaint for Compensatory Damages and Relief in Quantum Meruit [Doc 19], which reset the pleadings in this cause. An answer was due to that amended complaint on June 16, 2023, but no such answer has been filed and thus there is no pending answer or counterclaim. Thus, the Court should dismiss the counterclaim added to TTV's Answer, Counterclaim and Affirmative Defenses [Doc 13] as moot. Nonetheless, should the Court deem that counterclaim to remain pending despite the lack of response to the amended complaint, the Court should dismiss Counts I, III and IV thereof for failure to comply with Rule 9(b).

In *General Mills, Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368; *reh'g aff'd,* 495 F.3d 1378 (Fed.Cir. 2007) the Defendant filed an answer and counterclaim to the original complaint but failed to answer or reassert its counterclaim in response to an amended complaint choosing instead to file a motion to dismiss. After the District Court granted the motion to dismiss, the Defendant

1

sought to pursue its counterclaim but the District Court refused to alter the final judgment observing there was no counterclaim pending at the time the case was closed because the Defendant had not filed an answer and counterclaim in response to the amended complaint. The Federal Circuit Court agreed with the District Court's ruling citing *Johnson v. Berry,* 228 F.Supp.2d 1071, 1079 (E.D.Mo.2002). *Id*. at 1377.[1] See also *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Snider*, 996 F.Supp.2d 1173, 1187 fn 8 (N.D.AL. 2014); *Settlement Capital Corp., Inc. v. Pagan*, 649 F.Supp.2d 545, 562 (N.D.Tex.2009).

Similarly, here BLF filed its Verified Amended Complaint for Compensatory Damages and Relief in Quantum Meruit [Doc 19] on June 2, 2023, to which no answer and accompanying counterclaim has been filed. Rule 13(a) clearly requires that claims arising out of the same transaction or occurrence be asserted as a compulsory counterclaim. Rule 7(a) provides:

> **Rule 7. Pleadings Allowed; Form of Motions and Other Papers**
> **(a) Pleadings.** Only these pleadings are allowed:
> **(1)** a complaint;
> **(2)** an answer to a complaint;
> **(3)** an answer to a counterclaim designated as a counterclaim;
> **(4)** an answer to a crossclaim;
> **(5)** a third-party complaint;
> **(6)** an answer to a third-party complaint; and
> **(7)** if the court orders one, a reply to an answer.

Because there is no provision for a counterclaim as a free standing pleading, it must necessarily be included in an answer. Thus, in the absence of an answer to the amended complaint, which supersedes the original pleadings, the answer and counterclaim filed by TTV on May 15, 2023 is moot and should be dismissed as such.

---

[1] The Circuit Court on rehearing modified its holding to note there was no counterclaim pending rather than the language it had adopted from *Johnson* that the counterclaim had been abandoned.

Even if the counterclaim added to TTV's Answer, Counterclaim and Affirmative Defenses [Doc 13] survived the filing of the Verified Amended Complaint for Compensatory Damages and Relief in Quantum Meruit [Doc 19], it fails to comply with Rule 9(b) by stating, "with particularity the circumstances constituting fraud or mistake." Count I simply states: "BLF perpetrated fraud by knowingly misrepresenting critical facts to TTV" and "BLF engaged regularly in the practice of engaging in deceptive practices" without providing any detail as such misrepresentations or deceptive practices.[Doc 13 p. 48] What misrepresentations were made, when and by whom? What practices were engaged in, when and by whom? Count III states: "BLF's actions also constitute misrepresentation by making false statements" without elaboration. [Doc 13 p. 49] What statements occurred, when and by whom? Count IV states: BLF's actions also constitute fraud in the inducement . . . . by making false representations" without identifying those representations. [Doc 13 p. 48-9] What representations were made, when and by whom? While none of these allegations will ever be shown to be true, BLF is entitled to whatever details have led TTV to suggest them so it can properly prepare its defense. Because such general allegations are easy to throw out, Rule 9 requires details to avoid just such spurious claims.

