# EXHIBIT A

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

**The Bopp Law Firm, PC**, an Indiana
professional corporation

                                        *Plaintiff,*

*v.*



**True the Vote, Inc.**, a Texas Corporation,

                                        *Defendant.*
_____        **Civil Case No. 2:23-cv-120-JRS-MG**

**True the Vote, Inc.**, a Texas Corporation,

                        *Counter Claimant,*

            *v.*

**The Bopp Law Firm, PC**, and Indiana
professional corporation,

                        *Counter Defendant.*




**Counter-Defendant's Memorandum In Support of Motion for Sanctions
Regarding Submission of Counterclaims Without Factual or Legal Support**

1

None of the factual allegations TTV Attorneys allege are supported by evidence, none are specifically identified as being likely to have evidentiary support after discovery, and none can possibly have evidentiary support, as evident from the public record of BLF's representation of TTV. Therefore, TTV Attorneys have violated the plain language of Rule 11 and this Court should grant BLF's Motion for Sanctions, order TTV Attorneys to withdraw their counterclaims, and award attorneys' fees to BLF for the work related to this motion.

### Factual and Procedural Background

BLF represented TTV in a variety of legal matters from 2010 through early in 2023. Compl. ¶¶ 18 - 178. TTV agreed to pay BLF for its representation in the corresponding fee agreements for these matters. *Id.* To date, TTV owes BLF for unpaid legal fees and costs in the amount of $971,577.26. *Id.*, ¶ 420.

On May 15, 2023, TTV filed its Answer and Counterclaims (ECF No. 13) in response to BLF's Verified Complaint (ECF No. 1). TTV Attorneys asserted that "BLF engaged in fraud, legal malpractice and fraud in the inducement by misrepresenting the quality of their legal services." TTV Answer, ¶ 429. Further, TTV Attorneys asserted that BLF "provided substandard legal services that fell below the reasonable standard of care expected of a competent attorney and competent law firm." *Id.*, ¶ 430. TTV Attorneys asserted five counterclaims for: (1) Fraud, (2) Legal Malpractice, (3) Misrepresentation, (4) Fraud in the Inducement, and (5) Breach of Contract. TTV Answer, ¶¶ 452 - 456. In support of these counterclaims, TTV Attorneys alleged "Facts" which purported to describe BLF's alleged wrongdoing. *Id.*, ¶¶ 433 - 451.

TTV Attorneys alleged the following facts in support of these claims: (1) BLF misrepresented itself as TTV's general counsel, *Id.*, ¶ 435; (2) BLF voluntarily dismissed federal

lawsuits in Georgia, Michigan, Pennsylvania, and Wisconsin following the 2020 general election, *id.*, ¶ 438; (3) BLF spoke negatively of TTV and its directors, *id.*, ¶ 439; (4) BLF approached a donor to provide a $1.8 million not to TTV for legal fees without TTV's approval, *id.*, ¶ 441; (5) BLF did not produce accurate or understandable accounting in response to TTV's audit-related requests, *id.*, ¶¶ 440 - 446; (6) BLF misrepresented to TTV the timing and reasonable outcomes of the TTV IRS case, *id.*, ¶ 447; (7) BLF engaged in unprofessional conduct by making verbal threats to TTV,  *id.*, ¶ 449.

These allegations are unsupported by evidence and the legal record publicly available on all the cases in which BLF represented TTV.

## Argument

Federal Rule of Civil Procedure 11 states, in relevant part:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

None of the factual allegations TTV Attorneys allege are supported by evidence, none are specifically identified as being likely to have evidentiary support after discovery, and none can

possibly have evidentiary support, as evident from the public record of BLF's representation of TTV.

BLF successfully represented in TTV in three major actions: the TTV IRS case (*True the Vote, Inc. v. Internal Revenue Service*, Case No. 1:13-cv-00734), the Fair Fight case (*Fair Fight, Inc., et al. v. True the Vote, Inc., et al.*, Case No. 2:20-cv-00302), and the FEC Complaint (*Common Cause Georgia, et al. v. True the Vote, et al.*, MUR No. 7894).

In the TTV IRS case, after TTV fired its former attorneys, BLF successfully negotiated a consent order with the IRS in which the agency admitted it violated TTV's constitutional rights. Following this consent order, which was entered in January 2017, BLF has successfully obtained an order awarding TTV attorneys' fees, including an enhancement to market rates for those fees due to the IRS' bad faith. While the amount of attorneys' fees to be awarded is still at issue, the public record in this case details BLF's extraordinarily successful representation of TTV.

In the Fair Fight case, TTV was sued by Fair Fight for allegedly violating the Voter Rights Act when TTV helped voters in Georgia submit to various county election boards challenging voter eligibility based upon residency data TTV had analyzed. This was one of the most hotly contested cases brought by Marc Elias' firm following the Georgia Senate Runoff in 2021. BLF more than competently litigated this case—successfully arguing that Fair Fight's motion for a temporary restraining order and motion for a preliminary injunction should be denied; successfully navigating mountains of discovery, and successfully arguing that Fair Fight's motion for summary judgment should be denied. While TTV's motion for summary judgment was also denied and the matter is set for trial, preventing an injunction and summary judgment on one of the most vigorously litigated election cases in the country does not come

4

close to sustaining TTV's allegations of BLF's "misrepresentation" of the quality of their legal services or a failure to demonstrate "reasonable care" to their client. Again, BLF's litigation efforts on behalf of TTV are largely a matter of public record, and TTV Attorneys are well aware of the excellent representation BLF provided to TTV.

