UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| **The Bopp Law Firm, PC,** an Indiana Professional Corporation<br><br>*Plaintiff,*<br><br>v.<br><br>**True the Vote, Inc.,** a Texas Corporation,<br><br>*Defendant.* | **Civil Case No. 2:23-cv-120** |
| **True the Vote, Inc.,** a Texas Corporation,<br><br>*Counter-Claimant,*<br><br>v.<br><br>**The Bopp Law Firm, PC,** an Indiana Professional Corporation,<br><br>*Counter-Defendant.* | |

### TRUE THE VOTE'S MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIM IN THE INTERESTS OF JUSTICE

True the Vote hereby supplements its Responses in Opposition to the Bopp Law Firm's (A) Motion for Entry of Default Judgment and (B) Rule 12(b)(6) Motion to Dismiss (together, "the Motions") with this motion (in the alternative) for leave to amend its Answer and its Counterclaims. TTV's Amended Answer, Affirmative Defenses, and Counterclaim, along with a proposed order, are attached to this motion.

TTV made a conscious decision not to expend valuable resources responding to BLF's Amended Complaint (Dkt. 19), filed June 2, 2023. After performing a comparison between the

1

Complaint (Dkt. 1) and the Amended Complaint, TTV's counsel determined that the Amended Complaint's allegation of just another matter on which monies were allegedly owed contained no new theory of the case and did not broaden the scope of the case — the two primary factors that counsel determined, via research, would be controlling.[1] BLF, which had exhaustively billed TTV during its own representation, now complains about this reasonable decision and asks for drastic remedies, including a $1M default. However, should the Court view an amended answer as necessary or desirable, the Court should follow the majority of judicial opinion on the matter and allow TTV to amend its pleadings. Much of the relevant argument in favor of doing so is contained in TTV's Responses to the Motions.

### I. Justice Requires that TTV Be Allowed to Amend its Answer Because This Case Has Just Begun and BLF Would Suffer No Prejudice.

Rule 15 of the Federal Rules of Civil Procedure states that the Court should freely grant leave to amend pleadings "when justice so requires." *Daugherity v. Traylor Bros.*, 970 F.2d 348, 1992 WL 186561 (7th Cir. 1992); *Slabaugh v. LG Elecs. USA, Inc.*, 2015 WL 13638629 (S.D. Ind. Jan. 14, 2015), quoting Fed. R. Civ. P. 15(a). This is a broad allowance that courts constrain only through a limited number of specific exceptions enumerated by the Supreme Court, which stated, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be

---

[1] Indeed, the "TTV Donor" fees added to the Amended Complaint weren't even past due: BLF had emailed an invoice to TTV's former counsel on May 10, 2023, demanding payment from TTV by May 19, and threatening "default" if the new bill was not paid in the next 8 days. It is unreasonable by any standard to demand payment within 9 days of the invoice being sent.

2

freely given." *Foman v. Davis*, 371 U.S. 178 (1962) (cleaned up); *see also Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993) (quoting *Foman v. Davis*); *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). Where no such exception exists, "leave to amend should be granted." *Id*.

And indeed, in this case, no such exception exists, nor has BLF alleged any exception anywhere in its Motions, *though the burden is BLF's to carry*. *See Short v. N. Pointe Ins. Co.*, No. 1:11-CV-00545-SEB, 2013 WL 1828024, at *13 (S.D. Ind. Apr. 29, 2013) (noting "it is the opposing party that carries the burden of proving that the amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice"); *Slabaugh v. LG Elecs. USA, Inc.*, 2015 WL 13638629 (S.D. Ind. Jan. 14, 2015) (same). Indeed, this case is at such an early stage that BLF did not even bother to argue it could be prejudiced.

By contrast, if this case had actually advanced sufficiently that TTV could be said to have "fail[ed] to pursue [its] case diligently, *Garner v. Kinnear Mfg. Co.*, 37 F.3d 263, 270 (7th Cir. 1994), or had "sought leave to amend after [the other party had filed] a successful motion for summary judgment," *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995), or after discovery was completed, *Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994), then this Court would be within its discretion to deny amendment. But "[d]elay on its own is usually not reason enough for a court to deny a motion to amend," *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008), while courts have granted amendment in cases of far greater delay. *See Camilotes v. Resurrection Healthcare*, No. 10 C 366, 2011 WL 1539679, at *4 (N.D. Ill. Apr. 21, 2011) (finding no prejudice in eight-month delay).

But this case has just begun, and TTV has not failed to pursue its case, nor has discovery

3

even been scheduled, while BLF can suffer no prejudice if TTV is allowed to amend. Thus, the broad allowance of Rule 15 stands here, and the Court should allow TTV to amend its Answer and its Counterclaims. In short, TTV should be granted leave to amend its Answer because:

- BLF has amended its own pleadings;
- the parties have not even filed a case management plan;
- the initial pretrial conference is not set until August 11, 2023;
- a scheduling/docket control order has not yet been entered, *cf. Alioto v. Town of Lisbon*, 651 F.3d 715 (7th Cir. 2011) (noting that in such cases, Rule 15 can be in tension with Rule 16 if courts have set deadlines for amended pleadings);
- there has been no discovery;
- BLF has claimed no prejudice if its hypertechnical efforts to acquire an unearned, $1,058,883.86 default are not rewarded.

BLF has done nothing to prove its claims on the merits, and, as demonstrated in TTV's accompanying Response brief, (1) BLF's Amended Complaint did nothing to change the theory and scope of its claim for monies owed by a former client, (2) the weight of Seventh Circuit and other authority counsels against rewarding gamesmanship and in favor of deciding cases on their merits, and (3) BLF is and remains clearly on notice that TTV contests its claims and intends to pursue its own. Let the adversarial process begin, and run its natural, equitable course.

