UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| THE BOPP LAW FIRM, PC, an Indiana Professional Corporation, | ) ) ) | |
| Plaintiff/Counter Defendant, | ) ) | |
| v. | ) ) | Case No.  2:23-cv-00120-JRS-MG |
| TRUE THE VOTE, INC., a Texas Corporation, | ) ) ) | |
| Defendant/Counter Claimant. | ) ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS
AND IN OPPOSITION TO PROPOSED AMENDED ANSWER**

Counter Defendant, The Bopp Law Firm, PC, ("BLF") has moved the Court [Doc 24], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss as moot the counterclaim filed by Defendant/Counterclaimant ("MTD"), True The Vote, ("TTV") as part of its Answer, Counterclaim and Affirmative Defenses on May 15, 2023. [Doc 13] It alternatively asked the Court to dismiss Counts I, III and IV of the Counterclaim for failure to comply with Rule 9(b). TTV has now made competing filings opposing the motion to dismiss [Doc 28] [1] yet asking leave to amend its counterclaim as part of an amended answer. [Doc 30] Of course, it does not need to amend its answer but rather needs to answer, for the first time, the Verified Amended Complaint. [Doc 19] That said, because its proposed amendment fails to address the issues raised by the MTD, BLF files this brief reply.[2]

---

[1] TTV also filed [Doc 29] which appears to be a duplicate of [Doc 28].
[2] BLF will address TTV's opposition to its motion for default and leave to amend in a separate pleading.

**Abandoned Counterclaim**

TTV has provided the Court with the exact reason BLF reasonably believed TTV had abandoned its thinly worded counterclaim. In compliance with the prior notice requirements of Rule 11 of the Federal Rules of Civil Procedure, BLF alerted TTV to its belief the counterclaim has no factual merit and is advanced in bad faith to avoid payment of legitimate legal fees. It did not file the motion for sanctions on June 22nd, but rather is prepared to do so at the appropriate time having now put TTV on notice of its contentions. The day after it sent its notice to TTV BLF filed its Verified Amended complaint [Doc 19] adding, as TTV admits, an additional claim related to an additional instance of engagement for legal services. Each engagement is, of course, a freestanding contract presenting a claim requiring an answer. When TTV did not do so and did not otherwise respond to the notice, it appeared to BLF TTV had rethought its counterclaim in light of the detailed objections and potential for sanctions raised by BLF to it. While there are varying opinions with regard to the significance of failing to replead a counterclaim, it's clear the Court has the discretion to determine the amended complaint has rendered it moot.

**FRAUD MUST BE PLED WITH PARTICULARITY**

TTV's opposition to providing the detail required by Rule 9 is puzzling. It cites multiple cases which have almost universally resulted in dismissal of deficient claims while quoting broad language that suggest an exception to which it has provided no showing it is entitled, lack of access to the necessary detail. In *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849 (7th Cir. 2009), a *qui tam* action alleging the Defendant provided defective engine parts to the government, the Court noted:

The complaint alleges that five contracts between Rolls–Royce and the United States require all of the engine's parts to meet particular specifications; that the parts did not do so (and the complaint describes tests said to prove this deficiency); that Rolls–Royce knew that the parts were non-compliant (not only because Lusby told his supervisors this but also because audits by Rolls–Royce's design and quality-assurance departments confirmed Lusby's conclusions); and that Rolls–Royce nonetheless certified that the parts met the contracts' specifications. The complaint names specific parts shipped on specific dates, and it relates details of payment.

*Id*. at 853-54. Despite these allegations, the District Court noted the Plaintiff had provided no detail with regard to the Defendant's invoicing of the government for the parts shipped. On this point, the Circuit Court observed: "Since a relator is unlikely to have those documents unless he works in the defendant's accounting department, the district court's ruling takes a big bite out of *qui tam* litigation." Thus the rule's expectation of detail can be excused where the required information is not available to the claimant.

This point is further flushed out in *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust* v. *Walgreen Company*, 631 F.3d 436 (7th Cir. 2011). In discussing the reasoning for the requirements of Rule 9, the Court observed:

The concepts involved are relatively straightforward, but this appeal implicates important wrinkles that merit discussion. Under Rule 9(b) of the Federal Rules of Civil Procedure, a party who alleges fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." As one district court has noted, the particularity requirement of Rule 9(b) is designed to discourage a "sue first, ask questions later" philosophy. *Berman v. Richford Indus., Inc.*, 1978 WL 1104, at *5 (S.D.N.Y. July 28, 1978); see also *Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.,* 412 F.3d 745, 748–49 (7th Cir.2005) (the particularity requirement "forces the plaintiff to conduct a careful pretrial investigation" and minimizes the risk of extortion that may come from a baseless fraud claim); *Kennedy v. Venrock Assocs.*, 348 F.3d 584, 594 (7th Cir.2003) (the particularity requirement protects defendants from "privileged libel").

