UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| **The Bopp Law Firm, PC,** an Indiana Professional Corporation<br><br>*Plaintiff,*<br><br>v.<br><br>**True the Vote, Inc.,** a Texas Corporation,<br><br>*Defendant.*<br><br>**True the Vote, Inc.,** a Texas Corporation,<br><br>*Counter-Claimant,*<br><br>v.<br><br>**The Bopp Law Firm, PC,** an Indiana Professional Corporation,<br><br>*Counter-Defendant.* | **Civil Case No. 2:23-cv-120 JRS-MG** |

### TRUE THE VOTE'S MOTION FOR LEAVE TO FILE SUR-REPLY OPPOSING BLF'S APPLICATION FOR ENTRY OF DEFAULT BY CLERK

Defendant and Counter-Claimant, True the Vote, Inc. ("TTV") files this Motion for Leave to File Sur-Reply in Opposing The Bopp Law Firm, P.C.'s ("BLF") Application for Entry of Default by the Clerk. In support of this Sur-Reply, TTV respectfully states the following.

This Court permits parties to file a sur-reply to address new arguments raised in a reply brief. *GEFT Outdoor, L.L.C. v. City of Westfield,* 491 F. Supp. 3d 387, 396 (S.D. Ind. 2020). However, unlike in *GEFT Outdoor*, where only one new argument was raised and the court determined it wasn't even new, BLF raised at least *six* new arguments in its Reply, to which TTV seeks to respond and dispute.

1

Specifically, for the first time:

- BLF argues that TTV failed to defend its case under FRCP 55(a), *see* Reply Brief at 13. This contention is false as TTV has vigorously defended this case since its inception. As a result, BLF's application for entry of default under Rule 55(a) must be denied because BLF has not shown that TTV "failed to plead or otherwise defend" this case.

- BLF argues that TTV intentionally disregarded pleading rules. To the contrary, TTV made a good faith decision that, in this specific instance, the federal rules do not require TTV to amend its answer to TTV's amended complaint. TTV's decision was based on sound case authority holding that a party is not required to amend an answer to an amended complaint that is substantially similar to the previously answered complaint. TTV fully briefed case authorities supporting its decision in its Response in Opposition to BLF's application for entry of default [Dkt. 29].

- BLF argues that TTV's decision not to file an amended answer on grounds that the federal pleading rules did not require it, somehow constitutes a "key admission," that supports an entry of default. *Id*. at 1, 2, 6, 14, 17, 18. It doesn't.

- BLF alleges that TTV is somehow invoking an improper "advice of counsel" mitigation exception to avoid a default judgment. *Id*. at 2. However, TTV is in no way attempting to establish a so-called "advice of counsel" default exception.

- BLF alleges that TTV failed to comply with Conduct Standards, *id*. at 13-16; and

- BLF contends that TTV's conclusion that it need not file an amended answer cannot qualify as "inadvertent" or "confused". *Id*. at 2, 3 n.3, 7, 9, 15, 18. These arguments are baseless.

TTV, accordingly, files this motion for leave to file its sur-reply to respond directly to the new arguments BLF sets forth in its reply brief in support of its application for entry of default by the clerk. Courts in this district prefer to "always allow litigants a full and fair opportunity to respond to arguments made by their adversary, including allowing sur-replies." *Chaib v. GEO Grp., Inc.*, 92 F. Supp. 3d 829, 835 (S.D. Ind. 2015), *aff'd*, 819 F.3d 337 (7th Cir. 2016); *see e.g., Pike v. Caldera*, 188 F.R.D. 519, 535 (S.D. Ind. 1999); *White v. Valeo Lighting Sys. N. Am., Inc.*, 2021 WL 5039543, at *2 (S.D. Ind. Oct. 29, 2021). While sur-replies are often related to motions on summary judgment, courts in this district will consider them in other procedural postures. *See Gerlach v. Rokita*, No. 1:22-CV-00072-TWP-MG, 2023 WL 2683132, at *5 (S.D. Ind. Mar. 29,

2023) (regarding motion for judgment on the pleadings); *Upchurch v. Indiana*, No. 1:19-CV-04644-SEB-MG, 2023 WL 1447898, at *1 (S.D. Ind. Feb. 1, 2023) (considering sur-reply on Motion to Stay). Allowing TTV to file its sur-reply will assist the Court in evaluating BLF's newly asserted arguments in light of TTV's responses.

WHEREFORE, Defendant and Counter-Claimant, True the Vote, Inc., respectfully requests the Court to grant it leave to file its sur-reply in opposition to BLF's application for entry of default by the clerk.

DATED and FILED on August 10, 2023.

Respectfully submitted,

By: */s/ Michael J. Wynne\**
Michael J. Wynne
Texas State Bar No. 00785289
SDTX No. 18539
Cameron Powell*
D.C. Bar No. 459020
GREGOR WYNNE ARNEY, PLLC
4265 San Felipe St., Ste. 700
Houston, TX 77027
Telephone: 281-450-7403
Email:  mwynne@gwafirm.com

*Admitted Pro Hac Vice

*/s/ John J. Morse*
John J. Morse
Attorney No. 16146-49
MORSE & BICKEL, P.C.
1411 Roosevelt Ave., Ste. 102
Indianapolis, IN 46201
Telephone: 317-686-1540
Facsimile: 317-630-2790
Email: Morse@MorseBickel.com

**COUNSEL FOR TRUE THE VOTE, INC.**

## CERTIFICATE OF SERVICE

I certify that on August 10, 2023, I caused to be served on all counsel of record the foregoing and all exhibits and attachments thereto in the above-captioned matter to be filed with the United States District Court for the Southern District of Indiana, Terre Haute Division, using the Court's CM/ECF system, including:

Mr. James Bopp, Jr.
Lead Counsel for
The Bopp Law Firm
1 South Sixth Street
Terre Haute, Indiana 47807-3510

By: */s/ Michael J. Wynne*
Michael J. Wynne

*Admitted Pro Hac Vice
COUNSEL FOR TRUE THE VOTE, INC.