UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| **The Bopp Law Firm, PC,** an Indiana Professional Corporation<br><br>*Plaintiff,*<br><br>   *v.*<br><br>**True the Vote, Inc.,** a Texas Corporation,<br><br>*Defendant.* | **Civil Case No. 2:23-cv-120 JRS-MG** |
| **True the Vote, Inc.,** a Texas Corporation,<br><br>*Counter-Claimant,*<br><br>   *v.*<br><br>**The Bopp Law Firm, PC,** an Indiana Professional Corporation,<br><br>*Counter-Defendant.* | |

**TRUE THE VOTE'S SUR-REPLY OPPOSING BLF'S APPLICATION FOR
ENTRY OF DEFAULT BY CLERK**

True the Vote, Inc. ("TTV") files this Sur-Reply in Opposing The Bopp Law Firm, P.C.'s

("BLF") Application for Entry of Default by the Clerk. In support of this Sur-Reply, TTV

respectfully shows the following:

1

**ARGUMENT**

I.   **BLF has Clarified Why It is Not Entitled to Entry of Default: Under Rule 55(a), TTV Has "Defended" This Case from its Inception.**

BLF's application in support of default and corresponding declaration of James Bopp, Jr., contends that BLF is entitled to a Rule 55(a) entry of default by the clerk because TTV did not file an amended answer to BLF's Amended Complaint by June 16, 2023, which TTV contends was substantially identical to BLF's initial Complaint. *See* Dkt. # 26-26-1. BLF's Reply Supporting Its Application for Entry of Default by Clerk and Response Opposing TTV's Motion for Leave to Amend Answer and Counterclaims, [Dkt. #35], ("Reply Brief"), *for the first time*, argues that in addition to not filing an amended answer, TTV's counsel did not "otherwise defend" TTV in this case. *Id.* at p. 13 (citing F.R.C.P. 55(a)). BLF is wrong, however, and has failed to bear its burden of showing that TTV, even if it was required to "plead" an amended answer, is not otherwise defending this case.

Rule 55(a) of the Federal Rules of Civil Procedure allows a plaintiff entry of default only "[w]hen a party against whom a judgment for affirmative relief is sought *has failed to plead or otherwise defend,* and that failure is shown by affidavit or otherwise." F.R.C.P. 55(a) (emphasis added).[1] But BLF's argument that TTV failed to "otherwise defend" is contained in two sentences that rest BLF's entire failure-to-defend argument not on any *sustained* "failure to defend", but on a novel "crucial instance" theory (Reply Brief at 13) regarding TTV's *one* decision, *soon reversed*,

---

[1] Although in its Response, TTV argued that BLF was not entitled to a default *judgment*, BLF contends that factors in assessing a party's entitlement to a default judgment are not currently relevant because BLF solely seeks an *entry of default* – the first step in a two-step process to obtain a default judgment. BLF then proceeds to spend the majority of its Reply Brief arguing why a default *judgment* is appropriate, even proclaiming, "TTV says 'a default judgment is not appropriate.' *Id.* at 5. But a default judgment is appropriate". *See* Dkt. # 35, p. 5. Nevertheless, because BLF has in no uncertain terms limited its request to an "entry of default by the clerk," both parties' discussion of default judgment factors is premature and not relevant to whether BLF is entitled to a Rule 55(a) entry of default by the clerk.

not to file an amended answer to a substantially similar Amended Complaint that broke no new ground.[2] Those sentences also admit that TTV is "now defending" this case, raising the question of when, in the brief infancy of this case, TTV could reasonably be held to have failed to "otherwise defend":

> TTV of course is *now defending*, but it consciously chose not to answer the Amended Complaint, which was a crucial instance of non-defending that leads to default under the Rules. *Defending now* does not erase not defending at the crucial time when not defending constituted default.

