UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| **The Bopp Law Firm, PC,** an Indiana Professional Corporation<br><br>*Plaintiff,*<br><br>v.<br><br>**True the Vote, Inc.,** a Texas Corporation,<br><br>*Defendant.*<br><br>**True the Vote, Inc.,** a Texas Corporation,<br><br>*Counter-Claimant,*<br><br>v.<br><br>**The Bopp Law Firm, PC,** an Indiana Professional Corporation,<br><br>*Counter-Defendant.* | **Civil Case No. 2:23-cv-120 JRS-MG** |

**TRUE THE VOTE'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND**

Defendant and Counter-Plaintiff, True the Vote, Inc. ("TTV") files this Reply in support of its Motion for Leave to Amend its responsive pleadings, and respectfully shows the following:

**I.
INTRODUCTION**

BLF opposes TTV's motion for leave to amend solely because it is hoping to obtain an entry of default and deprive TTV of the opportunity to defend this case on the merits. Specifically, despite the fact that TTV has fully defended itself during the entire tenure of this case, BLF attempts to obtain an entry of default by the clerk under Federal Rules of Civil Procedure 55(a) on

grounds that TTV did not timely file an amended answer to BLF's amended complaint, which was filed a mere 18 days after TTV filed its extensive, 52-page original answer, affirmative defenses, and counterclaim in this case, denying the allegations in BLF's complaint. *See* Dkt. # 13.

BLF's attempt to obtain a default before the case has gotten off the ground fails at the outset because an entry of default under Rule 55(a) is only proper when a defendant – TTV in this case – "has failed to plead *or otherwise defend*." *See Fed*. R. Civ. Proc. 55(a). Even *if* TTV did not timely file its *amended* answer to BLF's amended complaint, TTV has unequivocally *otherwise defended* itself in this case. BLF, accordingly, is not entitled to a Rule 55(a) entry of default by the clerk. Further, this Court should freely give TTV the opportunity to amend its pleadings so this lawsuit can move past the starting gate and proceed to the merits.

## II. LEGAL STANDARD AND TIMELINE

### A. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) sets forth the standard for granting a party leave to amend its pleadings: the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

TTV filed its motion for leave to amend before counsel began collaborating on the joint Case Management Plan ("CMP"). Although the proposed plan was submitted to the Court on Aug. 4, 2023, the initial pretrial conference was not held until today, Aug. 11, 2023, in which the Court confirmed that all parties agreed on the deadlines and indicated that the CMP would be approved. Under the CMP, the deadline to amend pleadings and/or to join additional parties is not until **November 3, 2023**. *See* Dkt. # 37, Sec. III.D. Because a scheduling order was not in place until

today, and the deadline for parties to amend is not until November 3, 2023, Federal Rule of Civil Procedure 16(b), requiring a party to show "good cause" to amend does not apply.[1]

Accordingly, Rule 15(a)'s liberal pleading rule — that the court "should freely give leave when justice so requires" —is the only applicable standard in determining TTV's motion for leave to amend. According to the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), "this mandate [to freely give leave to amend when justice so requires] is to be heeded." *Id*. at 182, citing 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10.

### B. Timeline

BLF opposes TTV's motion for leave to amend even though:

- When TTV sought leave to amend (July 14, 2023), the Initial Pretrial Conference (held today, August 11, 2023), was nearly one month away.

- When TTV sought leave to amend, counsel had not yet held their initial meeting to address and collaborate on the Case Management Plan, filed on Aug. 4, 2023.

- The CMP's proposed deadline for a party to amend its pleadings is not until November 3, 2023.

- When TTV sought leave to amend the parties had not exchanged their Rule 26 initial disclosures – exchanged today, Aug. 11, 2023.

- To date, no witness lists have been exchanged;

- To date, no experts have been designated;

---

[1] As a practical matter, however, even if TTV was required to make a "good cause" showing to amend, TTV would meet the "good cause" standard, which is a standard of ascertaining "diligence." "'Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment.'" *Trustmark Ins. Co.*, 424 F.3d at 553 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) ("In making a Rule 16(b) good–cause determination, the primary consideration for district courts is the diligence of the party seeking amendment."). TTV sought to amend its pleadings four weeks after the deadline to file an amended answer to BLF's amended complaint (if TTV was required to amend its answer), and two weeks after BLF filed its application for entry of default. There is no reasonable basis to contend that TTV has lacked diligence in defending this case.

- To date, no written discovery has taken place;

- To date, no depositions have taken place;

- To date, no summary judgments have been filed; and

- The CMP's proposed trial date is not until <u>February 2025</u> – a year and a half from now.

In fact, aside from BLF's maneuverings to dispose of this case on technical grounds it hasn't even met, very little has taken place, as the case has just begun.

## II.
## ARGUMENT AND AUTHORITIES

In the absence of any ***apparent or declared reason***—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." *Foman v. Davis*, 371 U.S at 182. *See also Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir.2004) (quoting *Foman*); *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co., Inc.*, 265 F.R.D. 341, 346 (N.D. Ind. 2010), quoting *Liu v. T & H Machine,* 191 F.3d 790, 794 (7th Cir. 1999) (quoting *Foman*).

