UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| THE BOPP LAW FIRM, PC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00120-JRS-MG |
| | ) | |
| TRUE THE VOTE, INC. a Texas Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**Order on Various Motions**

## I.   Introduction

This is a legal fee dispute.  The Bopp Law Firm, PC ("Bopp") sues True the Vote ("TTV") for unpaid legal fees; TTV counterclaims for malpractice, breach of fiduciary duty, and fraud.  Now before the Court is a procedural dispute consisting of Bopp's Motion to Dismiss, (ECF No. 24), Bopp's Application for Entry of Default, (ECF No. 26), TTV's Motion for Leave to File Amended Answer, (ECF No. 30), and TTV's Motion for Leave to File Sur-Reply, (ECF No. 38).

## II.   Procedural History

Bopp filed its initial Complaint on March 16, 2023, (ECF No. 1), and TTV answered, (ECF No. 13).  TTV's Answer included counterclaims for legal malpractice, fraud, and breach of contract. (Counterclaims 44–50, ECF No. 13.)  A few weeks later, Bopp filed an "Amended Complaint," (ECF No. 19), as its "matter of course" amendment under Rule 15(a)(1).  Fed. R. Civ. P. 15(a)(1).  That Amended Complaint is identical to the first, differing only by adding a new claim for legal fees incurred in

one additional matter. TTV did not answer the Amended Complaint. Twenty-eight days after the Amended Complaint was filed, Bopp simultaneously moved to dismiss TTV's counterclaims as mooted by its Amended Complaint (or, alternately, because the fraud allegations failed to satisfy the Rule 9(b) standard) and applied to the clerk for an entry of default. (ECF Nos. 24 (Motion to Dismiss), 26 (Application for Entry of Default)). TTV responded opposing both motions and seeking leave to file an amended responsive pleading. (ECF Nos. 28–30.)

### III. Discussion

Bopp's Motion to Dismiss and Application for Entry of Default rely on the theory that the Amended Complaint reset the pleadings, such that TTV failed timely to respond.

The Court need not evaluate that theory because of a threshold problem: Bopp's purported Amended Complaint was improperly filed. The Amended Complaint, as previously described, differs from the original by adding a new claim for legal fees incurred in one additional matter. Those fees were allegedly incurred from February through May 2023 and demanded from March through May. (Amd. Compl. 69–71, ECF No. 19; Invoices, ECF Nos. 19-87 through 19-90.) So, the new claim in the Amended Complaint continues the fee dispute past the date of initial filing in March of 2023. That makes the Amended Complaint a supplemental pleading rather than an amended pleading. "[Amended pleadings] relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; [supplemental pleadings] deal with events subsequent to the pleading to be altered

and represent additions to or continuations of the earlier pleadings." 6A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1504 (3d ed.). *See also* Fed. R. Civ. P. 15(d) (Supplemental pleadings "set[] out any transaction . . . that happened after the date of the pleading to be supplemented").

Supplemental pleadings require leave of Court. Fed. R. Civ. P. 15(d). Because they expand the scope of litigation "there is no absolute right" for the Parties to file them, and "the district court has substantial discretion either to permit or to deny [a motion for leave to supplement]." *Chicago Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011). The standard for evaluating Rule 15(d) motions for leave to supplement is the same "freely give[n]" standard used for evaluating Rule 15(a)(2) motions for leave to amend. Fed. R. Civ. P. 15(a)(2); *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996).

Here, the Court will excuse Bopp's improperly filed supplemental pleading. It is early in the case—indeed, discovery has not even opened—and no prejudice comes from adding one more matter to the list of matters for which Bopp seeks payment. The change does not materially alter the scope of the case.

Therefore, the Court retroactively **grants** Bopp leave to file his supplemental pleading as the Amended Complaint, (ECF No. 19). And the Court, "permit[ting]" Bopp to supplement his pleading, also "may order" TTV to "plead to the supplemental pleading within a specified time." Fed. R. Civ. P. 15(d). TTV is **ordered** to respond the Amended Complaint no later than **4:00 p.m. Thursday, August 31, 2023.** TTV's response should, for clarity, both answer the Amended Complaint and set forth all

counterclaims TTV wishes to bring against Bopp. That way the Parties and the Court will be able to work from one set of pleadings going forward.

## IV. Conclusion

Bopp's purported "Amended Complaint," (ECF No. 19), though a supplemental pleading, is excused by the Court and accepted as filed. TTV's answer with counterclaims is due **4:00 p.m. Thursday, August 31, 2023.**

That resolution forestalls the procedural dispute, so Bopp's Motion to Dismiss, (ECF No. 24), Bopp's Application for Entry of Default, (ECF No. 26), TTV's Motion for Leave to File Amended Answer, (ECF No. 30), and TTV's Motion for Leave to File Sur-Reply, (ECF No. 38), are all **denied as moot.**

**SO ORDERED.**

Date: 08/18/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James Bopp, Jr.
The Bopp Law Firm
jboppjr@aol.com

Michael E. Brown
KIGHTLINGER & GRAY, LLP (Indianapolis)
mbrown@k-glaw.com

John Joseph Morse
Morse & Bickel, P.C.
morse@morsebickel.com

Cameron Powell
Gregor Wynne Arnery
cpowell@gwafirm.com

Melena Sue Siebert
THE BOPP LAW FIRM, PC
msiebert@bopplaw.com

Michael John Wynne
Gregor Wynne Arney PLLC
mwynne@gwafirm.com