UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| **The Bopp Law Firm, PC,** an Indiana Professional Corporation<br><br>*Plaintiff,*<br><br>   *v.*<br><br>**True the Vote, Inc.,** a Texas Corporation,<br><br>*Defendant.* | **Civil Case No. 2:23-cv-120 JRS-MG** |
| **True the Vote, Inc.,** a Texas Corporation,<br><br>*Counter-Claimant,*<br><br>   *v.*<br><br>**The Bopp Law Firm, PC,** an Indiana Professional Corporation,<br><br>*Counter-Defendant.* | |

## JOINT CASE MANAGEMENT PLAN

I. <u>**Parties and Representatives**</u>

    A.  The pleadings contain the correct names of each of the parties:

        1.  Plaintiff and Counter-Defendant:  The Bopp Law Firm, P.C.  ("BLF")

        2.  Defendant and Counter-Claimant:  True the Vote, Inc. ("TTV")

    B.     Counsel for the parties.

        1.  Counsel for True the Vote, Inc. (Defendant and Counter-Claimant):

Michael J. Wynne
GREGOR WYNNE ARNEY, PLLC
909 Fannin, Ste. 3800
Houston, Texas 77010

1

Telephone: 281-450-7403
Facsimile:  832-390-2655
Email:  mwynne@gwafirm.com
*Pro Hac Vice

John J. Morse
Morse & Bickel, P.C.
1411 Roosevelt Ave., Ste. 102
Indianapolis, IN 46201
Telephone: 317-686-1540
Facsimile: 317-630-2790
Email: Morse@MorseBickel.com


2.  Counsel for The Bopp Law Firm, PC:

James Bopp, Jr.
jboppjr@aol.com

Melena S. Siebert
msiebert@bopplaw.com

The Bopp Law Firm, PC
The National Building 1 South Sixth Street
Terre Haute, IN 47807-3510
Telephone: (812) 232-2434
Facsimile: (812) 235-3685

**Counsel for Counter-Defendant The Bopp Law Firm, PC:**

Michael E. Brown
KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana 46204
(317) 638-4521
mbrown@k-glaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.    <u>Jurisdiction and Statement of Claims</u>

A.  BLF contends this Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a).  TTV does not presently dispute the basis for this Court's jurisdiction.

B. BLF represented TTV directly in some legal matters, and TTV funded BLF's representation of other clients as a third-party payor in other matters. *See generally* Am. Compl. ¶¶ 20 – 194. TTV also agreed to pay for BLF's representation of itself for the TTV Donor matter and agreed to indemnify BLF for any damages incurred in TTV Donor. *Id*. ¶¶ 178-94. BLF and TTV entered into Agreements for these matters. *See generally id*. ¶¶ 20 – 194. BLF provided legal representation to TTV or to the clients according to the terms of the Agreements. *Id*. To date, TTV owes BLF $1,058,883.86 in unpaid legal bills, plus accrued interest and attorneys' fees, costs, and expenses under the terms of the Agreements. *Id*., Prayer for Relief. BLF brought this action, alleging breach of contract claims based upon TTV's failure to pay under the terms of the Agreements; quantum meruit claims for any agreements entered via oral or email requests for representation; and account stated claims because TTV did not object to the amounts owed or the services rendered on any invoices BLF provided. *Id*. ¶¶ 206-450 In addition, BLF alleges TTV violated the terms of an Indemnification Agreement by failing to pay BLF's settlement costs in the "TTV Donor" matter. *See id*. ¶¶ 439-442.

**BLF's Defenses to TTV's Counterclaims**

BLF has filed a motion to dismiss TTV's Counterclaims (ECF 24), which is still pending before this Court. BLF incorporates the arguments in that motion to dismiss herein. If this Court denies BLF's motion to dismiss, BLF denies it breached the standard of care arising from an attorney-client relationship. BLF denies it improperly encouraged TTV to file legal claims with full knowledge there was insufficient evidence to support the claim. BLF denies it filed motions on behalf of TTV to further its own self-interest and denies it ever filed anything on behalf of TTV without its knowledge or consent. BLF denies its fees were "exorbitant," but rather asserts BLF charged the fees for the rates TTV agreed to. BLF denies it failed to properly communicate with TTV and denies its invoicing was unclear or incomprehensible. BLF provided explanations of the invoicing to both TTV and to its auditors when asked to do so. TTV did not "regularly and consistently" object to invoice amounts, nor did it question the services provided on the BLF invoices.


