UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| **The Bopp Law Firm, PC,** an Indiana Professional Corporation<br><br>*Plaintiff,*<br><br>    *v.*<br><br>**True the Vote, Inc.,** a Texas Corporation,<br><br>*Defendant.* | **Civil Case No. 2:23-cv-120** |
| **True the Vote, Inc.,** a Texas Corporation,<br><br>*Counter-Claimant,*<br><br>    *v.*<br><br>**The Bopp Law Firm, PC,** an Indiana Professional Corporation,<br><br>*Counter-Defendant.* | |

## DEFENDANT AND COUNTER-PLAINTIFF TRUE THE VOTE'S FIRST AMENDED ANSWER, COUNTERCLAIM, AND AFFIRMATIVE DEFENSES

Defendant and Counter-Plaintiff True the Vote, Inc. submits the following first amended answer, amended affirmative defenses, and amended counterclaims, stating as follows:

### Introduction

1.      Paragraph 1 states Plaintiff's understanding of the Complaint, which is a document that speaks for itself, and requires no response.

- 1 -

**Jurisdiction and Venue**

2.      Paragraph 2 states Plaintiff's understanding of the Complaint, which is a document that speaks for itself, and requires no response.

3.      Paragraph 3 states legal conclusions to which no response is required.

**Amount in Controversy**

4.      Paragraph 4 states legal conclusions to which no response is required.

5.      Defendant lacks sufficient information to respond to Paragraph 5 but denies the balances allegedly due or that such sums are due.

6.      Defendant lacks sufficient information to respond to the first sentence of Paragraph but denies the balances alleged to be due. The first and second paragraphs contain legal conclusions to which no response is required.

7.      Paragraph 7 is denied.

8.      Paragraph 8 is denied.

**Diversity of Citizenship**

9.      Paragraph 9 states legal conclusions to which no response is required.

10.     Defendant lacks sufficient information to confirm or deny Paragraph 10, which also includes legal conclusions that require no response.

11.     TTV admits it is incorporated in Texas and is a citizen of Texas under 28 U.S.C. § 1332(c)(1).

12.     TTV admits Paragraph 12.

**Jurisdictional Assertion**

13.     Paragraph 13 states a legal conclusion to which no response is required.

**Personal Jurisdiction**

14.      Paragraph 14 states a legal conclusion to which no response is required.

**Venue**

15.     Paragraph 15 states a legal conclusion to which no response is required.

## Parties

16.     TTV lacks sufficient information to respond to Paragraph 16.

17.     TTV admits it is a Texas corporation but denies the address listed in Paragraph 17 is current and accurate.

## Facts

18.     TTV admits Paragraph 18.

19.     Paragraph 19 contains notes on the organization of the Complaint that require no response.

### Fair Fight Case

20.     TTV admits the first sentence of Paragraph 20. The remainder of the Paragraph refers to documents that speak for themselves.21. TTV lacks information sufficient to respond to Paragraph 21, and in any event, it refers to a document that speaks for itself.

22.     TTV admits Paragraph 22.

23.     Paragraph 23 refers to documents that speak for themselves.

24.     Paragraph 24 refers to documents that speak for themselves.

25.     Paragraph 25 refers to documents that speak for themselves.

26.     Paragraph 26 refers to documents that speak for themselves.

27.     Paragraph 27 refers to documents that speak for themselves, though TTV denies the allegation that interest as stated properly accrued on improper or unnecessary charges that cannot be adequately documents.

28.     Paragraph 28 refers to documents that speak for themselves.

29.     Paragraph 29 refers to documents that speak for themselves.

**TTV Arizona**

30.      TTV admits to the first section of Paragraph 30 to the extent it recites that TTV would on occasion communicate with BLF by way of email. The second section of Paragraph 30 refers to documents that speak for themselves.  TTV admits to the last sentence of Paragraph 30 to the extent it alleges that BLF often performed work for TTV but denies that all services were adequate and denies that all is properly compensable.

31.      TTV admits Paragraph 31 to the extent it alleges TTV agreed to pay costs and expenses on occasion.

32.      TTV admits Paragraph 32 to the extent it alleges TTV agreed to pay costs and expenses on occasion.

33.      Paragraph 33 refers to documents that speak for themselves and states conclusions of law to which no response is required.

34.      Paragraph 34 refers to documents that speak for themselves and states conclusions of law to which no response is required.

35.      Paragraph 35 refers to documents that speak for themselves and states conclusions of law to which no response is required.

**Validate GA**

36.      TTV admits that BLF often performed work for TTV as alleged in Paragraph 36 but denies any allegation of wrongdoing.

37.      TTV admits that BLF often performed work for TTV per Paragraph 37 but denies that all services were adequate and denies that all is properly compensable.

38.     TTV admits Paragraph 38 to the extent it alleges BLF charged TTV.

39.     Paragraph 39 is vague and ambiguous and therefore denied.

40.     Paragraph 40 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

41.     Paragraph 41 refers to documents that speak for themselves, and states legal conclusions to which no response is required. TTV denies all alleged interest is lawfully due.

42.     Paragraph 42 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

43.     Paragraph 43 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

**TTV Harris County**

44.     Paragraph 44 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

45.     TTV lacks information sufficient to respond to Paragraph 45.

46.     TTV admits the first sentence of Paragraph 46. The second states legal conclusions to which no response is required and references a document that speaks for itself.

47.     Paragraph 47 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

48.     Paragraph 48 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

49.     Paragraph 49 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

50.     Paragraph 50 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

51.     Paragraph 51 refers to documents that speak for themselves, and states legal conclusions to which no response is required. TTV denies throughout that all interest alleged properly accrued.

52.     Paragraph 52 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

53.     Paragraph 53 refers to documents that speak for themselves, and states legal conclusions to which no response is required.

54.     TTV denies Paragraph 54.

**TTV IV3**

55.     TTV admits Paragraph 55 to the extent that BLF communicated with TTV regularly or sufficiently regarding legal matters.

56.     TTV admits Paragraph 56 to the extent it alleges that BLF often performed work for TTV but denies that all services were adequate and that all is properly compensable.

57.     TTV admits Paragraph 57 to the extent it alleges BLF often charged TTV for work.

58.     Paragraph 58 is vague and ambiguous and therefore denied.

59.     Paragraph 59 refers to a document that speaks for itself and includes legal conclusions to which no response is required.