In *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.*, 536 F.3d 663, 668 (7th Cir. 2008) the Circuit Court laid out the long recognized controlling standard applicable here as follow:

> Under Rule 9(b), a plaintiff must state with particularity "all averments of fraud or mistake." Fed.R.Civ.P. 9(b); see also *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir.1997). The circumstances of fraud or mistake include "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Gen. Elec. Capital*, 128 F.3d at 1078 (quotation omitted); see also *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990) (describing Rule 9(b) particularity as "the who, what, when, where, and how: the first paragraph of any newspaper story").

The *Dileo* case is particularly enlightening:

> The story in this complaint is familiar in securities litigation. At one time the firm bathes itself in a favorable light. Later the firm discloses that things are less rosy. The plaintiff contends that the difference must be attributable to fraud. "Must be" is the critical phrase, for the complaint offers no information other than the differences between the two statements of the firm's condition. Because only a fraction of financial deteriorations reflects fraud, plaintiffs may not proffer the different financial statements and rest. Investors must point to some facts suggesting that the difference is attributable to fraud. *Goldberg v. Household Bank, f.s.b.*, 890 F.2d 965 (7th Cir.1989); *628 *First Interstate Bank v. Chapman & Cutler*, 837 F.2d 775, 780 (7th Cir.1988); *Denny v. Barber*, 576 F.2d 465 (2d Cir.1978) (Friendly, J.). That ingredient is missing in the DiLeos' complaint. It presents nothing other than the change in the stated condition of the firm to suggest that E & W was so much as negligent in auditing Continental's financial statements. Rule 9(b) required the district court to dismiss the complaint, which discloses none of the circumstances that might separate fraud from the benefit of hindsight. There is no "fraud by hindsight", in Judge Friendly's felicitous phrase, *Denny*, 576 F.2d at 470, and hindsight is all the DiLeos offer.

*DiLeo v. Ernst & Young*, 901 F.2d 624, 627-28 (7th Cir.1990).

In the cause now before this Court, TTV appears to suggest the outcome of various cases in which was involved was less than it desired and therefore there must be some fraud or misrepresentation that led to this state of affairs; but as Judge Easterbrook observed in *DiLeo*, only a fraction of the difference between aspirations and outcomes result from fraud. While TTV will be unable to show any basis for its claims of breach of contract or legal malpractice, it should not be allowed to even proceed on its claims of fraud and misrepresentation because it has failed to proffer anything more than disappointment.

In conclusion, it is clear from the docket in this case that the only operative pleading is BLF's Verified Amended Complaint for Compensatory Damages and Relief in Quantum Meruit. [Doc 19] As counterclaims must be filed with an answer and no answer has been filed to that pleading, there is no counterclaim before the Court. To avoid any uncertainty moving forward in this case, BLF asks the Court to make clear TTV's counterclaim filed with its answer in advance

of the amended complaint is dismissed as moot. Even if it were not moot, Counts I, III and IV in the counterclaim TTV filed with its Answer, Counterclaim and Affirmative Defenses [Doc 13] are utterly insufficient to plead a cause of action consistent with the requirements of Rule 9. As a result, BLF asks the Court to dismiss those Counts.

        Respectfully submitted,

        KIGHTLINGER & GRAY, LLP

By:   *s/ Michael E. Brown*
        Michael E. Brown, ID No. 2914-49
        *Attorney for Counter Defendant, The Bopp Law Firm, PC, an Indiana Professional Corporation*
        mbrown@k-glaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 30, 2023, a copy of the foregoing was served on the following via the courts electronic filing system and/or First Class Mail:

Michael J. Wynne
Gregor Wynne Arney, PLLC
909 Fannin, Ste. 3800
Houston, TX 77010
mwynne@gwafirm.com
*Pro Hac Vice Counsel for Defendant/Counter Claimant True the Vote, Inc.*

John J. Morse
Morse & Bickel, PC
1411 Roosevelt Ave., Suite 102
Indianapolis, IN 46201
morse@morsebickel.com
*Counsel for Defendant/Counter Claimant True the Vote, Inc.*

James Bopp, Jr.
Melena S. Siebert
The Bopp Law Firm
1 South Sixth St.
Terre Haute, IN 47807
jboppjr@aol.com
msiebert@bopplaw.com
*Counsel for Plaintiff, The Bopp Law Firm, PC*

        *s/ Michael E. Brown*
        Michael E. Brown

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana 46204
(317) 638-4521
mbrown@k-glaw.com