In the FEC Complaint, organizations in Georgia alleged that TTV violated the Federal Election Campaign Act ("FECA"), 52 U.S.C. § 30101, *et seq*. BLF defended TTV to the FEC and the FEC voted to exonerate TTV, finding no reason to believe that TTV violated FECA or the corresponding FEC regulations. Again, the results of BLF's successful representation of TTV in this matter are on the public record and speaks for itself.

Several other matters detailed in the Complaint for which TTV has unpaid invoices fall into a broad category of 2020 Primary Election litigation. *See* NM Litigation, Compl., ¶¶ 80 - 89; NV State Case, Compl., ¶¶ 90 - 100; NV Federal Litigation, Compl., ¶¶ 101 - 110; VA Intervention, Compl., ¶¶ 139 - 148; and VA Federal Case, Compl., ¶¶ 159 - 168. All of these cases dealt with various aspects of COVID-related actions taken by various state agencies and officials, related to changes in absentee voting or mail-in voting procedures. TTV was well aware of the urgency and likelihood of success related to all of these actions before it agreed to BLF's representation of it as an organization or as a third party payor to BLF's representation of the voters relevant to the litigation. Perhaps it's easy to look back three years after a global pandemic hit and see that courts would be unlikely and unwilling to effectively deal with the government overreach evident at the time, given the political and social unrest during that time. Even Justice Gorsuch has issued a statement highlighting his frustration with not only the government overreach as it relates to COVID decisions, but also the courts' unwillingness and inability to

5

effectively curtail this overreach. *See Arizona, et al. v. Mayorkas*, 598 U.S. ___ (2023) (Statement of Gorsuch, J.). Very few COVID-related cases, especially surrounding election processes in the primary season, were successful. This can hardly support TTV Attorneys' allegations that BLF's representation of TTV in these matters was insufficient, incompentant, or consistent with legal malpractice.

TTV Attorneys also allege that BLF's litigation efforts after the 2020 general election were evidence of its incompetence or legal malpractice. *See* Compl., ¶¶ 438. First, BLF did not represent TTV in those cases—TTV agreed to be a third party payor for BLF's representation of the appropriate voters in these cases. As a third party payor, TTV agreed "that it may not interfere in any way with [BLF's] or its attorneys' professional judgment or the attorney-client relationship" with those clients. Nonetheless, TTV and BLF worked closely together to obtain funding to support this effort, and TTV was well aware that the reasons why BLF voluntarily dismissed the complaints was that the voter data TTV purported to need to perform its promised analysis was not going to be available in a timely manner, despite BLF's motions for expedited discovery, given the applicable electoral college deadlines. And, in any event, TTV was not able to perform its promised analysis in a way to make the analysis admissible in court. Again, this is all a matter of public record not only in the cases, but also in the arguments both TTV and BLF presented in their defense of the TTV Donor matter.

As to the allegations that the information BLF provided related to TTV's audits was insufficient or confusing to the accountants, TTV Attorneys provide no evidentiary support, nor is any evidentiary support likely to exist. Put simply, BLF provided monthly invoices to TTV on all matters. Monthly invoices for the month legal services were provided contained detailed

descriptions of the services provided. *See, e.g.*, Fair Fight Case Invoice 2023-0206, ECF No. 27. A "previous balance" was noted in subsequent invoices. *Id.* BLF provided detailed records of the payments received, as well as detailed records as to which invoices were paid and unpaid to the accountants, bookkeepers each time it was requested to do so. None of those professionals ever complained to BLF that they did not understand the information provided. The only question those professionals ever asked BLF related to how to report or account for the attorney fee petition in the IRS case. However, this was not a question regarding BLF's accounting, but a general reporting question. Again, all of the records of invoicing, audit information, etc. are readily available to TTV Attorneys through their client. This readily available information cannot support the allegations of the counterclaim.

Because none of the allegations TTV Attorneys raise in the counterclaims are supported by evidence, none are specifically identified as being likely to have evidentiary support after discovery, and none can possibly have evidentiary support, as evident from the public record of BLF's representation of TTV, TTV Attorneys have violated the plain language of Rule 11.

## Conclusion

None of the factual allegations TTV Attorneys allege are supported by evidence, none are specifically identified as being likely to have evidentiary support after discovery, and none can possibly have evidentiary support, as evident from the public record of BLF's representation of TTV. Therefore, TTV Attorneys have violated the plain language of Rule 11. For the foregoing reasons, this Court should grant BLF's Motion for Sanctions, order TTV Attorneys to withdraw their counterclaims, and award attorneys' fees to BLF for the work related to this motion.

Date: June 1, 2023                              Respectfully submitted,
/s/ James Bopp, Jr.
James Bopp, Jr. IN No. 2838-84
jboppjr@aol.com
*Lead Counsel for Plaintiff*
Melena S. Siebert IN No. 35061-15
msiebert@bopplaw.com
*Counsel for Plaintiff*
THE BOPP LAW FIRM, PC
The National Building
1 South Sixth Street
Terre Haute, IN 47807-3510
(812) 232-2434 - Telephone
(812) 235-3685 - Facsimile

8