**II. TTV is Entitled to Amend its Counterclaims as a Matter of Course**

Similar, but stronger, equitable considerations apply to TTV's amendment of its Counterclaims. TTV may amend its Counterclaims (Dkt. 13) as a matter of course, for Rule 15(a)(1)(B), titled "Amending as a Matter of Course," states that "A party may amend its pleading

4

once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." BLF filed its 12(b)(6) Motion to Dismiss on June 30, 2023. Thus, TTV has until July 21, 2013 to amend its Counterclaims *as a matter of course*. While BLF would suffer no prejudice if counterclaims on which it has notice remain in the case, TTV would suffer serious prejudice if the counterclaims were dropped from the case, in spite of having been duly filed and never answered, and TTV was left with none of the logical offsets to the monies demanded in the Amended Complaint.

TTV seeks to amend its Answer and Counterclaims in good faith, and TTV has not previously obtained leave to amend. (BLF, however, has done so). To the contrary, this case is just settling into the starting blocks. BLF's repeated attempts to deprive TTV of its day in court based on questionable tactics (a bad-faith and frivolous motion for sanctions sounding in summary judgment, a motion for default) has caused TTV and this Court to expend their limited resources on BLF's incorrect interpretation of pleading technicalities when the focus should be on the merits. The weight of the better-reasoned caselaw is in accord. *See Davis v. Beaird*, 2014 WL 916947 (E.D. Mo. Mar. 10, 2014) ("Given the ambiguity in the Federal Rules of Civil Procedure with regard to whether a counterclaim must be replead, the Court declines a formalistic interpretation of Rule 15(a)(3) and finds that equitable considerations weigh in favor of allowing Officer White to proceed with his counterclaim"); *Mathews v. Ohio Pub. Employees Ret. Sys.*, 2014 WL 4748472 (S.D. Ohio Sept. 23, 2014); *Freedom Med., Inc. v. Gillespie*, No. 06–3195, 2013 WL 3819366 (E.D.Pa. July 23, 2013) (rejecting the argument that Rule 13(a), standing alone, supports "the proposition that pending counterclaims are mooted by the filing of an amended complaint"); *Ellering v. Sellstate Realty Sys. Network, Inc.*, 2011 WL 13318194 (D. Minn. Aug. 25, 2011); *Cairo Marine Serv. v. Homeland Ins. Co.*, No. 4:09CV1492, 2010 WL

4614693 (E.D.Mo. Nov. 4, 2010) (finding that the defendant evidenced an intent to pursue the counterclaim and that the plaintiff would not be prejudiced because it had notice of the defendant's counterclaim); *Bell v. Nat'l Safety Assocs.*, No. C–3–90–400, 1993 WL 1367438 (S.D.Ohio Oct.1, 1993) (analyzing the merits of the counterclaim where the defendant filed a counterclaim as part of its answer to the original complaint, but did not reassert the counterclaim when answering the second amended complaint); *AVKO Educ. Rsch. Found. v. Morrow*, No. 11-13381, 2013 WL 1395824, at *1 (E.D. Mich. Apr. 5, 2013) (concluding that counterclaim remained pending even though the defendants had not re-filed it with their answer to the amended complaint); *Dunkin Donuts, Inc. v. Romanias*, 2002 WL 32955492, at *2 (W.D. Pa. May 29, 2002) (finding defendant who did not reassert its counterclaims in its amended answer did not abandon them); *Cairo Marine Serv., Inc. v. Homeland Ins. Co. of New York*, 2010 WL 4614693, at *2 (E.D. Mo. Nov. 4, 2010); *Mullins v. Med. Lien Mgmt., Inc.*, 411 P.3d 798 (Colo. App. 2013) (deciding similar state Rule 15(a)); *Mantle v. N. Star Energy & Constr. LLC*, 437 P.3d 758 (Wyo. 2019) (deciding similar state rule).

  In addition to all the arguments in favor of allowing amendment to the Answer, there is also the fact that it would make no sense to amend the Counterclaims here while purporting to decide (in BLF's favor) the Amended Complaint to which the Counterclaims clearly constitute an offset. The $1 million sought by BLF would still be in dispute, and the same issues would need to be litigated — except that TTV would be significantly prejudiced by the removal of the offsets to BLF's inflated bill.

Dated: July 14, 2023

Respectfully submitted,

GREGOR WYNNE ARNEY, PLLC

/s/ *Michael J. Wynne**
Michael J. Wynne
Texas State Bar No. 00785289
SDTX No. 18539
909 Fannin, Ste. 3800
Houston, Texas 77010
281-450-7403
Email:  mwynne@gwafirm.com

**Pro Hac Vice*

/s/ *John J. Morse*
John J. Morse
Attorney No. 16146-49
Morse & Bickel, P.C.
1411 Roosevelt Ave., Ste. 102
Indianapolis, IN 46201
Telephone: 317-686-1540
Facsimile: 317-630-2790
Email: Morse@MorseBickel.com

COUNSEL FOR TRUE THE VOTE, INC.

7

**CERTIFICATE OF SERVICE**

I certify that on July 14, 2023, I caused to be served on all counsel of record the foregoing and all exhibits and attachments thereto in the above-captioned matter to be filed with the United States District Court for the Southern District of Indiana, Terre Haute Division, using the Court's CM/ECF system, including

Mr. James Bopp, Jr.
Lead Counsel for
The Bopp Law Firm
1 South Sixth Street
Terre Haute, Indiana 47807-3510

/s/ *Michael Wynne**
Michael Wynne
**Pro Hac Vice*
Counsel for True the Vote