In adding flesh to the bones of the word particularity, we have often incanted that a plaintiff ordinarily must describe the "who, what, when, where, and how" of the

fraud—"the first paragraph of any newspaper story." *United States ex rel. Lusby v. Rolls–Royce Corp*., 570 F.3d 849, 854 (7th Cir.2009). Yet, because courts and litigants often erroneously take an overly rigid view of the formulation, we have also observed that the requisite information—what gets included in that first paragraph—may vary on the facts of a given case. *Emery v. Am. Gen. Fin., Inc*., 134 F.3d 1321, 1324 (7th Cir.1998) (**flexibility when information lies outside of plaintiff's control**); *In re HealthCare Compare Corp. Secs. Litig*., 75 F.3d 276, 285 (7th Cir.1996) (Ripple, J., dissenting) (noting that reasonable minds can and will differ on the adequacy of a given fraud averment); see also *Shushany v. Allwaste, Inc*., 992 F.2d 517, 521 (5th Cir.1993) ("What constitutes 'particularity' will necessarily differ with the facts of each case...."). The twin demands of detail and flexibility, though in tension with one another, make sense in light of the competing purposes of the federal rules. Heightened pleading in the fraud context is required in part because of the potential stigmatic injury that comes with alleging fraud and the concomitant desire to ensure that such fraught allegations are not lightly leveled. (emphasis added)

*Id*. at 441-42. Having considered the issue in the context of an allegation "on information and belief", the Court goes on to say:

The general rule that fraud cannot be pled based on information and belief is not ironclad, however: the practice is permissible, so long as (1) the facts constituting the fraud are **not accessible to the plaintiff** and (2) the **plaintiff provides "the grounds for his suspicions.**" *Uni*Quality, Inc. v. Infotronx, Inc*., 974 F.2d 918, 924 (7th Cir.1992); *Bankers Trust*, 959 F.2d at 684.[*Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir.1992)](emphasis added)

*Id*. at 443. The Court found that Plaintiff's allegations there *de minimis* and thus affirmed dismissal of its *qui tam* claim.

The concerns expressed in *Pirelli* are clearly applicable to a case alleging members of the legal profession engaged in fraudulent activity to the detriment of their client. Such allegations are scandalous if not based in real world and specific descriptions of the alleged fraud. The consequences for those with a license to practice law are simply too great for any other approach to such allegations.

TTV also relies on *U.S. ex rel. Upton v. Family Health Network, Inc*., 900 F.Supp.2d 821 (N.D. Ill. 2012) which dismissed Plaintiffs' *qui tam* claims for failing to comply with Rule 9. The Court first observed:

> As discussed above, Relators have described specific incidences of the well pled "cherry picking" scheme. Therefore, their inability to provide the certifications' dates, identification numbers, or verbatim content does not preclude them from adequately pleading a false claim. *See Lusby*, 570 F.3d at 854. As the Seventh Circuit has recognized, a relator is unlikely to have access to the particular certifications, and therefore precluding a plaintiff from asserting a False Claims Act cause of action because the relator does not have access to the particular paperwork would excise "a big bite out of *qui tam* litigation."

*Id*. at 833. It then found the Plaintiff had not adequately alleged the misuse of those certifications to extract payment from the government but for our purposes it is the exception that matters. The Court gave the Plaintiff a pass, as in *Lusby* and *Pirelli*, from greater detail as to those certifications because it would not have access to that information.[3]

To the contrary, the claims of TTV here against BLF are based on allegations of misrepresentations by BLF to TTV. How is it possible TTV does not have direct access to the details of those misrepresentations? We are told by TTV in its response there is only one employee of TTV, presumably now back from her pilgrimage, who must therefore be the recipient of the

---

[3] TTV's quote from Pirelli is taken out of context and ignores the holding in the case that the allegations were not sufficient noting: "*See Corley*, 142 F.3d at 1050 [Corley v. Rosewood Care Ctr., 142 F.3d 1041, 1051 (7th Cir.1998)] ('the particularity requirement of Rule 9(b) must be relaxed where the plaintiff lacks access to all facts necessary to detail his claim'). But those are not the allegations here—and flexibility in the face of information asymmetries should not be conflated with whistling past the rules of civil procedure." *Pirelli* at 446.

TTV's reference to a dissenting opinion from *In re HealthCare Compare Corp. Securities Litigation*, 75 F.3d 276 (7th Cir. 1996) for the proposition reasonable minds can vary seems pretty obvious. While the question of the sufficiency of a pleading, as are most, is fact sensitive, *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993), in affirming the dismissal of the complaint, observed "the complaint did not identify who in particular was instructing the employees to make the arbitrary accounting adjustments, what particular adjustments were made, how those adjustments were improper in terms of reasonable accounting practices, how those adjustments were incorporated into Allwaste's financial statements, and if incorporated, whether those adjustments were material in light of Allwaste's overall financial position."

alleged misrepresentations, either orally or in writing. As such, TTV has direct access to any information it may need to make its allegations compliant with Rule 9, if it can.