*See* Dkt. # 35, p. 13 (emphases added).[3]

The indisputable facts, however, demonstrate that TTV has always actively and vigorously defended itself. The following activities by TTV in defense of its case, which took place before BLF filed its Application for Entry of Default, are illustrative though by no means exclusive:

- TTV agreed to waive Service of Summons. [Dkt. # 10];

- TTV's lead counsel, Michael J. Wynne, filed a motion to appear *pro hac vice.* [Dkt # 11];

- TTV timely filed its lengthy original answer, disputing BLF's allegations in over 420 paragraphs, asserting affirmative defenses, and lodging a detailed counterclaim. [Dkt # 13];

- TTV's counsel in Indiana, John Morse, filed an Appearance of Counsel. [Dkt. # 15];

- TTV's counsel has consistently conferred with BLF's counsel, and on May 26, 2023, TTV extended BLF the professional courtesy of agreeing not to oppose BLF's Initial Extension of Time to Answer or Otherwise Plead. [Dkt # 18];

- TTV's counsel Cameron Powell filed a motion to appear *pro hac vice.* [Dkt. # 23].

---

[2] BLF argues, in a footnote, that the Amended Complaint's new counts "differed in kind" from the original, and as support BLF points to . . . yet another item of its work product (the 18th) for which it claims money is owed pursuant to a contract (specifically, a "retainer agreement"). *See* BLF's Reply Brief at 7, n.5. In short, the work product item added in the Amended Complaint was, like all the others, a demand for money owed for legal services. It added nothing new, nor anything that would give BLF reason to believe the claim would not be opposed.

[3] Notably, BLF does not cite any authority supporting this questionable reasoning. Instead, BLF includes a footnote that mentions that the *Wolf Lake* case addresses Conduct Standards. However, neither *Wolf Lake* nor Conduct Standards supports BLF's argument that TTV has somehow failed to defend the case.

On June 30, 2023, BLF filed its Motion to Dismiss [Dkt. # 24]; Memorandum in Support of its Motion to Dismiss [Dkt. # 25]; and finally, its Application for Entry of Default by the Clerk [Dkt. # 26]. Since then, TTV actively defended this case, including but not limited to the following actions:

- On July 14, 2023, TTV responded to BLF's Motion to Dismiss, though the response was not due until a week later, on July 21, 2023. [Dkt. # 28];

- Precisely because BLF *knew* TTV was defending this case, BLF consciously neglected standards of professional conduct and failed to notify TTV that it was filing an Application for Entry of Default.

- On July 14, 2023, TTV timely responded to BLF's Application for Entry of Default, setting forth its good faith belief based on the language of the Rule and the case law most clearly on the point that the rules did not require an amended answer under the circumstances of this case. [Dkt. # 29];

- On July 14, 2023, TTV filed its Motion for Leave to Amend its Pleadings, attaching a copy of the amended pleadings: amended answer, affirmative defenses, and counterclaim. [Dkt. # 30]. In short, BLF has its amended answer. This case may now proceed on the merits.

- On July 18, 2023, upon BLF's request, TTV again extended professional courtesy, agreeing not to oppose BLF's Motion for Extension of Time to File Replies in Support of its Motion to Dismiss and Application for Entry of Default Judgment, and Response to TTV's Motion for Leave to Amend. [Dkt. # 32].

- TTV's counsel collaborated with BLF's counsel on the Case Management Plan, filed with the Court on August 4, 2023. [Dkt. # 37].

- TTV will fully participate in the August 11, 2023, Initial Pretrial Conference.

BLF has made clear that it solely seeks an entry of default by the clerk, and it does not seek a default judgment pursuant to Rule 55(b). *See* Dkt. # 35, pp. 6, 8. Rule 55(a) requires a finding that TTV has "failed to plead *or otherwise defend*" this case. TTV's counsel has demonstrated at every turn that it is actively defending itself in this case, both before and after its inception. TTV's

active defense belies BLF's claimed entitlement to entry of default under Rule 55(a), and the Court must deny its application for entry of default on this ground alone.

## II.     TTV Refutes BLF's Additional New Arguments.

Because BLF is not entitled to an entry of default by the clerk under Rule 55(a) (the first step in obtaining a default judgment), the Court need not assess the equities as to whether a default judgment is proper under the present circumstances. Nevertheless, to set the record straight, TTV will respond to the new arguments raised in BLF's Reply Brief pertaining to TTV's decision not to amend its answer.

### 1. Contrary to BLF's Contention, TTV Did Not Choose to Disregard Federal Pleading Rules.

#### (a) There is no "Key Admission" that Would Preclude Mitigating Factors in Assessing the Propriety of a Default Judgment.