### A.  BLF Does Not Allege a Sufficient Reason to Warrant a Denial of TTV's Motion for Leave to Amend.

Courts are to freely give leave to a party seeking to amend its pleadings when justice requires. *See* F.R.C.P. Rule 15(a). As is set forth above, longstanding case authority establishes the few exceptional reasons in which justice would not be served by allowing a party leave to amend. BLF has not asserted any of these reasons. Specifically,

4

- **No Undue Delay**: BLF does not claim that TTV's good faith decision not to amend its answer has caused undue delay. As is set forth above, a scheduling order was not in place when TTV filed for leave to amend. And the parties' proposed deadline to amend pleadings is not until November 3, 2023. There is no undue delay.

- **No Bad Faith:** BLF does not claim that TTV has engaged in bad faith. Rather, the sum of BLF's opposition is that because TTV made a "conscious" decision that the federal rules did not require it to file an amended answer under the circumstances of this case, TTV cannot now attempt to amend. This allegation simply does not rise to the level of bad faith, and in fact, BLF does not allege that it does.

- **No Dilatory Motive**: BLF does not claim a dilatory motive on the part of TTV. TTV promptly responded to BLF's application for entry of default and simultaneously sought to amend its pleadings. Further, TTV has been actively engaged in defending this case from the start.

- **No Undue Prejudice**: BLF does not claim the existence of any undue prejudice to the opposing party by virtue of allowance of an amendment. BLF does attempt to claim that allowing the amendment somehow causes prejudice (not the required undue prejudice) because allowing TTV to amend would foreclose BLF's attempt to obtain a default. This claim, of course, is insufficient to constitute prejudice or even the required undue prejudice.

- **TTV has not previously sought leave to amend:** TTV's motion for leave to amend is the first such motion TTV has filed. Further, there have been no repeated failures to cure deficiencies by amendments previously allowed.

- **No Futility:** BLF does not claim an amendment would be futile. In fact, BLF claims that without an amendment, TTV is in default.

**B. BLF's "Key Admission" Reason to Prevent TTV from Amending Does Not Warrant a Denial of TTV's Motion for Leave to Amend**

BLF opposes TTV's request for leave to amend its answer (which would include TTV's affirmative defenses and counterclaim asserted in its original answer) for one simple reason: BLF wants to obtain a quick default judgment against TTV, at this early stage in the litigation, to prevent TTV from defending BLF's claims on the merits. BLF determined to pounce on this opportunity a mere fourteen (14) days from the date BLF contends TTV's amended answer was due. Despite TTV's prompt response to BLF's application for entry of default by the clerk and simultaneous

motion for leave to amend, BLF persists in its quest to obtain a default.[2] Apparently, despite the fact that BLF cannot show that TTV has "failed to plead or otherwise defend" in this case, BLF believes that it can obtain a default if this court denies TTV the opportunity to amend its answer.

BLF's sole argument on which it seeks to deny TTV the opportunity to amend is this: TTV made a "conscious" decision that the federal rules, in this specific instance, did not require TTV to amend its answer. BLF calls TTV's decision a "key admission" – which is not an admission at all – that warrants depriving TTV of the opportunity to amend. TTV has fully briefed the basis for its decision in its Response to BLF's Application for Entry of Default by the Clerk, [Dkt. #29], fully incorporated herein by reference, and in its Motion for Leave to File a Sur-Reply in Opposition to BLF's Application for Entry of Default by the Clerk and accompanying proposed Sur-Reply. *See* Dkt. # 38-1, which if accepted by the Court, TTV also fully incorporates herein by reference.

As repeatedly stated in its briefing opposing BLF's request for entry of default, TTV's decision that the federal rules did not require it to file an amended answer under the specific circumstances of this case was based on (1) sound case law stating why the federal rules should not be construed hyper-technically to require a defendant to file an answer to an amended complaint when that complaint is substantially similar to the original complaint that the defendant did answer in full; and (2) TTV's reasonable and valid assessment that the amended complaint was in fact substantially similar to the previous complaint on which TTV timely filed an answer.[3] It is

---

[2] Because BLF has not met the requirements of an entry of default under Rule 55(a), which requires that a party has not "defended" itself, BLF is simply not entitled to obtain an entry of default against TTV. TTV has unequivocally "otherwise defended" itself in this matter.

[3] As set forth in TTV's Response and Sur-Reply Opposing BLF's Application for Entry of Default, [Dkt. # 29 and Dkt. # 38-1], case authorities on which TTV relied hold that when an amended complaint "does not

no secret that TTV determined (even if by mistake or inadvertence) it was not required to file an amended answer under the circumstances of this case. BLF likely knows this, which is why BLF attempts to attack TTV's reasonable decision that it was not required to file an amended answer by arguing that TTV's choice not to file an amended answer constitutes an "admission" to, of all things, disregard federal pleading rules. *See e.g.* Dkt. # 35, pp. 2, 7, n.6, 10, 12, 14, 18. Nothing could be further from the truth. TTV did not disregard any federal rule. Rather, TTV made a good faith decision, based on sound case authority, fully set forth in its Opposition.