C. TTV's Responsive Statement of its Defenses to BLF's Affirmative Claims:

TTV does not owe the legal fees BLF asserts for many reasons including, but not limited to the following:  BLF breached the standard of care arising from an attorney-client relationship; BLF submitted improper, unnecessary, and excessive charges to TTV; BLF improperly encouraged TTV to file legal claims with full knowledge there was insufficient evidence to support the claim, while charging exorbitant fees;  BLF filed motions on behalf of TTV to further BLF's own self-interest, without TTV's knowledge or consent, while charging exorbitant fees; BLF failed to properly communicate with TTV;  and BLF fraudulently induced TTV to enter into some of

the agreements on which BLF seeks payment.  See Answer ¶¶ 452 – 459 and ¶¶ 460 – 463.  Further, BLF failed to provide clear and comprehensible invoicing to TTV and failed to explain the use of TTV funds when questioned by TTV and TTV auditors.  TTV regularly and consistently objected to the invoice amounts and questioned the services provided on the BLF invoices.  See generally Answer ¶¶ 471 – 476.  TTV has asserted defenses and affirmative defenses which include: failure of performance, failure of consideration, breach of contract, breach of fiduciary duty, unreasonable and excessive fees, failure to mitigate damages, unclean hands, and legal malpractice.  See generally Answer ¶¶ 452 – 459.   TTV seeks to recover its reasonable and necessary attorneys' fees and costs to defend this suit.

<u>TTV's Counterclaims</u>

Because of BLF's conduct, partially outlined above, TTV has filed a counterclaim against BLF asserting fraudulent misrepresentation, fraud in the inducement, breach of fiduciary duty, breach of contract, and legal malpractice.   TTV seeks to recover damages including its legal fees, incidental and consequential losses, and disgorgement of all amounts TTV has paid to BLF to date.

## III.   **Pretrial Pleadings and Disclosures**

A.   The parties shall exchange Fed. R. Civ. P. 26 initial disclosures on or before **August 11, 2023**.

B.   BLF shall file its preliminary witness and exhibit lists on its affirmative claims, and TTV shall file its preliminary witness and exhibit lists on its counterclaims, by **August 18, 2023.**

C.   TTV shall file its preliminary witness and exhibit list on its defenses to BLF's complaint, and BLF shall will file its preliminary witness and exhibit list on its defenses to TTV's counterclaims by **August 25, 2023**.

D.   All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **November 3, 2023**.

E.   The parties shall serve opposing counsel (but not file with the Court) a statement of special damages, if any, on their affirmative claims, and make a settlement proposal, on or before **November 3, 2023**.

A response shall be served (but not filed with the Court) **within 30 days after receipt of the proposal.**

F.   **Witness Disclosure Deadlines**:  Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: **June 3, 2024**:  Plaintiff and Counter-Defendant's Expert Witness Designation.

Plaintiff (BLF) and Counterclaimant (TTV) shall disclose the name, address, and vita of any expert witness they plan to call on any affirmative cause of action and shall serve the report required by Fed. R. Civ. P. 26(a)(2) by this date.

**July 3, 2024**: Defendant (TTV) and Counter-Defendant (BLF) shall disclose the name, address, and vita of any expert witness they plan to call on any defenses and shall serve the report required by Fed. R. Civ. P. 26(a)(2) by this date.

If Plaintiff or Counterclaimant do not disclose expert witnesses on their respective affirmative claims, Defendant and Counter-Defendant shall make their expert disclosures on their defenses or before this date**.**

G.    Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **June 3, 2024** (**90 days prior to the dispositive motion deadline).**

If such expert disclosures are served, the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.

Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.    **October 3, 2024**:  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections by this date.

Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.    **December 3, 2024**:  All parties shall file and serve their final witness and exhibit lists on or before this date. This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.     **Discovery of Electronically Stored Information ("ESI")**

The parties do not anticipate seeking the production of a substantial volume of ESI, and agree it is not necessary to complete the ESI Supplement to the Case Management Plan.

**Production Forma**t:  The parties agree that production in this matter will be made <u>in bates-numbered searchable PDF format.</u>

If during the court of discovery, a party believes it is necessary to obtain production in native ESI format, that party is not precluded from requesting and obtaining such production upon showing why production in native ESI format is necessary in prosecuting or defending this lawsuit.

**Production Anticipated:**

<u>Plaintiff and Counter-Defendant BLF anticipates requesting the following production:</u>

To the extent that there are documents not already in BLF's possession, it will seek production of emails, text messages, and records of verbal communications related to BLF's claims or TTV's defenses thereto. In addition, BLF reserves the right to depose relevant witnesses related to BLF's claims or TTV's defenses. BLF will propound discovery on TTV, OpSec Group, LLC, and Gregg Phillips related to its claims and defenses. Further, BLF anticipates seeking TTV's relevant financial records, including bank statements, tax returns, and any other relevant financial records.

Counter-Defendant BLF will be propounding interrogatories, seeking production, and conducting depositions related to TTV's alleged support for its counterclaims and BLF's defenses thereto, if this Court does not grant BLF's pending motion to dismiss the same. In addition, BLF will conduct third-party discovery of OpSec Group LLC and Gregg Phillips and any other third parties discovered to be relevant to the same.

<u>Defendant and Counterclaimant, TTV, anticipates the following production:</u>

TTV anticipates serving interrogatories related to BLF's claims, TTV's defenses to those claims, and TTV's counterclaims.  Further, TTV anticipates seeking  the production of emails; text messages; bank statements; trust account bank records; BLF's relevant financial records; BLF's attorney billing records relevant to its claims; James Bopp, Jr's personal financial records, including but not limited to tax returns, investment accounts, and bank statements during the period of time when BLF represented TTV; the James Madison Fund's financial records and trust account bank statements; copies of work product produced relevant to the

alleged outstanding fees; and verbal communications related to BLF's claims or TTV's counterclaims.

TTV further anticipates deposing witnesses with knowledge of relevant facts pertaining to BLF's claims and TTV's Counterclaims.   These witnesses will likely include lawyers who worked on TTV matters, including but not limited to James Bopp, Jr., Jeffrey P. Gallant, Melena Siebert, Courtney Milbank, and Courtney Kramer.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.    Discovery[1] and Dispositive Motions

### A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

BLF asserts that dispositive motions will be filed as to some, if not all of its, claims and/or to its defenses to TTV's counterclaims. The parties include a dispositive motion deadline in their joint case management plan under Track 3.

If, during the course of discovery, a party determines it has grounds to file a dispositive motion, that party agrees (i) to promptly notify the Court and all parties of this change in assessment, and (ii) to provide the Court and all parties with a brief statement of the factual and/or legal basis for a dispositive motion, as required in the Uniform CMP when a dispositive motion is anticipated.

---

[1]   The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

B.    The party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based, pursuant to Fed. R. Civ. P. 11(b), on or before **August 12, 2024.**

C.    The parties have determined that the unique circumstances of this case necessitate the flexibility of a **Track 3** litigation path.  BLF's allegations involve claims on eighteen separate legal matters on which forty-six separate causes of action have been asserted.  TTV has also asserted several causes of action in its counterclaim.  Given the need to conduct discovery on each of the eighteen separate legal matters asserted in addition to the counterclaims, discovery is anticipated to be lengthy.

Further, there are pending preliminary motions, unrelated to the merits, that will need to be resolved before the case can proceed in earnest.  Considering the various factors in this case, the parties propose the following discovery deadlines:

**August 5, 2024**:  Non-expert witness discovery <u>and</u> discovery relating to liability issues shall be completed by this date.

**September 5, 2024:**  Dispositive motions, if any, shall be filed by this date.

**October 3, 2024:**  Expert witness discovery <u>and</u> discovery relating to damages shall be completed by this date.

**December 3, 2024**:  All remaining discovery shall be completed by this date.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.    <u>Pre-Trial/Settlement Conferences</u>

The parties recommend a settlement conference in **July 2024**.