60.     Paragraph 60 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

61.     Paragraph 61 refers to a document that speaks for itself and draws legal conclusions to

which no response is required.

62.     Paragraph 62 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

**TTV Lawfare Research**

63.     TTV lacks sufficient information to admit or deny Paragraph 63 but admits that BLF regularly provided legal services to TTV.

64.     TTV admits Paragraph 64 to the extent it alleges BLF performed work for TTV but denies that all services were adequate and that all is properly compensable.

65.     Paragraph 65 is vague and ambiguous and therefore denied.

66.     Paragraph 66 is vague and ambiguous and therefore denied.

67.     Paragraph 67 refers to documents that speak for itself and draws legal conclusions to which no response is required.

68.     Paragraph 68 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

69.     Paragraph 69 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

70.     Paragraph 70 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

**TTV NC Amicus**

71.     TTV lacks sufficient information to admit or deny Paragraph 71 but admits that BLF regularly provided legal services to TTV.

72.     TTV admits Paragraph 72 to the extent it alleges BLF performed work for TTV but denies that all services were adequate and that all is properly compensable.

73.     Paragraph 73 is vague and ambiguous and therefore denied.

74.     Paragraph 74 is vague and ambiguous and therefore denied.

75.     Paragraph 75 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

76.     Paragraph 76 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

77.     Paragraph 77 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

78.     Paragraph 78 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

**TTV NM Litigation**

79.     Paragraph 79 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

80.     TTV lacks sufficient information to respond to the first sentence of Paragraph 80.  The second sentence of Paragraph 80 refers to a document that speaks for itself.

81.     TTV admits to the first sentence of Paragraph 81.  The second sentence of Paragraph 81 refers to a document that speaks for itself.

82.     Paragraph 82 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

83.     Paragraph 83 refers to a document that speaks for itself and includes legal conclusions to which no response is required.

84.     Paragraph 84 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

85.     Paragraph 85 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

86.     Paragraph 86 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

87.     Paragraph 87 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

88.     Paragraph 88 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

**TTV NV State Litigation**

89.     Paragraph 89 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

90.     TTV lacks sufficient information to respond to Paragraph 90.

91.     TTV admits to Paragraph 91.

92.     Paragraph 92 refers to a document that speaks for itself and includes legal conclusions to which no response is required.

93.     Paragraph 93 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

94.     Paragraph 94 refers to a document that speaks for itself and draws legal conclusions to

which no response is required.

95.     Paragraph 95 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

96.     Paragraph 96 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

97.     Paragraph 97 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

98.     Paragraph 98 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

99.     Paragraph 99 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

**TTV NV Federal Litigation**

100.    Paragraph 100 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

101.    TTV lacks sufficient information to admit or deny the first sentence of Paragraph 101, and the second sentence of Paragraph 102 refers to a document that speaks for itself.

102.    TTV admits to the first sentence of Paragraph 102, and the second sentence of Paragraph 102 refers to a document that speaks for itself.

103.    Paragraph 103 refers to a document that speaks for itself and makes legal conclusions to which no response is required.

104.    Paragraph 104 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

105.     Paragraph 105 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

106.     Paragraph 106 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

107.     Paragraph 107 refers to a document that speaks for itself and draws legal conclusions to which no response is required.

108.     Paragraph 108 refers to a document that speaks for itself and makes legal conclusions to which no response is required.

109.     Paragraph 109 refers to a document that speaks for itself and makes legal conclusions to which no response is required.

**TTV Audits**

110.     TTV admits Paragraph 110 to the extent that it alleges TTV was conducting an audit. The remainder of Paragraph 110 refers to documents that speak for themselves and draw legal conclusions to which no response is required.

111.     TTV admits to Paragraph 111 to the extent that it alleges TTV was conducting an audit. TTV lacks sufficient information regarding the alleged phone call with auditors, and the remainder of Paragraph 111 refers to documents that speak for themselves.

112.     TTV lacks sufficient information about the unidentified accountant to admit or deny the first sentence of Paragraph 112. The remainder of Paragraph 112 refers to documents that speak for themselves.

113.     The first apparent sentence Paragraph 113 (ending "October 2022") refers to a document that speaks for itself. The second apparent sentence (beginning "Collectively") refers

12

to Plaintiff's organization of the Complaint, which requires no response.

114.  TTV admits Paragraph 114 to the extent it alleges BLF performed work for TTV but denies that all services were adequate and that all is properly compensable.

115.  Paragraph 115 is vague and ambiguous and therefore denied.

116.  Paragraph 116 is vague and ambiguous and therefore denied.

117.  Paragraph 117 refers to documents that speak for themselves and make legal conclusions to which no response is required.

118.  Paragraph 118 refers to documents that speak for themselves and make legal conclusions to which no response is required

119.  Paragraph 119 refers to documents that speak for themselves and make legal conclusions to which no response is required

120.  Paragraph 120 refers to documents that speak for themselves and draws legal conclusions to which no response is required.

**TTV Ranked Choice Voting**

121.  In response to Paragraph 121, TTV admits that it regularly communicated with BLF regarding legal matters.

122.  TTV admits Paragraph 122 to the extent it alleges BLF performed work for TTV but denies that all services were adequate and that all is properly compensable.

123.  Paragraph 123 is vague and ambiguous and therefore denied.

124.  Paragraph 124 is vague and ambiguous and therefore denied.

125.  Paragraph 125 refers to documents that speak for themselves and make legal

conclusions to which no response is required.

126.    Paragraph 126 refers to documents that speak for themselves and make legal

conclusions to which no response is required

127.    Paragraph 127 refers to documents that speak for themselves and draws legal

conclusions to which no response is required.

128.    Paragraph 128 refers to documents that speak for themselves and make legal

conclusions to which no response is required.

**TTV TX Litigation**

129.    TTV admits Paragraph 129 to the extent that TTV communicated with BLF regarding legal

matters but denies that BLF kept it sufficiently apprised of the status of those matters.

130.    TTV admits Paragraph 130 to the extent it alleges BLF performed work for TTV but denies

that all services were adequate and that all is properly compensable.

131.    Paragraph 131 is vague and ambiguous and therefore denied.

132.    Paragraph 132 is vague and ambiguous and therefore denied.

133.    Paragraph 133 refers to documents that speak for themselves and states legal

conclusions to which no response is required.