BLF did not pretend the allegations on pages 44-48 of the counterclaim did not exist, it simply found they lack the requisite particularity required by Rule 9 given TTV has showed no basis for the relaxed standard it advocates. In an effort to justify its scant pleading TTV mixes together a few general allegations:

- First it alleges BLF misrepresented, presumably to a third-party, that it was general counsel for TTV. How does that statement in ¶ 435 tell the Court and BLF who made such misrepresentation, to whom was it made and when let alone what information shows it was inappropriate? In fact it appears this is not a misrepresentation to TTV and thus wouldn't support its fraud claims anyway.

- In what form, to whom and when did BLF provide "self-proclaimed subject matter expertise, legal advice and assurances" as alleged in ¶ 438. To suggest the dates for such events are well within BLF's knowledge assumes BLF agrees they occurred, which it denies, but the whole point of Rule 9 is for the Plaintiff to specifically disclose to the Defendant what **IT** thinks occurred and why it thinks that.

- While there is no detail as to whom TTV thinks BLF "regularly falsely proclaimed" its failure to pay legal fees, that statement in ¶ 439 again does not support the occurrence of fraudulent misrepresentations to TTV.

- The statement BLF "approached a donor" as set out in ¶ 441 again suggests it made some statement to a third-party which would not constitute a fraud on TTV.

- The review of the letter by BLF at TTV's request as referenced in ¶ 446 does not support any allegation of a misrepresentation made to TTV but without the letter or some specification of

its contents and intended recipient(s) there is no basis to assess the effort that might have been required to review it anyway.

- ¶ 447 references a misrepresentation to TTV but then fails to provide a specific date, who made it or what was allegedly said as required by Rule 9.

- ¶ 448 provides some details as to an amicus filing but other than the fact it was not accepted which is not, in and of itself, uncommon, TTV provides no factual basis to characterize any information provided by BLF with regard to that brief as in any way inaccurate.

That's all there is and it clearly does not meet the who, what, when and where standard applicable here in the absence of an explanation from TTV why it lacks access to that information. As a result Counts I, III and IV should be dismissed. Doing so would not be "hyper-technical", it would simply be requiring TTV to follow the rules.

### TTV'S AMENDED PLEADING DOES NOT CURE THE DEFECTS

Presumably, in the alternative, TTV asks the court to allow it to amend its previous answer and the counterclaim contained therein. [Doc 30] As noted, it simply needs to answer the amended complaint and add a counterclaim if it still desires to do so. That said, the proposed amended counterclaim [Doc 30-1] still fails to meet the requirements of Rule 9.

- ¶ 435 is now ¶ 466 but it provides no greater detail of a misrepresentation to TTV. It purports to rely on "information and belief" but we know from *Pirelli*, that is not a free pass to skirt Rule 9.

- ¶ 438 is now ¶ 469 but it includes no substantive change from the original.

- ¶ 439 is now ¶ 470 but it still alleges statements made to third-parties, not statements made to TTV.

- ¶ 441 is now ¶ 472 which adds some detail but still alleges statements to a third-party without a name or date let alone an allegation of misrepresentation.

- ¶ 446 is now ¶ 477 but provides no greater detail let alone an allegation of misrepresentation.

- ¶ 447 is now ¶ 478 but is virtually unchanged.

- ¶ 448 is now ¶ 479 but is virtually unchanged but for an allegation there was information not provided by BLF which is would not be a misrepresentation to TTV.

BLF set out for TTV in its motion to dismiss the standard it must meet to pursue its claims of fraud. The proposed amended complaint and counterclaim makes clear TTV is unable to make allegations that meet that standard. Whatever evidence may be presented relative to its effort to avoid paying the legal fees it owes for the services BLF rendered, seeking to expand that dispute into fraud is clearly unjustified by the allegations TTV presents. As such, those Counts should be dismissed.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

By:  _s/ Michael E. Brown_____
Michael E. Brown, ID No. 2914-49
*Attorney for Counter Defendant, The Bopp Law Firm, PC, an Indiana Professional Corporation*
mbrown@k-glaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on <u>August 3, 2023</u>, a copy of the foregoing was served on the following via the courts electronic filing system and/or First Class Mail:

Michael J. Wynne
Cameron Powell
Gregor Wynne Arney, PLLC
909 Fannin, Ste. 3800
Houston, TX 77010
mwynne@gwafirm.com
cpowell@gwafirm.com
*Pro Hac Vice Counsel for Defendant/Counter Claimant True the Vote, Inc.*

James Bopp, Jr.
Melena S. Siebert
The Bopp Law Firm
1 South Sixth St.
Terre Haute, IN 47807
jboppjr@aol.com
msiebert@bopplaw.com
*Counsel for Plaintiff, The Bopp Law Firm, PC*

John J. Morse
Morse & Bickel, PC
1411 Roosevelt Ave., Suite 102
Indianapolis, IN 46201
morse@morsebickel.com
*Counsel for Defendant/Counter Claimant True the Vote, Inc.*

_s/ Michael E. Brown_____
Michael E. Brown

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana 46204
(317) 638-4521
mbrown@k-glaw.com

230386\63081391-1