BLF's Reply Brief claims that TTV made a "Key Admission" that forecloses TTV from relying on any mitigating factors (*i.e.*, lack of prejudice, inadvertence, mistake) as to why TTV did not file an amended answer. *See* Dkt. # 35, pp. 1, 2, 6, 9, 17, 18. According to BLF, this "Key Admission," referenced in TTV's Motion for Leave to Amend, is that TTV made the conscious decision not to file an amended answer. *See* Dkt. # 30, pp. 1 - 2. This is a very curious argument: BLF would have this Court create precedent that holds if a party made a "conscious" good faith decision, based on sound legal authorities, that an amended answer was not required under the federal rules, the fact that the choice was made "consciously" somehow precludes a party from asserting mitigating factors in defending against a default judgment and avoiding harsh results based on technicalities prejudicing no one. But there is no way to decide that the federal pleading rules do not require an amended answer under these specific circumstances other than *consciously*.

The Court should not set BLF's desired precedent that would encourage parties to pretend they did not deliberate over such decisions at all, and to feign mistake.

As TTV stated in its Response to BLF's request for entry of default, TTV made a reasonable decision that the federal rules did not require it to file an amended answer under the specific circumstances of this case. *See* Dkt. # 29 at 6–10. TTV's good faith determination was based on (1) sound case law stating why the federal rules should not be construed hyper-technically to require a defendant to file an answer to an amended complaint when that complaint is substantially similar to the original complaint that the defendant did answer in full; and (2) TTV's reasonable and valid assessment that the amended complaint was in fact substantially similar to the previous complaint on which TTV timely filed an answer. BLF's repeated contention that TTV's decision not to file an answer somehow constitutes a "Key Admission," is a red herring, as BLF's description of this so-called "Key Admission" is not an "admission" of any material fact, notwithstanding BLF's attempt to seize upon the concept of TTV's "consciousness". It is no secret that TTV determined (even if by mistake or inadvertence) it was not required to file an amended answer under the circumstances of this case. TTV extensively briefed the case law supporting this decision, in its Response to BLF's application for entry of judgment. *See* generally, Dkt. # 29.  BLF likely knows this, which is why BLF attempts to attack TTV's reasonable decision that it was not required to file an amended answer by arguing that TTV's choice not to file an amended answer constitutes an "admission" to, of all things, disregard federal pleading rules. *See e.g*. Dkt. # 35, pp. 2, 7, n.6, 10, 12, 14, 18. Nothing could be further from the truth. TTV did not disregard any federal rule. Rather, TTV made a good faith decision, based on sound case authority, fully set forth in its Opposition.

In furthering its "key admission" narrative, BLF argues that the case authorities TTV relied upon "differ in kind because choosing not to answer invokes none of the do-justice concerns that might lead a court to exercise its discretion not to enter default." *See* Dkt. # 35, p. 13. For example, BLF attempts to distinguish *KST Data v. DXC Tech. Co.*, 980 F.3d 709, 714-16 (9th Cir. 2020) from the present case, stating: "There is no indication that the non-answer [in *KST Data*] was a conscious decision despite the rules." *Id*. at p. 10. But, in fact, the *KST* court addressed several cases in which courts found the defendant had the "option" to file an answer to an amended complaint. *See KST*, 980 F3d at 714.[4] BLF's "key admission" narrative — the basis on which BLF distinguishes TTV's relevant case authorities — is false, disingenuous, and inconsistent with reasoning of the case law. Simply put, "consciousness" is not a factor that distinguishes the present case from those briefed in TTV's Response in Opposition to BLF's Application for Entry of Default, Dkt. # 29.

The authorities TTV relies upon are consistent with the facts in this case. If the case law does not require an amended answer to an amended complaint that is substantially similar to the already answered complaint, what difference does it make whether a party makes an informed, "conscious" decision that an amended answer is not required, or whether a party inadvertently overlooked filing an amended answer that was not actually required? The result is the same: there was no requirement to file an amended answer. Again, BLF's desired precedent would lead to absurd