BLF, hoping to skip over litigating the merits of this case in favor of an undeserved default windfall, claims that TTV is wrong in its assessment that it was not required to amend and that as

---

add new parties, new claims, or significant new factual allegations, ... ***the previously filed response to the original pleading [will] suffice***." *KST Data v. DXC Tech. Co.*, 980 F.3d 709, 715 (9th Cir. 2020), quoting *Upek, Inc. v. Authentec, Inc.*, No. 10-424-JF-PVT, 2010 WL 2681734, at *3 (N.D. Cal. July 6, 2010) (quoting *Kraft v. Arden*, No. CV 07-487-PK, 2009 WL 73869, at *7 (D. Or. Jan. 8, 2009))(emphasis added). TTV also relied on the following additional case authorities, which hold a responsive pleading is not always required when an amended complaint is filed. *Aircraft Holding Solutions, LLC v. Learjet, Inc.*, 2020 WL 6262183, *3 (N.D. Tex. 2020), citing *e.g.,* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1365, at 142 (3d ed. 2004) (citing Fed. R. Civ. P. 12(b) and explaining that it "reflects the view that a party should not be obliged to interpose her defenses and objections to a claim for relief by motion or answer when she is not required to file a responsive pleading"). It is generally established that "[t]he failure to deny the ... allegations in an amended complaint does not constitute an admission pursuant to [Rule 8(d) ] where the original complaint contained substantially the same allegations and the defendant denied them in the answer to that complaint." *See also Peak v. ReliaStar Life Ins. Co.*, 2018 WL 6380772, at *2 (N.D. Ga. Sept. 28, 2018) (citing cases); *see also Nouri v. Cty. of Oakland*, 615 Fed. Appx. 291, 297 (6th Cir. 2015) (holding that failure to file answer to second amended complaint did not constitute admissions to facts alleged in that pleading where defendants "denied allegations supporting the visitation claim in their responsive pleading to the first amended complaint. And those allegations are substantially similar to those in the second amended complaint."); *Edelman v. Belco Title & Escrow, LLC*, 754 F.3d 389, 395 (7th Cir. 2014) (refusing to deem facts in fourth amended complaint as admitted since "[t]he purpose of a responsive pleading is to put everyone on notice of what the defendant admits and what it intends to contest," and concluding that because defendant "undoubtedly did this, as it had previously answered all of the allegations against it[,] [t]he plaintiffs cannot claim that they were prejudiced by [defendant's] oversight[.]"); *LaGorga v. Kroger Co.*, 407 F.2d 671, 673 (3d Cir. 1969) (holding that failure to respond to amended third-party complaint did not result in admissions under Rule 8(b)(6) by third-party defendants when the answer to the original third-party complaint had the effect of denying the crucial allegations in the amended pleading).

a result, TTV should not be allowed to amend now. That argument is meritless. TTV has every right to seek to amend to foreclose senseless litigation over whether TTV's decision was correct, put trivial technicalities behind it, and proceed to litigating the merits of this case.

## IV.
## CONCLUSION

Even if TTV was incorrect in its reasonable and good faith assessment that it was not required to file an amended answer, any finding that TTV was required to file an amended answer, at most, would show that TTV was mistaken in its good faith belief that the federal rules did not require an amended answer under the specific circumstances in this case. TTV's good faith and reasonable decision– whether or not ultimately correct – should not bar TTV from the opportunity to amend now.

WHEREFORE, premises considered, Defendant and Counter-Claimant, True the Vote, Inc., respectfully requests the Court to grant it leave to amend its pleadings.

Respectfully submitted,

By: */s/ Michael J. Wynne*
Michael J. Wynne
TX Bar No. 00785289
mwynne@gwafirm.com
Cameron Powell*
D.C. Bar No. 459020
cpowell@gwafirm.com
GREGOR WYNNE ARNEY, PLLC
4265 San Felipe St., Ste. 700
Houston, TX 77027
Telephone: 281-450-7403
Facsimile: 832-390-2655

By: */s/ John J. Morse*
John J. Morse
Attorney No. 16146-49
morse@morsebickel.com
MORSE & BICKEL, P.C.
1411 Roosevelt Ave., Ste. 102
Indianapolis, IN 46201
Telephone: 317-686-1540
Facsimile: 317-630-2790

**COUNSEL FOR TRUE THE VOTE, INC.**

### CERTIFICATE OF SERVICE

I certify that on August 11, 2023, I caused to be served on all counsel of record the foregoing and all exhibits and attachments thereto in the above-captioned matter to be filed with the United States District Court for the Southern District of Indiana, Terre Haute Division, using the Court's CM/ECF system.

By: */s/ Michael J. Wynne*
Michael J. Wynne
*Admitted Pro Hac Vice*
COUNSEL FOR TRUE THE VOTE, INC.

9