## VI.    <u>Trial Date</u>

The parties request a trial date in **February, 2025.**  Currently, the trial will be before the **Court** and is anticipated to take between **five and 10 days**.  (The length of trial will depend on whether the eventual trial involves all eighteen legal matters on which claims have been brought).

For the reasons addressing a proposed <u>Track 3</u> litigation path, set forth above, the requested trial date constitutes a slightly longer litigation timeline than set forth in the Uniform CMP.  After discussing the viability of a November 2024 trial date, which is the earliest potential trial date under a Track 2 path, the parties determined that a November

2024 trial would be difficult to achieve in light of anticipated lengthy discovery and counsels' busy 2024 trial schedules.

Further, extending the trial date by one or two months, from November to December 2024 or January 2025 will increase the likelihood of witness scheduling conflicts during the busy holiday season.

For these reasons, the parties propose setting a trial date trial in February 2025, constituting a three-month extension from the earliest potential trial date under the Uniform CMP.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, the parties <u>do not</u> consent to refer this matter to the currently assigned Magistrate Judge, pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. In the event the parties agree to have the assigned Magistrate rule on motions ordinarily handled by the District Judge, the parties agree to file a joint stipulation to this effect.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.      brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

b.      if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.      Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.


B.      **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.      Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.      File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

10

**IX.**     <u>**Other Matters**</u>

BLF has the following motions pending before the Court:

- Counter Defendant's Motion to Dismiss (ECF No.24) and BLF's Reply in Support of this Motion (ECF No. 34)
- Plaintiff's Application for Entry of Default by Clerk (ECF No.26)
- BLF's Reply Supporting Its Application for Entry of Default by Clerk and Response Opposing TTV's Motion for Leave to Amend Answer and Counterclaims (ECF No.35)

TTV's Motion for Leave to Amend, set forth below, is pending before the Court.  Also listed below are TTV's responses to BLF's pending motions:

- Defendant and Counterclaimant TTV 's Response in Opposition re [24] Motion to Dismiss for Failure to State a Claim (ECF No. 28)
- Defendant and Counterclaimant TTV's Response in Opposition to the Bopp Law Firm's application for Entry of Default Judgment (ECF No. 29)
- Defendant and Counterclaimant TTV's Motion for Leave to File Amended Answer and Counterclaim and TTV's Amended Answer and Counterclaim (ECF No. 30)

Respectfully submitted,


/s/ *Michael J. Wynne*
*Michael J. Wynne
GREGOR WYNNE ARNEY, PLLC
Texas State Bar No. 00785289
4265 San Felipe Street, Suite 700
Houston, Texas 77027
Telephone:281-450-7403
Email:  mwynne@gwafirm.com


*Pro Hac Vice*

/s/ *John J. Morse*
John J. Morse
Attorney No. 16146-49
MORSE & BICKEL, P.C.
1411 Roosevelt Ave., Ste. 102
Indianapolis, IN 46201
Telephone: 317-686-1540
Facsimile: 317-630-2790
Email: Morse@MorseBickel.com


**COUNSEL FOR TRUE THE VOTE, INC.**

/s/ *James Bopp, Jr.*
James Bopp, Jr. IN No. 2838-84
jboppjr@aol.com
Melena S. Siebert IN No. 35061-15
msiebert@bopplaw.com
The Bopp Law Firm, PC
The National Building
1 South Sixth Street
Terre Haute, IN 47807-3510
(812) 232-2434 - Telephone
(812) 235-3685 – Facsimile

**Counsel for Plaintiff and Counter-Defendant**
**THE BOPP LAW FIRM, PC**

s/ *Michael E. Brown*
Michael E. Brown
KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana 46204
(317) 638-4521
mbrown@k-glaw.com

**Counsel for Counter-Defendant The Bopp**
**Law Firm, PC**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |

| | |
|---|---|
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (____) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN  9/5/2024<br><u>DISCOVERY by 8/5/2024</u> |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 8/30/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:
To ECF Counsel of Record