134.    Paragraph 134 refers to documents that speak for themselves and states legal

conclusions to which no response is required.

135.    Paragraph 135 refers to documents that speak for themselves and states legal

conclusions to which no response is required.

136.    Paragraph 136 refers to documents that speak for themselves and states legal

conclusions to which no response is required.

137.     TTV lacks sufficient information to admit or deny the first sentence of Paragraph 137

with regard to the research.  TTV denies the second sentence of Paragraph 137.

**TTV VA Intervention**

138.     Paragraph 138 refers to documents that speak for themselves and states legal conclusions to which no response is required.

139.     TTV lacks sufficient information to admit or deny Paragraph 139.

140.     TTV admits to the first sentence of Paragraph 140.  The second sentence of Paragraph 140 refers to documents that speak for themselves to which no response is required.

141.     Paragraph 141 refers to documents that speak for themselves and states legal conclusions to which no response is required.

142.     Paragraph 142 refers to documents that speak for themselves and states legal conclusions to which no response is required.

143.     Paragraph 143 refers to documents that speak for themselves and states legal conclusions to which no response is required.

144.     Paragraph 144 refers to documents that speak for themselves and states legal conclusions to which no response is required.

145.     Paragraph 145 refers to documents that speak for themselves and states legal conclusions to which no response is required.

146.     Paragraph 146 refers to documents that speak for themselves and states legal conclusions to which no response is required.

147.     Paragraph 147 refers to documents that speak for themselves and states legal conclusions to which no response is required.

**TTV FEC Complaint**

148.     Paragraph 148 refers to documents that speak for themselves and states legal conclusions to which no response is required.

149.     TTV lacks sufficient information to admit or deny Paragraph 149.

150.     TTV admits the first sentence of Paragraph 150. The second sentence of Paragraph 150 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

151.     Paragraph 151 refers to documents that speak for themselves and states legal conclusions to which no response is required.

152.     Paragraph 152 refers to documents that speak for themselves and states legal conclusions to which no response is required.

153.     Paragraph 153 refers to documents that speak for themselves and states legal conclusions to which no response is required.

154.     Paragraph 154 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

155.     Paragraph 155 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

156.     Paragraph 156 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

157.     Paragraph 157 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

**TTV VA Federal Case**

158.    Paragraph 158 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

159.    TTV lacks sufficient information to admit or deny Paragraph 159.

160.    TTV admits the first sentence of Paragraph 160.  The second sentence of Paragraph 160 refers to documents that speak for themselves and no response is required.

161.    Paragraph 161 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

162.    Paragraph 162 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

163.    Paragraph 163 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

164.    Paragraph 164 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

165.    Paragraph 165 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

166.    Paragraph 166 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

167.    Paragraph 167 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

**TTV IRS Case**

168.    Paragraph 168 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

169.    TTV lacks sufficient information to admit or deny Paragraph 169.

170.    TTV admits the first sentence of Paragraph 170.  The second sentence of Paragraph 170 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

171.    Paragraph 171 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

172.    Paragraph 172 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

173.    Paragraph 173 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

174.    Paragraph 174 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

175.    Paragraph 175 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

176.    Paragraph 176 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

177.    Paragraph 177 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

**TTV Donor**

178.     Paragraph 178 refers to documents that speak for themselves and states legal conclusions to which no response is required.

179.     Paragraph 179 refers to documents that speak for themselves and states legal conclusions to which no response is required.

180.     Paragraph 180 refers to documents that speak for themselves and states legal conclusions to which no response is required.

181.     Paragraph 181 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

182.     Paragraph 182 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

183.     Paragraph 183 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

184.     Paragraph 184 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

185.     Paragraph 185 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

186.     Paragraph 186 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

187.     TTV admits the first sentence of Paragraph 187.  The second sentence of Paragraph 187 refers to documents that speak for themselves and states legal conclusions to which no response is required.

188.     Paragraph 188 refers to documents that speak for themselves and makes legal

conclusions to which no response is required.

189.     Paragraph 189 refers to documents that speak for themselves and makes legal

conclusions to which no response is required.

190.     Paragraph 190 refers to preceding paragraphs that may speak for themselves and makes

legal conclusions to which no response is required.

191.     Paragraph 191 refers to documents that speak for themselves and makes legal

conclusions to which no response is required.

192.     Paragraph 192 refers to documents that speak for themselves and makes legal conclusions

to which no response is required.

193.     Paragraph 193 refers to documents that speak for themselves and states legal conclusions

to which no response is required.

194.     Paragraph 194 refers to documents that speak for themselves and states legal conclusions

to which no response is required.

**Breach of Contract Generally**

195.     Paragraph 195 refers to documents that speak for themselves and states legal

conclusions to which no response is required.

196.     Paragraph 196 refers to documents that speak for themselves and states legal

conclusions to which no response is required.

197.     Paragraph 197 refers to documents that speak for themselves and states legal

conclusions to which no response is required.

198.     Paragraph 198 refers to documents that speak for themselves and states legal

conclusions to which no response is required.

**Account Stated Generally**

199.    Paragraph 199 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

200.    Paragraph 200 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

201.    Paragraph 201 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

202.    Paragraph 202 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

**Quantum Meruit Generally**

203.    Paragraph 203 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

204.    Paragraph 204 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

205.    Paragraph 205 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT I:

### Breach of Contract Due to Nonpayment for Services Rendered in the Fair Fight Case

206.    Paragraph 206 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

207.    Paragraph 207 refers to documents that speak for themselves and makes legal conclusions

to which no response is required.

208.    Paragraph 208 refers to documents that speak for themselves and makes legal conclusions to which no response is required. TTV denies all amounts are properly due and owing.