---

[4] According to the *KST* court: "ES asks [the court] to adopt the rulings of several federal district courts in California that have held it is the defendant's ***option to file an answer to an amended complaint.***" *KST Data v. DXC Tech. Co.*, 980 F.3d 709, 714 (9th Cir. 2020)(citations omitted)(emphasis added). The court then confirmed that "These district courts concluded that the defendant ***may*** file a new answer if "the ... [a]mended [c]omplaint makes allegations that change the theory or scope of the case." *Id*. at 715, citing *Stanley Works v. Snydergeneral Corp.*, 781 F. Supp. 659, 665 (E.D. Cal. 1990). "But when an amended complaint "does not add new parties, new claims, or significant new factual allegations, ... ***the previously filed response to the original pleading [will] suffice***." *Id* at 715, quoting *Upek*, 2010 WL 2681734, at *3 (quoting *Kraft v. Arden*, No. CV 07-487-PK, 2009 WL 73869, at *7 (D. Or. Jan. 8, 2009))(emphasis added).

results because it would grant more deference to a party that *forgets* to file an answer (or pretends to) than to one that in good faith decides it was not required to answer (even if it soon did).

### (b) TTV Does Not Claim an "Advice of Counsel" Exception to Justify its Decision not to File an Amended Answer.

BLF spends a significant amount of time in its Reply Brief disputing an argument TTV never made. Specifically, TTV never claimed that "advice of counsel" or "costs" was the basis for its decision not to file an amended answer. Tellingly, BLF's argument leaves out TTV's specific explanation that in its analysis of legal authorities, it determined that BLF's amended complaint did not assert any new theories and did not broaden the scope of the case.[5] *See* Dkt. # 30, p. 2. In other words, TTV made a good faith decision that in this instance, the federal rules did not require it to amend its answer.

BLF thus purports to respond to a defense that TTV did not make. Further, BLF's subsequent digression about tax laws and its reference to a "reasoned written legal opinion" that "addresses itself to the facts and applicable law" is a sideshow. TTV does not rely on a so-called "advice of counsel" defense to "excuse" its good faith decision not to file an amended answer, and BLF's attempt to project such an argument fails.

### (c) Even *if* there is a Determination that TTV was Required to File an Amended Answer, TTV's Decision that it was Not Required to File an Amended Answer Constitutes a Good Faith Mistake, Based on Legal Authority – *Not* an Intentional Disregard of Federal Pleading Rules.

Even if TTV was incorrect in its reasonable and good faith assessment that it was not required to file an amended answer, there is no basis for BLF's contention that TTV made an intentional

---

[5] This portion of TTV's Motion for Leave to Amend states:  After performing a comparison between the Complaint (Dkt. 1) and the Amended Complaint, TTV's counsel determined that the Amended Complaint's allegation of just another matter on which monies were allegedly owed contained no new theory of the case and did not broaden the scope of the case — the two primary factors that counsel determined, via research, would be controlling.  Dkt. # 30, p. 2.

choice to defy pleading requirements under the federal rules. To the contrary, any finding that TTV was required to file an amended answer, at most, would show that TTV was mistaken in its good faith belief that the federal rules did not require an amended answer under the specific circumstances in this case. There is, accordingly, no basis for BLF's false "key admission" narrative, or for any argument that TTV is precluded from relying on mitigating factors raised in its Response to avoid a default judgment, including that technical defaults are disfavored and that a $1 million windfall is patently inequitable —especially where TTV did expressly oppose 17 of BLF's 18 claims for compensation for work product.

Of course, it is not necessary for the Court to determine whether BLF's pleadings are substantially similar, or whether TTV was correct or mistaken as to its good faith decision that it was not required to file an amended answer. The unequivocal facts show that at all times during this case, TTV's legal counsel has actively engaged in this case and defended TTV.  Accordingly, BLF has not met the requirements for a Rule 55(a) entry of default and there is no need for the Court to look further.

### (d) BLF's contention that TTV Has Failed to Comply with Conduct Standards is False.

In a seeming effort to justify its disregard of the Seventh Circuit's Standards for Professional Conduct ("Conduct Standards"), by failing to notify known TTV counsel of BLF's intention to request an entry of default,[6] BLF complains that TTV has also breached such Conduct Standards by using "pejorative adjectives" in its written response to BLF's application for entry of default. *See* Dkt. # 35, p. 17. In fact, TTV's use of so-called "pejorative adjectives" apparently struck a nerve with BLF, as it mentions these alleged "pejorative adjectives" no less than eight times. *Id.* at

---

[6] The Conduct Standard's, Lawyers Duties to Other Counsel, Paragraph 18 provides:" We will not cause any default or dismissal to be entered without first notifying opposing counsel, when we know his or her identity."