209.    TTV lacks sufficient information to admit or deny Paragraph 209.

210.    TTV lacks sufficient information to admit or deny Paragraph 210.

211.    TTV lacks sufficient information to admit or deny Paragraph 211.


**COUNT II:**

**Account Stated Claim in the Fair Fight Case**

212.    Paragraph 212 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

213.     Paragraph 213 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

214.    TTV denies Paragraph 214.

215.    TTV denies Paragraph 215.

## COUNT III:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV Arizona

216.    Paragraph 216 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

217.    Paragraph 217 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

218.    Paragraph 218 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

219.    Paragraph 219 is vague and ambiguous and therefore denied.

220.    TTV lacks sufficient information to admit or deny Paragraph 220.

221.    TTV lacks sufficient information to admit or deny Paragraph 221.

## COUNT IV:

### Account Stated Claim in TTV Arizona

222.    Paragraph 222 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

223.     Paragraph 223 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

224.    TTV denies Paragraph 224.

225.    TTV denies Paragraph 225.

**COUNT V:**

**Quantum Meruit Claim for Services Rendered in TTV Arizona**

226.     Paragraph 226 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

227.     Paragraph 227 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

228.     TTV denies Paragraph 228.

229.     TTV lacks sufficient information to admit or deny Paragraph 229.

230.     Paragraph 230 makes legal conclusions to which no response is required.

231.    Paragraph 231 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

**Count VI:**

**Breach of Contract Due to Nonpayment for Services Rendered in Validate GA**

232.     Paragraph 232 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

233.     Paragraph 233 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

234.     Paragraph 234 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

235.     TTV denies Paragraph 235.

236.     TTV lacks sufficient information to admit or deny Paragraph 236.

237.     TTV lacks sufficient information to admit or deny Paragraph 237.

## COUNT VII:

### Account Stated Claim in Validate GA

238.     Paragraph 238 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

239.     Paragraph 239 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

240.     TTV denies Paragraph 240.

241.     TTV denies Paragraph 241.

## COUNT VIII:

### Quantum Meruit Claim for Services Rendered in Validate GA

242.     Paragraph 242 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

243.     TTV admits the allegation in Paragraph 243 but at this point denies the full extent if any of the alleged benefit.

244.     TTV denies Paragraph 244.

245.     TTV lacks sufficient information to admit or deny Paragraph 245.

246.     Paragraph 246 states a legal conclusion to which no response is required.

247.     Paragraph 247 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT IX:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV Harris County

248.     Paragraph 248 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

249.     Paragraph 249 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

250.     Paragraph 250 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

251.     Paragraph 251 makes legal conclusions to which no response is required.

252.     TTV lacks sufficient information to admit or deny Paragraph 252.

253.     TTV lacks sufficient information to admit or deny the first phrase of Paragraph 253.  The remainder of Paragraph 253 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT X:

### Account Stated Claim in TTV Harris County

254.     Paragraph 254  refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack

sufficient information to admit or deny.

255.    Paragraph 255 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

256.    TTV denies Paragraph 256, in that it did not consent to the amounts charged.

257.    Paragraph 257 makes legal conclusions to which no response is required. To the extent a response is deemed required, TTV denies Paragraph 257.

## COUNT XI:

### Quantum Meruit Claim for Services Rendered in TTV Harris County

258.    Paragraph 258 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

259.    Paragraph 259 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

260.    Paragraph 260 is denied.

261.    Paragraph 261 is vague and ambiguous and therefore denied.

262.    Paragraph 262 is denied.

263.    Paragraph 263 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XII:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV IV3

264.    Paragraph 264 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack

sufficient information to admit or deny.

265.     Paragraph 265 is vague and ambiguous and therefore denied.

266.      Paragraph 266 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

267.     Paragraph 267 recites a legal conclusion to which no response is required.

268.     TTV lacks sufficient knowledge to admit or deny Paragraph 268.

269.     TTV lacks sufficient knowledge to admit or deny Paragraph 269

**COUNT XIII:**

**Account Stated Claim in TTV IV3**

270.     Paragraph 270 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

271.      Paragraph 271 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

272.     TTV denies Paragraph 272.

273.     Paragraph 273 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XIV:

### Quantum Meruit Claim for Services Rendered in TTV IV3

274.    Paragraph 274 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

275.    Paragraph 275 draws legal conclusions to which no response is required.

276.    Paragraph 276 is vague and ambiguous and therefore denied.

277.    TTV lacks sufficient knowledge to admit or deny Paragraph 277.

278.    Paragraph 278 draws legal conclusions to which no response is required.

279.    Paragraph 279 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XV:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV Lawfare Research

280.    Paragraph 280 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

281.    Paragraph 281 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

282.    Paragraph 282 makes legal conclusions to which no response is required.

283.    Paragraph 283 is a legal conclusion to which no response is necessary.

284.    Paragraph 284 draws legal conclusions to which no response is required.

285.    Paragraph 285 draws legal conclusions to which no response is required.

## COUNT XVI:

### Account Stated Claim in TTV Lawfare Research

286.    Paragraph 286 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

287.    Paragraph 287 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

288.    TTV denies Paragraph 288.

289.    Paragraph 289 draws legal conclusions to which no response is required.

## COUNT XVII:

### Quantum Meruit Claim for Services Rendered in TTV Lawfare Research

290.    Paragraph 290 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

291.    TTV lacks sufficient knowledge to admit or deny Paragraph 291.

292.    Paragraph 292 is denied.

293.    TTV lacks sufficient knowledge to admit or deny Paragraph 293.

294.    Paragraph 294 states a legal conclusion to which no response is required.

295.    Paragraph 295 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XVIII:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV NC Amicus

296.     Paragraph 296 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

297.     Paragraph 297 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

298.     Paragraph 298 refers to documents that speak for themselves and makes legal conclusions to which no response is required. TTV denies that the full amounts alleged are due.

299.     Paragraph 299 alleges a legal conclusion to which no response is required. TTV lacks sufficient knowledge to admit or deny Paragraph 284.

300.     TTV lacks sufficient knowledge to response to Paragraph 300.

301.     TTV lacks sufficient knowledge to admit or deny Paragraph 301, and it draws legal conclusions to which no response is required.

## COUNT XIX:

### Account Stated Claim in TTV NC Amicus

302.     Paragraph 302 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

303.      Paragraph 303 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

304.     TTV denies paragraph 304.

305.     Paragraph 305 draws legal conclusions to which no response is required. To the extent a response is deemed to be required, Paragraph 305 is denied.

## COUNT XX:

### Quantum Meruit Claim for Services Rendered in TTV NC Amicus

306.     Paragraph 306 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

307.     TTV lacks sufficient knowledge to admit or deny Paragraph 307 but admits that BLF frequently provided legal services to TTV.

308.     Paragraph 308 is vague and ambiguous and therefore denied.

309.     TTV lacks sufficient knowledge to admit or deny Paragraph 309.

310.     Paragraph 310 draws legal conclusions to which no response is required.

311.     Paragraph 311 refers to documents that speak for themselves and states legal conclusions to which no response is required.