3, 4, 10, 16, 17, 19. BLF's "lack of civility" accusation rings quite hollow, considering the facts. TTV's briefing that BLF contends was uncivil was in direct response to a BLF ambush to obtain an entry of default precisely by eschewing professional standards of conduct and common professional courtesy.[7]

Of course, BLF made a decision not to notify TTV of its intention to request an entry of default because it *knew* that TTV's counsel was in fact actively defending this case. BLF wanted to score an entry of default before TTV could respond. BLF's strategic decision, although lacking in common professional standards, illustrates that BLF *knew* TTV was actively involved in defending this case. This evidence, along with a myriad of other evidence showing that TTV was unequivocally defending this case, precludes BLF's Rule 55(a) request for entry of default, which is not allowed unless a defendant has "failed to plead *or otherwise defend*."

Contrary to BLF's accusation of "uncivility," TTV has been more than professional and civil to BLF. TTV has demonstrated professionalism and civility, for instance, by (i) agreeing not to oppose BLF's extension of time to file an answer to TTV's counterclaim; (ii) agreeing not to oppose BLF's motion for an extension of time to respond to TTV's motion for leave to amend and to file reply briefs in support of its motion to dismiss and to its motion for entry of default; and (iii) extensively working with BLF's counsel on the parties' joint case management plan, filed on Friday, August 4, 2023. In fact, TTV's counsel initiated the case management plan collaboration and took the lead in scheduling the initial attorney conference and drafting the case management plan.

---

[7] Further, BLF's grumbling about "pejorative adjectives" and lecturing TTV on what hinders a reasoned legal analysis does not further this case in any meaningful way. It is not BLF's place to coach TTV on what constitutes reasoned legal analyses, and BLF's continual complaining of "pejorative adjectives" in briefing is yet another waste of the Court's time.

## CONCLUSION

BLF solely seeks an entry of default by the clerk under Federal Rule of Civil Procedure 55(a). In fact, BLF has made it clear that it is not seeking a default judgment under Rule 55(b), and that it is premature to assess the various factors involving the appropriateness of a default judgment under Rule 55(b). *See* Dkt. # 35, p. 8. TTV agrees.

Therefore, the only issue before the Court is whether, under Rule 55(a), TTV has *"failed to plead or otherwise defend"* in this case. *See* FED. R. CIV. PRO. 55(a). The Court need not assess the disputed issue of whether TTV "failed to plead" after TTV determined that the federal rules did not require it to file an amended answer under the specific circumstances of this case. That analysis is not pertinent to BLF's application for Rule 55(a) entry of default as TTV most certainly did not "fail to otherwise defend," foreclosing any entry of default by the clerk under Rule 55(a).

WHEREFORE, Defendant and Counter-Claimant, True The Vote, Inc., respectfully requests the Court to deny Plaintiff and Counter-Defendant's, The Bopp Law Firm, P.C.'s, Rule 55(a) Application for Entry of Default.

DATED and FILED on August 10, 2023.

Respectfully submitted,

By: */s/ Michael J. Wynne\** _____
Michael J. Wynne
TX Bar No. 00785289
mwynne@gwafirm.com
Cameron Powell*
D.C. Bar No. 459020
cpowell@gwafirm.com
GREGOR WYNNE ARNEY, PLLC
4265 San Felipe St., Ste. 700
Houston, TX 77027
Telephone: 281-450-7403
Facsimile: 832-390-2655


By: */s/ John J. Morse* _____
John J. Morse
Attorney No. 16146-49
morse@morsebickel.com
MORSE & BICKEL, P.C.
1411 Roosevelt Ave., Ste. 102
Indianapolis, IN 46201
Telephone: 317-686-1540
Facsimile: 317-630-2790


**COUNSEL FOR TRUE THE VOTE, INC.**

## CERTIFICATE OF SERVICE

I certify that on August 10, 2023, I caused to be served on all counsel of record the foregoing and all exhibits and attachments thereto in the above-captioned matter to be filed with the United States District Court for the Southern District of Indiana, Terre Haute Division, using the Court's CM/ECF system, including:

Mr. James Bopp, Jr.
Lead Counsel for
The Bopp Law Firm
1 South Sixth Street
Terre Haute, Indiana 47807-3510

By: */s/ Michael J. Wynne*
Michael J. Wynne
*Admitted Pro Hac Vice*
Counsel for True the Vote, Inc.