## COUNT XXI:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV NM Litigation

312.     Paragraph 312 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

313.     Paragraph 313 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

314.     Paragraph 314 draws legal conclusions to which no response is required. To the extent a

response is deemed to be required, TTV denies all such amounts are rightly owing.

315.     Paragraph 315 draws legal conclusions to which no response is required.

316.     TTV lacks sufficient knowledge to admit or deny Paragraph 316.

317.     TTV lacks sufficient knowledge to admit or deny Paragraph 317, and it draws legal conclusions to which no response is required.

## COUNT XXII:

### Account Stated Claim in TTV NM Litigation

318.     Paragraph 318 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

319.      Paragraph 319 refers to documents that speak for themselves and draws legal conclusions to which no response is required.

320.     TTV denies Paragraph 320.

321.     Paragraph 321 refers to documents that speak for themselves and make legal conclusions to which no response is required.

## COUNT XXIII:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV NV State Litigation

322.     Paragraph 322 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

323.     Paragraph 323 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

324.     Paragraph 324 refers to documents that speak for themselves and makes legal

conclusions to which no response is required. To the extent a response is deemed required, Paragraph 324 is denied.

325.    Paragraph 325 draws legal conclusions to which no response is required. To the extent a response is deemed to be required, Paragraph 325 is denied.

326.    TTV lacks sufficient knowledge to admit or deny Paragraph 326.

327.    TTV lacks sufficient knowledge to admit or deny Paragraph 327.

## COUNT XXIV:

## Account Stated Claim in TTV NV State Litigation

328.    Paragraph 328 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

329.    Paragraph 329 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

330.    TTV denies Paragraph 330.

331.    Paragraph 331 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XXV:

## Breach of Contract Due to Nonpayment for Services Rendered in TTV NV Federal Litigation

332.    Paragraph 332 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

36

333.     Paragraph 333 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

334.     Paragraph 334 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

335.     Paragraph 335 draws legal conclusions to which no response is required.

336.     TTV lacks sufficient knowledge to admit or deny Paragraph 336.

337.     TTV lacks sufficient knowledge to admit or deny Paragraph 371.

## COUNT XXVI:

### Account Stated Claim in TTV NV Federal Litigation

338.     Paragraph 338 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

339.      Paragraph 339 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

340.      TTV denies Paragraph 340.

341.     Paragraph 341 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XXVII:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV Audits

342.     Paragraph 342 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack

sufficient information to admit or deny.

343.   Paragraph 343 refers to documents that speak for themselves and makes legal

conclusions to which no response is required.

344.   TTV denies the allegations as stated in Paragraph 344.

345.   Paragraph 345 draws legal conclusions to which no response is required.

346.   TTV lacks sufficient knowledge to admit or deny Paragraph 346.

347.   TTV lacks sufficient knowledge to admit or deny Paragraph 347.

## COUNT XXVIII:

### Account Stated Claim in TTV Audits

348.   Paragraph 348 refers to preceding paragraphs that may speak for themselves and makes

legal conclusions to which no response is required, or may have been denied, or TTV may lack

sufficient information to admit or deny.

349.   Paragraph 349 refers to documents that speak for themselves and makes legal

conclusions to which no response is required.

350.   TTV denies Paragraph 350.

351.   Paragraph 351 refers to documents that speak for themselves and makes legal

conclusions to which no response is required.

## COUNT XXIX:

### Quantum Meruit Claim for Services Rendered in TTV Audits

352.   Paragraph 352 refers to preceding paragraphs that may speak for themselves and makes

legal conclusions to which no response is required, or may have been denied, or TTV may lack

sufficient information to admit or deny.

353.     Paragraph 353 draws legal conclusions to which no response is required.

354.     Paragraph 354 is a legal conclusion to which no response is required. To the extent a response is deemed to be required, Paragraph 354 is denied.

355.     TTV lacks sufficient knowledge to admit or deny Paragraph 355.

356.     Paragraph 356 draws legal conclusions to which no response is required.

357.     Paragraph 357 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XXX:

### Breach of Contract - Nonpayment for Services Rendered in TTV Ranked Choice Voting

358.     Paragraph 358 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

359.     Paragraph 359 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

360.     Paragraph 360 refers to documents that speak for themselves and makes legal conclusions to which no response is required. TTV denies such amount in full is due.

361.     Paragraph 361 draws legal conclusions to which no response is required.

362.     TTV lacks sufficient knowledge to admit or deny Paragraph 362.

363.     Paragraph 363 draws legal conclusions to which no response is required.

## COUNT XXXI

### Account Stated Claim in TTV Ranked Choice Voting

39

364.     Paragraph 364 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

365.     Paragraph 365 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

366.      TTV denies Paragraph 366.

367.     Paragraph 367 refers to documents that speak for themselves and make legal conclusions to which no response is required.

## COUNT XXXII:

## Quantum Meruit Claim for Services Rendered in TTV Ranked Choice Voting

368.     Paragraph 368 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

369.     TTV lacks sufficient information to admit or deny Paragraph 369.

370.     Paragraph 370 is denied.

371.     TTV lacks sufficient knowledge to admit or deny Paragraph 371.

372.     Paragraph 372 draws legal conclusions to which no response is required.

373.     Paragraph 373 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XXXIII:

## Breach of Contract Due to Nonpayment for Services Rendered in TTV TX Litigation

374.    Paragraph 374 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

375.    Paragraph 375 refers to documents that speak for themselves and makes legal conclusions to which no response is required. 375.   Paragraph 375 refers to documents that speak for themselves and makes legal conclusions to which no response is required. TTV denies such amounts are due in full.

376.    Paragraph 376 draws legal conclusions to which no response is required.

377.    TTV lacks sufficient knowledge to admit or deny Paragraph 377.

378.    TTV lacks sufficient knowledge to admit or deny Paragraph 378.

379.    TTV lacks sufficient knowledge to admit or deny Paragraph 379.

## COUNT XXXIV:

### Account Stated Claim in TTV TX Litigation

380.    Paragraph 380 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

381.     Paragraph 381 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

382.     TTV denies Paragraph 382.

383.     Paragraph 383 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

### COUNT XXXV:

**Quantum Meruit Claim for Services Rendered in TTV TX Litigation**

384.     Paragraph 384 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

385.     Paragraph 385 draws legal conclusions to which no response is required.

386.     Paragraph 386 draws legal conclusions to which no response is required. To the extent a response is deemed to be required, Paragraph 386 is denied.

387.     TTV lacks sufficient knowledge to admit or deny Paragraph 387.

388.     Paragraph 388 draws legal conclusions to which no response is required.

389.     Paragraph 389 refers to documents that speak for themselves and make legal conclusions to which no response is required.

**COUNT XXXVI:**

**Breach of Contract Due to Nonpayment for Services Rendered in TTV VA Intervention**

390.     Paragraph 390 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

391.     Paragraph 391 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

392.     Paragraph 392 refers to documents that speak for themselves and make legal conclusions to which no response is required.

393.     Paragraph 393 draws legal conclusions to which no response is required.

394.     TTV lacks sufficient knowledge to admit or deny Paragraph 394.

395.    TTV lacks sufficient knowledge to admit or deny Paragraph 395.

## COUNT XXXVII:

## Account Stated Claim in TTV VA Intervention

396.    Paragraph 396 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

397.     Paragraph 397 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

398.    TTV denies Paragraph 398.

399.    Paragraph 399 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XXXVIII:

## Breach of Contract Due to Nonpayment for Services Rendered in TTV FEC Complaint

400.    Paragraph 400 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

401.    Paragraph 401 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

402.    Paragraph 402 refers to documents that speak for themselves and makes legal conclusions

to which no response is required. To the extent a response is deemed required, the amounts recited are not due as stated in full.

403.　　Paragraph 403 draws legal conclusions to which no response is required.

404.　　TTV lacks sufficient knowledge to admit or deny Paragraph 404.

405.　　Paragraph 405 draws legal conclusions to which no response is required.

## COUNT XXXIX:

## Account Stated Claim in TTV FEC Complaint

406.　　Paragraph 406 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

407.　　Paragraph 407 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

408.　　TTV denies Paragraph 408.

409.　　Paragraph 409 refers to documents that speak for themselves and draws legal conclusions to which no response is required.

## COUNT XL:

## Quantum Meruit Claim for Services Rendered in TTV FEC Complaint

4110　　Paragraph 410 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

411.　　TTV lacks sufficient knowledge to admit or deny Paragraph 411 but admits that BLF regularly provided legal services to TTV.

412.     Paragraph 412 draws legal conclusions to which no response is required.

413.     TTV lacks sufficient knowledge to admit or deny Paragraph 413.

414.     Paragraph 414 draws legal conclusions to which no response is required.

415.     Paragraph 415 refers to documents that speak for themselves and draws legal conclusions to which no response is required.

## COUNT XLI:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV VA Federal Case

416.     Paragraph 416 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

417.     Paragraph 417 refers to documents that speak for themselves and draws legal conclusions to which no response is required.

418.     Paragraph 418 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

419.     Paragraph 419 draws legal conclusions to which no response is required.

420.     Paragraph 420 draws legal conclusions to which no response is required.

421.     Paragraph 421 draws legal conclusions to which no response is required.

## COUNT XLII:

### Account Stated Claim in TTV VA Federal Case

422.     Paragraph 406 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack

sufficient information to admit or deny.

423.    Paragraph 423 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

424.    Paragraph denies Paragraph 424.

425.    Paragraph 425 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

## COUNT XLIII:

## Breach of Contract Due to Nonpayment for Services Rendered in TTV IRS Case

426.    Paragraph 426 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

427.    Paragraph 427 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

428.    Paragraph 428 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

429.    Paragraph 429 draws legal conclusions to which no response is required.

430.    TTV lacks sufficient knowledge to admit or deny Paragraph 430.

431.    TTV lacks sufficient knowledge to admit or deny Paragraph 431.

## COUNT XLIV:

## Account Stated Claim in TTV IRS Case

432.    Paragraph 432 refers to preceding paragraphs that may speak for themselves and makes

legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

433.    Paragraph 433 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

434.    TTV denies Paragraph 434.

435.    Paragraph 435 refers to documents that speak for themselves and makes legal conclusions to which no response is required.

**COUNT XLV:**
**Breach of Contract Due in Nonpayment for Services Rendered in TTV Donor**

436.    Paragraph 436 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

437.    Paragraph 437 refers to documents that speak for themselves and states legal conclusions to which no response is required.

438.    Paragraph 438 refers to documents that speak for themselves and states legal conclusions to which no response is required.  TTV denies such amount in full is due.

439.    Paragraph 439 refers to documents that speak for themselves and states legal conclusions to which no response is required.

440.    Paragraph 440 refers to documents that speak for themselves and states legal conclusions to which no response is required.

441.    Paragraoh 441 draws legal conclusions to which no response is required.

442.    Paragraph 442 draws legal conclusions to which no response is required.

443.    TTV lacks sufficient knowledge to admit or deny Paragraph 443.

444.    TTV lacks sufficient knowledge to admit or deny Paragraph 444.

## COUNT XLVI:
## Account Stated Claim in TTV Donor

445.    Paragraph 445 refers to preceding paragraphs that may speak for themselves and makes legal conclusions to which no response is required, or may have been denied, or TTV may lack sufficient information to admit or deny.

446.    Paragraph 446 refers to documents that may speak for themselves and makes legal conclusions to which no response is required.

447.    Paragraph 447 refers to documents that may speak for themselves and makes legal conclusions to which no response is required.

448.    TTV denies Paragraph 448.

449.    TTV denies Paragraph 449.

450.    Paragraph 450 refers to documents that may speak for themselves and makes legal conclusions to which no response is required.


**Claim Totals**

451.    Paragraph 451 refers to documents that speak for themselves and makes legal conclusions to which no response is required. To the extent a response is deemed to be required, Paragraph 451 is denied.

# TTV AFFIRMATIVE DEFENSES

452.    TTV presents the following affirmative defenses in response to the Plaintiff BLF's breach

48

of contract claims due to nonpayment for services rendered, account stated claims, and quantum meruit claims for services rendered: failure of performance, failure of consideration, breach of contract, breach of fiduciary duty, unreasonable and excessive fees, failure to mitigate damages, unclean hands, and legal malpractice.

453.   **Failure of performance**.  TTV asserts that BLF failed to perform the agreed upon legal services in a competent, diligent, and professional manner, thereby breaching the terms of the attorney-client agreements. TTV contends that BLF's breach excuses TTV's obligation to pay the full amount of the attorney's fees requested.

454.   **Failure of consideration**.  TTV asserts that BLF's failure to provide legal services as promised constituted a failure of consideration.  TTV asserts that BLF's failure to fulfill its contractual obligations justifies TTV's refusal to pay the full amount of attorney's fees.

455.   **Breach of contract.**  TTV asserts that BLF breached the attorney-client agreement by failing to meet the terms and conditions outlined therein.  TTV contends that BLF's breach discharges TTV's obligation to pay the full amount of the attorney's fees.

456.   **Breach of fiduciary duty**.  TTV asserts that BLF breached its fiduciary duty by mismanaging funds received by TTV and TTV donors, conflating time spent on legal matters, and comingling funds from separate matters.  TTV contends that BLF's breach discharges TTV's obligation to pay the full amount of attorney's fees.

457.   **Unreasonable and excessive fees**.  TTV asserts that the attorney's fees charged by BLF are unreasonable and excessive under the circumstances.  TTV maintains that BLF's fees were not commensurate with the level of services rendered or the prevailing market rates for similar legal

services.

458.   **<u>Failure to mitigate damages</u>**.  TTV asserts that BLF failed to take reasonable steps to mitigate damages by not addressing TTV's concerns or rectifying any mistakes made in the provision of legal services.  TTV asserts that BLF's failure to mitigate damages limits or eliminates TTV's obligation to pay the full amount of attorney's fees.

459.   **<u>Unclean hands</u>**. TTV asserts that BLF acted with unclean hands by engaging in unethical or improper conduct during the course of the attorney-client relationship or the subsequent collection efforts.  TTV asserts that BLF's unclean hands bars or limits BLF's entitlement to the requested attorney's fees.

## TTV COUNTERCLAIM AGAINST BLF

460.   TTV, as Counter-Plaintiff, denies owing any unpaid invoices to the Plaintiff BLF and asserts that BLF engaged in legal malpractice, misrepresentation by misrepresenting the quality of their legal services, and breach of contract.

461.   TTV asserts that BLF provided substandard legal services that fell below the reasonable standard of care expected of a competent attorney and competent law firm. The defendant TTV suffered damages as a result of the plaintiff's negligence and breach of fiduciary duty.

462.   Furthermore, the defendant TTV asserts that the plaintiff induced them to enter into a legal services agreement by making misrepresentations about their experience, skills, and ability to handle the case. The plaintiff BLF knew or should have known that they were not qualified to handle the case and had no intention of providing competent legal services.

463.    As a result of the plaintiff BLF's legal malpractice, misrepresentation and breach of contract the defendant TTV has suffered damages, including but not limited to the loss of time, money, and the opportunity to retain competent legal counsel. Therefore, the defendant TTV counterclaims for legal malpractice and seeks compensatory and punitive damages.

## FACTS

464.    This matter involves plaintiff BLF volunteering to provide legal services to defendant TTV, a Texas nonprofit wholly supported through donations. Beginning in 2010, BLF began providing legal services to TTV *pro bono* for a period of approximately seven years. The standard business practice established between TTV and BLF was that BLF provided services to TTV without the expectation of payment for those services.

465.    Beginning in or about February 2017, TTV for the first time entered a fee agreement for legal services with BLF for the specific legal matter of TTV v. IRS. During this time BLF continued to provide *pro bono* legal services to TTV for legal services not related to the IRS matter and as such not within the scope of this specific fee agreement.

466.    In 2020, BLF, at times and upon information and belief, materially misrepresented itself as the general counsel for TTV in business dealings, during meetings with donors, and at public media events, which was outside the scope of the agreements between the parties.  BLF benefited from this misrepresentation.

467.    On or about November 20, 2020, BLF was retained by TTV to represent *TTV in Fair Fight, Inc., et al v. True the vote, Inc., et al*., Case No. 2:20-cv-00302 ("Fair Fight"), "GA Activities," a potential donor lawsuit, and a series of cases in federal courts in various states. TTV also agreed to pay for BLF's representation of other co-defendants in this matter.

468.    TTV paid BLF a $1.1 million retainer in three separate payments for the November 20, 2020 representation agreement:  an initial retainer of $500,000 on November 20, 2020 to be used for "GA Activities" matters, followed by a second retainer in the amount of $500,000 to be used for "Fair Fight" legal services, and an additional $100,000 on January 11, 2021.

469.    In November 2020, BLF filed four nearly identical federal complaints on behalf of TTV based on BLF's self-proclaimed subject matter expertise, legal advice, and assurances, on which TTV relied. BLF filed these complaints knowing that it lacked factual support for them. The legal fees BLF charged TTV for filing nearly identical complaints in the four states of Georgia, Michigan, Pennsylvania and Wisconsin, for about a week of work, totaled $280,960.90. Within one week after the filings, BLF retracted its advice to TTV and recommended these complaints be voluntarily dismissed and did so. BLF did not write down or reimburse fees to TTV for this conscious waste of resources.

470.    BLF spoke negatively of TTV and its directors when dealing with co-defendants, did not protect the best interests of TTV, and falsely proclaimed to third parties that TTV was not timely paying its legal fees.

471.    BLF failed to provide regular monthly statements of accounts to TTV as outlined in the November 20, 2020 retainer agreement, and BLF failed to communicate the status of these cases to TTV when information and clarification was requested by TTV.

472.    BLF understood that the source of financing for all of TTV's operations and legal fees came through financial donations. BLF used its position as a trusted advisor to TTV to suggest to a major donor that the donor should take out a $1.8 million loan in order to pay legal fees to BLF.

473.    TTV repeatedly asked for clarification on the billings and invoices from BLF. BLF

failed to provide itemized invoices accounting for the $1.1 million retainer.

474.    TTV conducted a financial audit and requested BLF resend its invoices with better

clarity of time and money spent. BLF failed to provide a clear invoicing or work product

sufficient to account for the $1.1 million retainer. BLF provided two disorganized trust account

spreadsheets showing balances and invoice dates, check dates and balances due; however, these

trust account spreadsheets did not provide invoice numbers or itemized services rendered with

timed billings.

475.    The abovementioned trust account spreadsheets provided by BLF contained an

unexplained line item dated December 9, 2020 for non-legal "general/administrative" services

totaling $97,359.10, which BLF paid itself out of the retainer TTV had paid approximately two

weeks earlier. TTV's audit team included internal bookkeepers, third party CPA professionals,

and two unrelated law firms. Each of these parties separately requested clarity on the invoices

from BLF. BLF failed to provide clear accounting. The experts involved with the audit could

not understand the BLF invoices or trust account fund summaries. BLF failed to provide bank

statement records for the trusts.

476.    BLF submitted an invoice in the amount of $10,393.00 to TTV, claiming it was for time

spent resending and explaining the previously drafted, incomprehensible invoices to TTV for

purposes of TTV's audit.

477.    On November 26, 2020, TTV drafted a letter and asked BLF by phone call to review the

draft and, if appropriate, to deliver the letter. The phone call was less than 60 minutes in

duration. BLF invoiced $9,044.01 for the review of this letter.

478.     In 2017, BLF knowingly misrepresented to TTV the timing, costs, and reasonably likely outcomes of the *True the Vote, Inc. v. Internal Revenue Service,* Case No. 1:13-cv-00734, claiming that if TTV would retain BLF to represent TTV in this matter, it would cost approximately $50,000 and take no more than thirty days. In reliance on these representations, TTV dismissed prior counsel and retained BLF as counsel of record. This case is ongoing, and the fees accumulated by BLF are purported to be $505,003.38.

479.     On or about October 20, 2020, BLF recommended TTV engage BLF to file an amicus brief and motion for leave to file an amicus brief on behalf of TTV in support of the plaintiffs in *Wise, et al v. Circosta, et al.*, No. 20A71 (U.S.). In reliance of BLF's statements and assurances of the reasonableness of the legal outcomes, TTV retained BLF. BLF concealed the fact it simply repurposed an amicus brief it had previously filed and lost in Montana which was based on the same legal arguments. The application was rejected on October 8, 2020. BLF invoiced $19,847.00 for submitting an application. TTV did not review or receive any work product related to this invoice and was not informed by BLF as to the status of the application.

480.     In September 2022, BLF engaged in unprofessional conduct by making verbal threats to TTV if BLF did not "get the good litigation," by which BLF meant Konnech v. TTV.

481.     On September 28, 2022, one week after learning TTV would not retain BLF to represent TTV in the Konnech litigation matter, BLF in a fit of pique submitted 14 invoices for legal services due upon receipt. Twelve of the fourteen invoices listed only "various legal services" and a total balance due. BLF failed to provide details of time spent when TTV asked for clarification.

482.     TTV was sued by a disgruntled donor, Frederic Eshelman, largely due to BLF's strategy

of championing the four abovementioned cut-and-paste complaints in federal courts, followed by BLF's recognition that the filings should be dismissed.

## CAUSES OF ACTION

## Count I – Legal Malpractice

483.    BLF's conduct has amounted to legal malpractice, a breach of the duty of care owed to TTV as its client.  BLF had a duty to exercise reasonable skill, knowledge and diligence in representing the interests of TTV.  BLF breached its duty of care to TTV by failing to exercise the skill care and diligence that is normally exercised by the members of the legal profession under similar circumstances, by engaging in improper conduct, misrepresenting critical information, and failing to act in the best interests of TTV.  The breach of duty by BLF directly caused harm and damages to TTV, including financial loss, emotional distress and reputational damage.  As a result of this legal malpractice, TTV suffered significant financial losses, reputational damage, and other damages by BLF.

## Count II – Misrepresentation

484.    BLF's actions also constitute misrepresentation by making false statements regarding BLF's expertise, experience and the likely outcomes of cases involving TTV.  These false statements made by BLF were material to TTV's decision to retain BLF's services.  TTV justifiably relied on the false statements made by BLF, which induced TTV to enter an attorney-client relationship.  As a direct consequence of the misrepresentation, TTV suffered damages including financial losses and reputational harm.

## Count III – Breach of Contract

485.    BLF entered into a contract with TTV for legal services and breached that contract by failing to provide the level of skill, care and diligence required by Indiana law.  As a result of this breach, TTV suffered reputational damage, financial damage and damages to those legal matters both represented by BLF and those not represented by BLF.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant and Counter-Plaintiff TTV prays for the relief set forth below:

1.       A finding to uphold the foregoing affirmative defenses and dismiss Plaintiff and Counter-Defendant BLF's claims in their entirety and enter a judgment that Plaintiff and Counter-Defendant BLF takes nothing;

2.       A finding that Plaintiff and Counter-Defendant BLF is liable to Defendant and Counter-Plaintiff TTV for legal malpractice, breach of fiduciary duty, breach of duty of care, misrepresentation and breach of contract.

3.       A finding that Plaintiff and Counter-Defendant BLF is entitled to damages which include but are not limited to compensatory, incidental, and consequential losses;

4.       Award Defendant and Counter-Claimant TTV its reasonable and necessary attorney's fees, court costs, prejudgment and post-judgment interest; and

5.       Award Defendant and Counter-Claimant TTV for compensatory, incidental and consequential losses caused by Plaintiff and Counter-Defendant BLF's breach of its         fiduciary duty, as well as full disgorgement of all amounts paid to date.

6.      Further, Defendant and Counter-Claimant TTV requests such other and further relief, both special and general, at law and in equity, to which it may be entitled.

Date: August 31, 2023

Respectfully submitted,

GREGOR WYNNE ARNEY, PLLC

/s/ *Michael J. Wynne*
*Michael J. Wynne
Texas State Bar No. 00785289
SDTX No. 18539
909 Fannin, Ste. 3800
Houston, Texas 77010
281-450-7403
Email:  mwynne@gwafirm.com

*Pro Hac Vice

/s/ *John J. Morse*
John J. Morse
Attorney No. 16146-49
Morse & Bickel, P.C.
1411 Roosevelt Ave., Ste. 102
Indianapolis, IN 46201
Telephone: 317-686-1540
Facsimile: 317-630-2790
Email: Morse@MorseBickel.com

COUNSEL FOR TRUE THE VOTE, INC.

**Certificate of Service**

I certify that on August 31, 2023, I caused the foregoing and all exhibits and attachments thereto in the above-captioned matter to be filed with the United States District Court for the Southern District of Indiana, Terre Haute Division, using the Court's CM/ECF system, including

Mr. James Bopp, Jr.
Lead Counsel for
The Bopp Law Firm
1 South Sixth Street
Terre Haute, Indiana 47807-3510

/s/ *Michael Wynne*
Michael Wynne
Counsel for True the Vote