UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| **The Bopp Law Firm, PC,** an Indiana Professional Corporation<br><br>*Plaintiff,*<br><br>*v.*<br><br>**True the Vote, Inc.,** a Texas Corporation,<br><br>*Defendant.*<br><br>**True the Vote, Inc.,** a Texas Corporation,<br><br>*Counter-Claimant,*<br><br>*v.*<br><br>**The Bopp Law Firm, PC,** an Indiana Professional Corporation,<br><br>*Counter-Defendant.* | **Civil Case No. 2:23-cv-120** |

**DEFENDANT AND COUNTER-PLAINTIFF TRUE THE VOTE'S SECOND AMENDED ANSWER, COUNTERCLAIM, AND AFFIRMATIVE DEFENSES**

Defendant and Counter-Plaintiff True the Vote, Inc. ("TTV") submits the following second amended answer, amended affirmative defenses, and amended counterclaims, stating as follows:

## Introduction

1. TTV admits Paragraph 1 is a summary of the causes of action in this lawsuit filed by the Bopp Law Firm ("BLF").

## Jurisdiction and Venue

2. TTV admits that Indiana law applies and that BLF's allegations and claims are based on breach of contract and/or an account stated.

3. TTV admits the allegation in Paragraph 3.

**Amount in Controversy**

4. TTV admits the allegation in Paragraph 4.

5. TTV denies the allegation in Paragraph 5 that the total balance as alleged is due, without offset, for among other reasons, (as addressed in further detail below) (a) not all alleged agreements are reduced to writing, setting out specific terms and provisions upon which BLF appears to rely throughout its pleadings; (b) not all alleged agreements are enforceable due to want of consideration and/or because they are void as against public policy or are barred by TTV's affirmative defenses and counterclaims; and (c) in particular, in certain instances as set out in TTV's Statement of Damages and elsewhere, BLF breached fiduciary duties owing to TTV and otherwise failed in performance of its professional obligations.

6. TTV denies the allegation in the first sentence of Paragraph 6, as TTV does not owe BLF the entire unpaid balance claimed without offset. TTV admits the allegation in the second sentence. TTV denies the allegation in the third sentence.

7. TTV denies the allegations in Paragraph 7.

8. TTV denies the allegations in Paragraph 8.

**Diversity of Citizenship**

9. TTV admits the allegation in Paragraph 9.

10. Although TTV lacks sufficient knowledge or information to confirm or deny the allegations in Paragraph 10, TTV does not dispute BLF's allegation regarding its own corporate status or the state in with it considers itself to be domiciled.

11. TTV admits it is incorporated in Texas and is a citizen of Texas for purposes of 28 U.S.C. § 1332(c)(1).

12. TTV admits the allegations in Paragraph 12.

**Jurisdictional Assertion**

13. TTV denies that it owes BLF an amount exceeding $75,000, but otherwise does not dispute BLF's statement regarding federal jurisdiction.

**Personal Jurisdiction**

14. TTV admits the allegations in Paragraph 14.

**Venue**

15. TTV admits the allegations in Paragraph 15.

**Parties**

16. TTV admits the allegation in Paragraph 16.

17. TTV admits it is a Texas corporation but notes the address listed in Paragraph 17 is not current.

**Facts**

18. TTV admits the allegation in Paragraph 18.

19. TTV denies the allegations in Paragraph 19 as written. BLF attempts to peg each alleged representation it addresses individually later in its pleadings to a separate express or implied "Agreement," defining the group collectively as the "Agreements." In many instances, there are no fully-executed documents, and at times BLF relies on email exchanges with limited substance or its recollection of phone calls. TTV denies that each phone call or email or document exchange BLF cites in its pleadings created an enforceable contract.

***Fair Fight* Case**

20. TTV admits the allegations in Paragraph 20.

21. TTV lacks knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence of Paragraph 21. TTV admits the allegation in

the second sentence.

22. TTV admits the allegations in Paragraph 22.

23. TTV admits the allegations in Paragraph 23.

24. TTV admits the allegations in Paragraph 24.

25. TTV admits the allegations in Paragraph 25.

26. TTV admits the allegation in Paragraph 26.

27. TTV admits the allegation in Paragraph 27, but does not admit such clause is legally binding.

28. TTV admits the allegation in Paragraph 28, but does not admit such clause is legally binding.

29. TTV admits the allegations in Paragraph 29, except that TTV does not admit the referenced agreements provide *any* court located in Indiana could resolve any dispute.

**TTV Arizona**

30. As to Paragraph 30, TTV admits that Ms. Engelbrecht sent an email to Mr. Bopp and Ms. Siebert on Aug. 3, 2022, and TTV admits that Exhibit 10 includes the text of that email. TTV also admits that BLF, on several occasions, performed work for TTV after Ms. Engelbrecht and a BLF attorney discussed an issue via telephone

or by email. TTV otherwise denies the allegations and characterizations in Paragraph 30 and denies that Exhibit 10 created a binding contract, and denies more specifically that the email exchange was sufficient to establish specific terms for any binding contract as to the matter.

31. TTV admits the allegations in Paragraph 31, but denies agreed upon rates necessarily applied in this instance because there is no written contract.

32. TTV admits the allegation in Paragraph 32.

33. TTV denies the allegations in Paragraph 33. Specifically, TTV denies the existence of a specific "TTV Arizona Agreement" and notes that BLF's Exhibit 10 to its Amended Answer entitled "TTV Arizona Agreement" is a partially redacted email that does not constitute an agreement regarding terms of payment of invoices or otherwise.

34. TTV denies the allegations set forth in Paragraph 34. Specifically, TTV denies the existence of a "TTV Arizona Agreement" and notes that BLF's Exhibit 10 to its Amended Answer entitled "TTV Arizona Agreement" is a partially redacted email that does not constitute an agreement regarding terms of payment of invoices or accrual of interest or payment of fees or costs upon any collection action.

35. TTV denies the allegations set forth in Paragraph 35. Specifically,

TTV denies the existence of a "TTV Arizona Agreement" and notes that BLF's Exhibit 10 to its Amended Answer entitled "TTV Arizona Agreement" is a partially redacted email that does not constitute an agreement on specific terms.

**Validate GA**

36. As to Paragraph 36, TTV lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the referenced call or the date or substance of any such call, but will amend this response as necessary as discovery proceeds.

37. As to Paragraph 37, TTV admits that BLF, on occasion, performed work for TTV after Ms. Engelbrecht and a BLF attorney discussed an issue via telephone or email. TTV cannot say whether any such work was similar to that described in paragraph 37, for among other reasons, because nothing is described in paragraph 37. TTV otherwise denies the allegations in this paragraph.

38. As to Paragraph 38, TTV admits that BLF charged TTV for legal services and in certain matters did so at previously agreed-upon rates. TTV otherwise denies the allegations and characterization set forth in this paragraph.

39. TTV admits the allegations in Paragraph 39.

40. TTV denies the allegations in Paragraph 40, as TTV cannot ascertain what

"terms" of a "Validate Georgia Agreement" BLF is referencing, because there is no written "Validate Georgia Agreement." TTV further denies that any course of dealings between TTV and BLF bound TTV to the stated terms alleged in this paragraph.

41. TTV denies the allegations in Paragraph 41, as TTV cannot ascertain what "terms" of a "Validate Georgia Agreement" BLF is referencing, as there is no written "Validate Georgia Agreement." TTV further denies that any course of dealings between TTV and BLF legally bound TTV to the terms alleged in this paragraph.

42. TTV denies the allegations in Paragraph 42 as TTV cannot ascertain what "terms" of a "Validate Georgia Agreement" BLF is referencing, as there is no written "Validate Georgia Agreement." TTV further denies that any course of dealings between TTV and BLF bound TTV to the stated terms alleged in this paragraph.

43. TTV denies the allegations in Paragraph 43, as TTV cannot ascertain what "terms" of a "Validate Georgia Agreement" BLF is referencing, because there is no written "Validate Georgia Agreement." TTV further denies that any course of dealings between TTV and BLF bound TTV to the stated terms alleged in this paragraph.

**TTV Harris County**

44. TTV denies the allegations in Paragraph 44, as Ex. 11 of BLF's Amended Complaint, which BLF entitled "TTV Harris County Agreement," is not signed or dated by any party.

45. TTV lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 45.

46. TTV admits the first sentence of Paragraph 46, but otherwise denies the allegations, including the allegation that the email exchange created or ratified any agreement or in the alternative that it defined the specific terms of any agreement.

47. TTV denies the allegations in Paragraph 47.

48. TTV denies the allegations in Paragraph 48.

49. TTV denies the allegations in Paragraph 49.

50. TTV denies the allegations in Paragraph 50.

51. TTV denies the allegations in Paragraph 51.

52. TTV denies the allegations in Paragraph 52.

53. TTV denies the allegations in Paragraph 53.

54. TTV admits that a determination was made not to bring suit but denies the remaining allegations in Paragraph 54, and at this point lacks sufficient knowledge or information sufficient to form a belief about the truth

of the remaining allegations, including details concerning the extent or substance of BLF's research or the extent to which it contributed to any decision, but TTV will seek leave to amend as discovery proceeds if those answers emerge, as may be the case.

**TTV IV3**

55. TTV admits Paragraph 55 to the extent that it acknowledges BLF communicated with TTV regarding legal matters, including a project known as IV3.

56. TTV admits Paragraph 56 to the extent it alleges that BLF often performed work for TTV but denies that all services were adequate and that all work is properly compensable.

57. TTV admits that on certain matters, BLF said it would charge TTV at previously agreed upon hourly rates. TTV lacks knowledge or information sufficient to form an opinion about the truth of any allegation BLF did so, based on the invoices submitted and lack of clarity or explanation.

58. TTV admits that on certain matters, TTV agreed to pay costs and expenses in addition to hourly charges for legal services.

59. TTV denies the allegations in Paragraph 59, as there is no "IV3 Agreement." TTV further denies that any course of dealings between TTV and BLF bound TTV to the stated terms alleged in this paragraph.

60. TTV denies the allegations in Paragraph 60, as TTV cannot ascertain what "terms" of a "IV3 Agreement" BLF is referencing, because there is no "IV3 Agreement." TTV further denies that any course of dealings between TTV and BLF bound TTV to the stated terms alleged in this paragraph.

61. TTV denies the allegations in Paragraph 61, as TTV cannot ascertain what "terms" of a "IV3 Agreement" BLF is referencing, because there is no "IV3 Agreement." TTV further denies that any course of dealings between TTV and BLF bound TTV to the stated terms alleged in this paragraph.

62. TTV denies the allegations in Paragraph 62, as TTV cannot ascertain what "terms" of a "IV3 Agreement" BLF is referencing, because there is no written "IV3 Agreement." TTV further denies that any course of dealings between TTV and BLF bound TTV to the stated terms alleged in this paragraph.

**TTV Lawfare Research**

63. As to Paragraph 63, at this time TTV lacks knowledge or information sufficient to form a belief about the truth of the allegation that on or about August 2, 2022, TTV called BLF Attorney Melena Siebert, or if such a call was made, the substance of that communication.

64. As to Paragraph 64, TTV admits that BLF, on certain occasions, performed work for TTV after Ms. Engelbrecht and a BLF attorney discussed an issue via

telephone or email. TTV cannot say whether any such work was similar to that described in paragraph 64, because nothing is described in paragraph 64. TTV otherwise denies the allegations in this paragraph.

65. As to Paragraph 65, TTV admits that BLF charged TTV for legal services. TTV otherwise denies the allegations and characterization set forth in this paragraph, including the allegation that charges matched up with any previously agreed upon hourly rate.

66. As to Paragraph 66, TTV admits that on certain matters, TTV agreed to pay BLF costs and expenses in addition to hourly charges. TTV otherwise denies the allegations and characterizations set forth in this paragraph.

67. TTV denies the allegations in Paragraph 67, as TTV cannot ascertain the "terms" of a "TTV Lawfare Agreement," as there is no "TTV Lawfare Agreement." TTV further denies that any course of dealings between TTV and BLF bound TTV to the stated terms alleged in this paragraph.

68. TTV denies the allegations in Paragraph 68, as TTV cannot ascertain the "terms" of a "TTV Lawfare Agreement," as there is no "TTV Lawfare Agreement." TTV further denies that any course of dealings between TTV and BLF bound TTV to the stated terms alleged in this paragraph.

69. TTV denies the allegations in Paragraph 69, as TTV cannot ascertain what

"terms" of a "TTV Lawfare Agreement" BLF is referencing, as there is no written "TTV Lawfare Agreement." TTV further denies that any course of dealings between TTV and BLF bound TTV to the stated terms alleged in this paragraph.

70. TTV denies the allegations in Paragraph 70, as TTV cannot ascertain what "terms" of a "TTV Lawfare Agreement," as there is no written "TTV Lawfare Agreement." TTV further denies that any course of dealings between TTV and BLF bound TTV to the stated terms alleged in this paragraph.

**TTV NC Amicus**

71. As to Paragraph 71, at this time TTV is without sufficient knowledge or information to admit or deny whether on or about October 20, 2020, TTV called Mr. Bopp, or if such a call was made, the substance of any such communication. TTV admits, however, that BLF did file the documents described in Paragraph 71.

72. As to Paragraph 72, TTV admits that BLF, on certain occasions, performed work for TTV after a communication via telephone or email. TTV cannot say whether any such work was similar to that described in paragraph 72, because nothing is described in paragraph 72. TTV otherwise denies the allegations in this paragraph.

73. As to Paragraph 73, TTV admits that BLF charged TTV for legal services but due to inadequacies in the invoices cannot match the charges to any agreed upon

hourly rates. TTV otherwise denies the allegations and characterizations set forth in this paragraph.

74. As to Paragraph 74, TTV admits that on certain matters, TTV agreed to pay BLF for costs and expenses in addition to hourly charges of legal services, if determinable. TTV otherwise denies the allegations and characterizations set forth in this paragraph.

75. TTV denies the allegations in Paragraph 75, as TTV cannot ascertain what "terms" of a "TTV NC Amicus Agreement" BLF is referencing, as there is no written "TTV NC Amicus Agreement." TTV further denies that any course of dealings between TTV and BLF bound TTV to the stated terms alleged in this paragraph.

76. TTV denies the allegations in Paragraph 76, as TTV cannot ascertain what "terms" of a "TTV NC Amicus Agreement" BLF is referencing, as there is no written "TTV NC Amicus Agreement." TTV further denies that any course of dealings between TTV and BLF bound TTV to the stated terms alleged in this paragraph.

77. TTV denies the allegations in Paragraph 77, as TTV cannot ascertain what "terms" of a "TTV NC Amicus Agreement" BLF is referencing, as there is no written "TTV NC Amicus Agreement." TTV further denies that any course of dealings between TTV and BLF bound TTV to the stated terms alleged in this paragraph.

78. TTV denies the allegations in Paragraph 78, as TTV cannot ascertain what

"terms" of a "TTV NC Amicus Agreement" BLF is referencing, as there is no written "TTV NC Amicus Agreement." TTV further denies that any course of dealings between TTV and BLF bound TTV to the stated terms alleged in this paragraph.

**<u>TTV NM Litigation</u>**

79. TTV admits the allegation in Paragraph 79.

80. TTV lacks sufficient knowledge and information to form a belief as to the truth of the first sentence of Paragraph 80. TTV admits and does not dispute the allegation in the second paragraph of Paragraph 80.

81. TTV admits the allegations in Paragraph 81.

82. TTV admits the allegations in Paragraph 82.

83. TTV admits the allegations in Paragraph 83.

84. TTV admits the allegation in Paragraph 84.

85. TTV admits the allegation in Paragraph 85.

86. TTV admits the allegation in Paragraph 86, but does not concede such provision is enforceable in this instance.

87. TTV admits the allegation in Paragraph 87, but does not concede such provision is enforceable in this instance.

88. TTV admits the allegations in Paragraph, except that TTV denies that the agreement states any dispute may be resolved in *any* court in Indiana.

**TTV NV State Litigation**

89. TTV admits the allegation in Paragraph 89.

90. TTV lacks sufficient information and knowledge to respond to the allegations in Paragraph 90.

91. TTV admits the allegations in Paragraph 91.

92. TTV admits the allegations in Paragraph 92.

93. TTV admits the allegations in Paragraph 93.

94. TTV admits the allegations in Paragraph 94.

95. TTV admits the allegations in Paragraph 95.

96. TTV admits the allegations in Paragraph 96.

97. TTV admits the allegation in Paragraph 97, but denies such provision is necessarily enforceable under the facts of this case.

98. TTV denies the allegations in Paragraph 98, but denies such provision is necessarily enforceable under the facts of this case.

99. TTV admits the allegations in Paragraph 99, except that TTV does not admit the referenced agreement provides *any* court located in Indiana could resolve any dispute.

**TTV NV Federal Litigation**

100. TTV admits the allegations in Paragraph 100.

101. TTV lacks sufficient knowledge and information to form a belief as to the truth of the allegation in the first sentence of Paragraph 101. TTV admits and does not dispute the second sentence of Paragraph 101.

102. TTV admits the allegations in Paragraph 102.

103. TTV admits the allegations in Paragraph 103.

104. TTV admits the allegation in Paragraph 104.

105. TTV admits the allegation in Paragraph 105.

106. TTV admits the allegation in Paragraph 106.

107. TTV admits the allegation in Paragraph 107, but denies such provision is enforceable in this instance, based on the facts TTV expects to develop during discovery.

108. TTV admits the allegation in Paragraph 108, but denies such provision is enforceable in this instance, based on the facts TTV expects to develop during discovery.

109. TTV admits the allegation in Paragraph 109, but denies such provision is enforceable in this instance, based on the facts TTV expects to develop during discovery.

**TTV Audits**

110. TTV admits that an audit as described in paragraph 110 was being conducted

at the time and that BLF sent such a letter. TTV has no reason to dispute that Exhibit 17 is an accurate copy of the letter but TTV denies the remaining allegations in paragraph 110, including any allegation such amounts as recited are rightly due and owing to BLF.

111. As to paragraph 111, TTV admits it requested from BLF documentation concerning outstanding invoices as alleged in the first sentence. TTV lacks knowledge or information to form a belief as to the truth of the remaining allegations, including whether BLF provided all responsive documentation initially or by way of supplement, whether BLF had the specified communications with auditors, or the nature of any BLF invoices, whether latest, updated, final or otherwise.

112. TTV lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 about communications between the accountant and BLF, including communications to which it was not a direct party.

113. TTV lacks knowledge or information sufficient to form a belief about the truth of the allegation because a copy of the letter described is not provided, and because the parenthetically defined term "TTV Audit Agreements" to which Plaintiff refers is therefore unclear.

114. TTV admits Paragraph 114 to the extent it alleges BLF performed work for TTV, including assistance in responding to questions from auditors, but TTV can

neither admit nor deny the allegation any unspecified work was similar to that described in paragraph 114, because there is no such description in paragraph 114. As to the work described in paragraph 111, TTV can neither admit nor deny the accuracy or nature of any communications with auditors to which TTV may not have been a party, and cannot admit or deny the nature or accuracy of any BLF invoices, whether latest, updated, final or otherwise.

115. As to paragraph 115, TTV admits BLF would charge TTV for legal work but cannot attest to whether those charges were at agreed upon hourly rates because that cannot be discerned from the BLF invoices. TTV otherwise denies the allegations in this paragraph.

116. As to Paragraph 116, TTV admits it agreed to pay costs and expenses in addition to hourly charges for legal services but cannot attest to whether those charges were proper as reflected in any particular invoice. TTV otherwise denies the allegations set forth in this paragraph.

117. TTV denies the allegations in paragraph 117, because there is no clearly demarcated set of "TTV Audit Agreements," as that term is used in this paragraph.

118. TTV denies the allegations in paragraph 118, because there is no clearly demarcated set of "TTV Audit Agreements," as that term is used in this paragraph.

119. TTV denies the allegations in paragraph 119, because there is no clearly

demarked set of "TTV Audit Agreements," as that term is used in this paragraph.

120. TTV denies the allegations in paragraph 120, because there is no clearly demarcated set of "TTV Audit Agreements," as that term is used in this paragraph.

**TTV Ranked Choice Voting**

121. As to Paragraph 121, TTV admits that it regularly communicated with BLF regarding legal matters but can neither admit nor deny the details concerning any call on September 6, 2022.

122. As to Paragraph 122, TTV admits that BLF performed legal services at various times but TTV can neither admit nor deny that any work was similar to that described in paragraph 122 because there is no such description in paragraph 122.

123. As to paragraph 123, TTV admits BLF would charge TTV for legal work but cannot attest in this instance whether those charges were at agreed-upon hourly rates because that cannot be discerned from the BLF invoices. TTV otherwise denies the allegations in this paragraph.

124. As to Paragraph 124, TTV admits it agreed to pay costs and expenses in addition to hourly charges for legal services but cannot attest in this instance whether those charges were proper as reflected in any particular invoice. TTV otherwise denies the allegations set forth in this paragraph.

125. TTV denies the allegations in Paragraph 125, as TTV cannot confirm the

"terms" of a "TTV Ranked Choice Agreement," because there is no written "TTV Ranked Choice Agreement."

126. TTV denies the allegations in Paragraph 126, as TTV cannot confirm the "terms" of a "TTV Ranked Choice Agreement," because there is no written "TTV Ranked Choice Agreement."

127. TTV denies the allegations in Paragraph 127, as TTV cannot confirm the "terms" of a "TTV Ranked Choice Agreement," because there is no written "TTV Ranked Choice Agreement."

128. TTV denies the allegations in Paragraph 128, as TTV cannot confirm the "terms" of a "TTV Ranked Choice Agreement," because there is no written "TTV Ranked Choice Agreement." TTV further denies that any course of dealings between TTV and BLF bound TTV to the stated terms alleged in this paragraph or that any dispute could be resolved in *any* court in Indiana.

**TTV TX Litigation**

129. As to paragraph 129, TTV admits that it communicated with Mr. Bopp regarding election law matters at various times but cannot at this time confirm the referenced call occurred or that it occurred on the referenced date. In all events, TTV denies that any such communications created a binding agreement.

130. As to Paragraph 130, TTV admits that BLF performed legal services at

various times but TTV can neither admit nor deny that any work was similar to that described in paragraph 130 because there is no such description in paragraph 130 with which to make such a comparison.

131. As to paragraph 131, TTV admits BLF would charge TTV for legal work but cannot say whether those charges were at agreed-upon hourly rates because that cannot be discerned from the BLF invoices. TTV otherwise denies the allegations in this paragraph as there is no written agreement setting out such details.

132. As to Paragraph 132, TTV admits it agreed to pay costs and expenses in addition to hourly charges for legal services but cannot attest to whether those charges were proper as reflected in any particular invoice. TTV otherwise denies the allegations set forth in this paragraph as there is no written agreement setting out such details.

133. TTV denies the allegations in Paragraph 133, as there is no written agreement setting out such details.

134. TTV denies the allegations in Paragraph 134, as there is no written agreement and in this instance, at this time, such provision is unenforceable.

135. TTV denies the allegations in Paragraph 135, as there is no written agreement and in this instance, at this time, such provision is unenforceable.

136. TTV denies the allegations in Paragraph 136, as there is no written agreement

and in this instance, agreement any dispute could be resolved in *any* court in Indiana.

137. As to Paragraph 137, TTV lacks knowledge or information sufficient to form a belief about the truth of the allegation that BLF's research assisted in or precipitated any particular decision, for among other reasons, because BLF does not explain how any such research had a bearing, outcome determinative or otherwise, on any litigation-related decision.

**<u>TTV VA Intervention</u>**

138. TTV admits the allegations in Paragraph 138.

139. TTV lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 139, except that TTV admits Mr. Bopp's signature appears on Exhibit 19.

140. TTV admits the allegations in Paragraph 140.

141. TTV admits the allegations in Paragraph 141.

142. TTV admits the allegations in Paragraph 142.

143. TTV admits the allegations in Paragraph 143.

144. TTV admits the allegations in Paragraph 144.

145. TTV admits the allegation in Paragraph 145, but denies such provision is enforceable in this instance based on the facts TTV expects to develop in discovery.

146. TTV admits the allegation in Paragraph 146, but denies such provision is enforceable in this instance based on the facts TTV expects to develop in discovery.

147. TTV admits the allegations in Paragraph 147, except that TTV denies that the agreement provides any dispute could be resolved in *any* court in Indiana.

**TTV FEC Complaint**

148. TTV admits it retained BLF to defend it against a complaint filed with the Federal Election Commission, but Exhibit 20 to BLF's Amended Complaint, which BLF has entitled the "TTV FEC Complaint Agreement," is not signed. Accordingly, TTV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 148.

149. TTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149.

150. TTV admits the allegations in Paragraph 150.

151. TTV admits the allegation in Paragraph 151.

152. TTV admits the allegations in Paragraph 152.

153. TTV admits the allegation in Paragraph 153.

154. TTV admits the allegations in Paragraph 154.

155. TTV admits the allegations in Paragraph 155, but denies such provision is enforceable in this instance.

156. TTV admits the allegations in Paragraph 155, but denies such provision is enforceable in this instance.

157. TTV admits the allegations in Paragraph 157, except that TTV denies the agreement states any dispute may be resolved in *any* court in Indiana.

**TTV VA Federal Case**

158. TTV admits the allegations in Paragraph 158.

159. TTV lacks knowledge or information sufficient information to form a belief as to the truth of the allegations in Paragraph 159.

160. TTV admits the allegations in Paragraph 160.

161. TTV admits the allegations in Paragraph 161.

162. TTV admits the allegations in Paragraph 162.

163. TTV admits the allegations in Paragraph 163.

164. TTV admits the allegations in Paragraph 164.

165. TTV admits the allegations in Paragraph 165, but denies the referenced clause is enforceable in this instance, based on facts TTV expects to develop in discovery.

166. TTV admits the allegations in Paragraph 166, but denies the referenced clause is enforceable in this instance, based on facts TTV expects to develop in discovery.

167. TTV admits the allegations in Paragraph 167, except that TTV denies the agreement and states a dispute may be resolved in *any* court in Indiana.

**TTV IRS Case**

168. TTV admits the allegations in Paragraph 168.

169. TTV lacks sufficient information to admit or deny the allegations in Paragraph 169, except that TTV admits that Exhibit 26 appears to bear Mr. Bopp's signature.

170. TTV admits the allegations in Paragraph 170.

171. TTV admits the allegations in Paragraph 171.

172. TTV admits the allegations in Paragraph 172.

173. TTV admits the allegations in Paragraph 173.

174. TTV admits the allegations in Paragraph 174.

175. TTV admits the allegations in Paragraph 175, except that TTV denies such provision is enforceable in this instance based on facts TTV expects to develop in discovery.

176. TTV admits that paragraph 4 of Exhibit 26 includes a provision for payment of attorney fees and costs should BLF need to take legal action to collect on a past due invoice, but TTV denies this provision is without qualification, in that TTV is not obligated to pay fees and costs if BLF is found to have breached a fiduciary duty to TTV.

177. TTV admits that the agreement provides that any disputes arising out of the agreement would be governed by Indiana law without giving effect to Indiana's

conflict of law principles, but TTV denies the agreement provides that *any* court in Indiana could resolve any such dispute.

**TTV Donor**

178. TTV admits the allegations in Paragraph 178.

179. TTV admits the allegations in the first sentence of Paragraph 179. With regard to the second sentence, TTV admits Exhibit 28 to BLF's Amended Complaint bears Ms. Engelbrecht's signature on behalf of TTV but denies that the document has legal effect, for among other reasons, due to lack of consideration and because it is void as against public policy, and on account of BLF's breach of fiduciary duty, as facts TTV expects to develop in the course of discovery will show.

180. TTV admits Exhibit 29 to BLF's Amended Complaint bears Ms. Engelbrecht's signature on behalf of TTV but denies that the document has legal effect, for among other reasons, due to lack of consideration, because it is void as against public policy and on account of BLF's breach of fiduciary duty, as TTV expects to develop in the course of discovery.

181. TTV admits that the phrase "legally obligated to pay" is defined in Exhibit 28 to mean "to be or become obligated to pay by court order or judgment or by the terms of a settlement disposing in part or in whole. TTV lacks knowledge or information sufficient to form a belief as to the truth of the remaining words in the paragraph and

any related allegation as there appears to be a typographical error.

182. TTV denies the allegations in Paragraph 182.

183. TTV admits the federal case was dismissed and admits that a similar case was filed in state court in Austin County, Texas, soon thereafter.

184. To the extent a response is required, TTV denies and contests the assertion in Paragraph 184, as applied to this case and contests BLF's citations, including but not limited to its citation to the UCC as authority in this context.

185. TTV denies all allegations in Paragraph 185, including those made in footnote [2], as TTV expects to develop in discovery that the cited documents are not enforceable contracts as against TTV.

186. TTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 186. With regard to the second sentence, TTV admits that what appears to be Bopp's signature appears on the exhibits to the First Amended Complaint cited.

187. TTV admits the first sentence of Paragraph 187. As to the second sentence, TTV admits that Ms. Engelbrecht signed both documents.

188. TTV denies the allegations in Paragraph 188, because TTV denies what BLF characterizes as the TTV Donor 3d Party Payor Agreement is an enforceable contract as against TTV, due to lack of consideration, because it is void as against public

policy in this instance, and because BLF otherwise breached its fiduciary duty owing to TTV and for the other reasons stated in TTV's affirmative defenses and counterclaims.

189. TTV denies the allegations in Paragraph 189, because TTV denies what BLF characterizes as the TTV Donor 3d Pary Payor Agreement is an enforceable contract as against TTV, due to lack of consideration, because it is void as against public policy, and because BLF otherwise breached its fiduciary duty owing to TTV.

190. TTV denies the allegations in Paragraph 190, because TTV denies what BLF characterizes as the TTV Donor 3d Pary Payor Agreement is an enforceable contract as against TTV, due to lack of consideration, because it is void as against public policy, and because BLF otherwise breached its fiduciary duty owing to TTV.

191. TTV denies the allegations in Paragraph 191, because TTV denies what BLF characterizes as the TTV Donor 3d Pary Payor Agreement is an enforceable contract as against TTV, due to lack of consideration, because it is void as against public policy, and because BLF otherwise breached its fiduciary duty owing to TTV.

192. TTV denies the allegations in Paragraph 192, because TTV denies what BLF characterizes as the TTV Donor 3d Pary Payor Agreement is an enforceable contract as against TTV, due to lack of consideration, because it is void as against public policy, and because BLF otherwise breached its fiduciary duty owing to TTV.

193. TTV denies the allegations in Paragraph 193, because TTV denies what BLF characterizes as the TTV Donor 3d Pary Payor Agreement is an enforceable contract as against TTV, due to lack of consideration, because it is void as against public policy, and because BLF otherwise breached its fiduciary duty owing to TTV.

194. TTV denies the allegations in Paragraph 194, because TTV denies what BLF characterizes as the TTV Donor 3d Pary Payor Agreement is an enforceable contract as against TTV, due to lack of consideration, because it is void as against public policy, and because BLF otherwise breached its fiduciary duty owing to TTV.

**Breach of Contract Generally**

195. As to Paragraph 195, TTV admits Indiana law governs any dispute related to any one of the foregoing agreements between the parties that may be enforceable but only to the extent any such agreement is found to be enforceable against TTV.

196. TTV admits the allegation in Paragraph 196.

197. TTV admits the allegation in Paragraph 197.

198. TTV admits the allegation in Paragraph 198.

**Account Stated Generally**

199. TTV admits the allegation in Paragraph 199.

200. TTV admits the allegation in Paragraph 200.

201. TTV admits the allegation in Paragraph 201.

202. TTV admits the allegation in Paragraph 202.

**Quantum Meruit Generally**

203. TTV admits the allegation in Paragraph 203.

204. TTV admits the allegation in Paragraph 204.

205. TTV admits the allegation in Paragraph 205.

## COUNT I:

## Breach of Contract Due to Nonpayment for Services Rendered in the Fair Fight Case

206. Paragraph 206 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

207. TTV denies the allegations in Paragraph 207, as stated.

208. TTV admits the allegations in Paragraph 208.

209. TTV denies the allegation in Paragraph 209.

210. TTV denies the allegation in Paragraph 210.

211. TTV denies the allegation in Paragraph 211.

## COUNT II:

## Account Stated Claim in the Fair Fight Case

212. Paragraph 212 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

213. TTV admits the allegation in Paragraph 213.

214. TTV denies the allegations in Paragraph 214 at this time.

215. TTV denies the allegations in Paragraph 215 at this time.

**COUNT III:**

**Breach of Contract Due to Nonpayment for Services Rendered in TTV Arizona**

216. Paragraph 216 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

217. TTV denies the allegations in Paragraph 217.

218. TTV admits the allegations in Paragraph 218.

219. TTV denies the allegations in Paragraph 219.

220. TTV denies the allegations in Paragraph 220.

221. TTV denies the allegation in Paragraph 221.

**COUNT IV:**

**Account Stated Claim in TTV Arizona**

222. Paragraph 222 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

223. TTV admits the allegations in Paragraph 223.

224. TTV denies the allegations in Paragraph 224.

225. TTV denies the allegation in Paragraph 225.

**COUNT V:**

**Quantum Meruit Claim for Services Rendered in TTV Arizona**

226. Paragraph 226 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

227. TTV denies the allegation in Paragraph 227.

228. TTV denies the allegation in Paragraph 228.

229. TTV denies the allegation in Paragraph 229.

230. TTV denies the allegations in Paragraph 230.

231. TTV denies the allegations in Paragraph 231.

**Count VI:**

**Breach of Contract for Nonpayment of Services Rendered in Validate GA**

232. Paragraph 232 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

233. TTV denies the allegations in Paragraph 233.

234. TTV admits the allegations in Paragraph 234, except that it denies there is an enforceable Validate GA Agreement.

235. TTV denies the allegation in Paragraph 235.

236. TTV denies the allegation in Paragraph 236.

237. TTV denies the allegation in Paragraph 237.

**COUNT VII:**

**Account Stated Claim in Validate GA**

238. Paragraph 238 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

239. TTV admits the allegations in Paragraph 239.

240. TTV denies the allegations in Paragraph 240.

241. TTV denies the allegations in Paragraph 241.

**COUNT VIII:**

**Quantum Meruit Claim for Services Rendered in Validate GA**

242. Paragraph 242 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

243. TTV denies the allegations in Paragraph 243.

244. TTV denies the allegations in Paragraph 244.

245. TTV lacks sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 245 regarding BLF's expectation. TTV otherwise denies the allegations in Paragraph 245.

246. TTV denies the allegation in Paragraph 246.

247. TTV denies the allegation in Paragraph 247.

## COUNT IX:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV Harris County

248. Paragraph 248 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

249. TTV denies the allegations in Paragraph 249.

250. TTV admits the allegation in Paragraph 250.

251. TTV denies the allegation in Paragraph 251.

252. TTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252.

253. TTV denies the allegation in Paragraph 253.

## COUNT X:

### Account Stated Claim in TTV Harris County

254. Paragraph 254 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

255. TTV admits the allegations in Paragraph 255.

256. TTV denies the allegations in Paragraph 256, pending further discovery.

257. TTV denies the allegations in Paragraph 257.

**COUNT XI:**

**Quantum Meruit Claim for Services Rendered in TTV Harris County**

258. Paragraph 258 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

259. TTV denies the allegations in Paragraph 259.

260. TTV denies the allegations in Paragraph 260.

261. TTV lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 261 regarding BLF's expectations.

262. TTV denies the allegations in Paragraph 262.

263. TTV denies the allegations in Paragraph 263.

**COUNT XII:**

**Breach of Contract Due to Nonpayment for Services Rendered in TTV IV3**

264. Paragraph 264 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

265. TTV denies the allegations in Paragraph 265.

266. TTV admits such invoices have not been paid but denies the existence of an enforceable agreement.

268. TTV denies the allegations in Paragraph 268.

269. TTV denies the allegations in Paragraph 269.

## COUNT XIII:

## Account Stated Claim in TTV IV3

270. Paragraph 270 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

271. TTV admits the allegations in Paragraph 271.

272. TTV denies the allegations in Paragraph 272.

273. TTV denies the allegations in Paragraph 273.

## COUNT XIV:

## Quantum Meruit Claim for Services Rendered in TTV IV3

274. Paragraph 274 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

275. TTV denies the allegations in Paragraph 275.

276. TTV denies the allegations in Paragraph 276.

277. TTV denies the allegations in Paragraph 277.

278. TTV denies the allegations in Paragraph 278.

279. TTV denies the allegations in Paragraph 279.

## COUNT XV:

## Breach of Contract Due to Nonpayment for Services Rendered in TTV Lawfare Research

280. Paragraph 280 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

281. TTV denies the allegations in Paragraph 281.

282. TTV admits the invoices identified have not been paid but denies the existence of a binding contract.

283. TTV denies the allegations in Paragraph 283.

284. TTV denies the allegations in Paragraph 284.

285. TTV denies the allegations in Paragraph 285.

## COUNT XVI:

## Account Stated Claim in TTV Lawfare Research

286. Paragraph 286 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

287. TTV denies the allegations in Paragraph 287, except that it admits the stated amount has not been paid.

288. TTV denies the allegations in Paragraph 288.

289. TTV denies the allegations in Paragraph 289.

## COUNT XVII:

### Quantum Meruit Claim for Services Rendered in TTV Lawfare Research

290. Paragraph 290 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

291. TTV denies the allegation in Paragraph 291.

292. TTV denies the allegation in Paragraph 292.

293. TTV denies the allegation in Paragraph 293.

294. TTV denies the allegation in Paragraph 294.

295. TTV denies the allegation in Paragraph 295.

## COUNT XVIII:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV NC Amicus

296. Paragraph 296 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

297. TTV denies the allegation in Paragraph 297.

298. As to Paragraph 298, TTV admits the referenced sum has not been paid but denies the claim to interest and that any amount due is under the terms of what BLF refers to as the TTV NC Amicus Agreement, as there is no such written agreement.

299. TTV denies the allegation in Paragraph 299.

300. TTV denies the allegation in Paragraph 300.

301. TTV denies the allegation in Paragraph 301.

**COUNT XIX:**

**Account Stated Claim in TTV NC Amicus**

302. Paragraph 302 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

303. TTV admits the referenced amount is outstanding but otherwise denies the allegations in Paragraph 303, as there is no written TTV NC Amicus Agreement.

304. TTV denies the allegations in Paragraph 304.

305. TTV denies the allegations in Paragraph 305.

**COUNT XX:**

**Quantum Meruit Claim for Services Rendered in TTV NC Amicus**

306. Paragraph 306 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

307. TTV denies the allegation in Paragraph 307.

308. TTV denies the allegation in Paragraph 308.

309. TTV lacks sufficient knowledge or information to admit or deny the allegation in Paragraph 309.

310. TTV denies the allegation in Paragraph 310.

311. TTV denies the allegation in Paragraph 311.

**COUNT XXI:**

**Breach of Contract Due to Nonpayment for Services Rendered in TTV NM Litigation**

312. Paragraph 312 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

313. TTV admits the allegations in Paragraph 313.

314. TTV admits the allegations in Paragraph 314.

315. TTV denies the allegations in Paragraph 315.

316. TTV lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 316.

317. TTV denies the allegations in Paragraph 317.

**COUNT XXII:**

**Account Stated Claim in TTV NM Litigation**

318. Paragraph 318 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

319. TTV admits the allegations in Paragraph 319, reserving the right to conduct discovery on the invoices attached as Exhibits 43 and 44.

320. TTV denies the allegation in Paragraph 320.

321. TTV denies the allegations in Paragraph 321.

**COUNT XXIII:**

**Breach of Contract Due to Nonpayment for Services Rendered in TTV NV State Litigation**

322. Paragraph 322 is a summary assertion incorporating by reference prior paragraphs, and therefore no response is required.

323. TTV denies the allegations in Paragraph 323, as the draft attached as Exhibit 14 is unsigned, and the email exchange attached as Exhibit 15, is not sufficiently detailed to amount to a ratification and does not, in addition and in the alternative, include sufficient language to memorialize the specific provisions BLF alleges to govern any such agreement.

324. TTV admits the allegation in Paragraph 324 that it has not paid the invoices attached as Exhibits 45 and 46 but denies those invoices are accurate and due in the total amounts specified, as there is no agreement, written or otherwise, setting forth all terms of any contract that may have been formed by virtue of the email exchange.

325. TTV denies the allegation in Paragraph 325.

326. TTV denies the allegation in Paragraph 326.

327. TTV denies the allegation in Paragraph 327.

## COUNT XXIV:

## Account Stated Claim in TTV NV State Litigation

328. Paragraph 328 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

329. TTV admits the allegations in Paragraph 329 that BLF sent the referenced invoices and that TTV has not paid those invoices, attached as Exhibits 45 and 46, but TTV denies those invoices are accurate and payable, at least in full, as the email exchange BLF alleges amounted to a ratification of the unsigned draft does not define the terms of any such agreement with specificity, including but not limited to any terms regarding scope of work, timing, or expectations.

330. TTV denies the allegations in Paragraph 330.

331. TTV denies the allegations in Paragraph 331.

## COUNT XXV:

## Breach of Contract Due to Nonpayment for Services Rendered in TTV NV Federal Litigation

332. Paragraph 332 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

333. TTV admits the allegations in Paragraph 333.

334. TTV admits it has not paid the invoices attached as Exhibits 47-52, which BLF

alleges total $139,466.50, plus costs and interest.

335. TTV denies the allegations in Paragraph 335.

336. TTV denies the allegations in Paragraph 336.

337. TTV denies the allegations in Paragraph 337.

**COUNT XXVI:**

**Account Stated Claim in TTV NV Federal Litigation**

338. Paragraph 338 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

339. TTV admits the allegations in Paragraph 339 that BLF sent the referenced invoices and that TTV has not paid them, but TTV denies those invoices are accurate and payable, at least in full, based on TTV's affirmative defenses, including breach of fiduciary duty.

340. TTV denies the allegation in Paragraph 340.

341. TTV denies the allegation in Paragraph 341.

**COUNT XXVII:**

**Breach of Contract Due to Nonpayment for Services Rendered in TTV Audits**

342. Paragraph 342 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

343. TTV denies the allegations in Paragraph 343, as the email exchange attached as Exhibits 17 and 18, is not sufficiently detailed to amount to a ratification and does not, in addition and in the alternative, include sufficient language to memorialize the specific provisions of any binding agreement.

344. TTV admits it has not paid the invoices attached as Exhibits 53 and 54 but denies the amounts are due and owing and in the alternative that they are due and owing in their entirety as no agreement is reduced to writing, setting out the specific scope of work or payment terms.

345. TTV denies the allegations in Paragraph 345.

346. TTV denies the allegations in Paragraph 346.

347. TTV denies the allegations in Paragraph 347.

**COUNT XXVIII:**

**Account Stated Claim in TTV Audits**

348. Paragraph 348 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

349. TTV admits BLF sent the referenced invoices and that it has not paid BLF the amounts reflected in the invoices cited and attached as exhibits. TTV denies the remaining allegations in Paragraph 349, regarding the scope and compensability of such work because no agreement, much less the operative specific terms, is reduced

to writing.

350. TTV denies the allegation in Paragraph 350.

351. TTV denies the allegations in Paragraph 351.

**COUNT XXIX:**

**Quantum Meruit Claim for Services Rendered in TTV Audits**

352. Paragraph 352 is a summary assertion incorporating by reference prior paragraphs, and therefore no response is required.

353. TTV lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 353.

354. TTV denies the allegations in Paragraph 354.

355. TTV lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 355.

356. TTV denies the allegation in Paragraph 356.

357. TTV denies the allegation in Paragraph 357.

**COUNT XXX:**

**Breach of Contract - Nonpayment for Services Rendered in TTV Ranked Choice Voting**

358. Paragraph 358 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

359. TTV denies the allegations in Paragraph 359.

360. TTV admits it has not paid BLF $9,237.50 in connection with what BLF describes as a Ranked Choice Voting Agreement, which is not reduced to writing, much less any terms, and which BLF alleges is based on a phone call. TTV denies any remaining allegation in Paragraph 360.

361. TTV denies the allegations in Paragraph 361.

362. TTV denies the allegations in Paragraph 362.

363. TTV denies the allegations in Paragraph 363.

## COUNT XXXI

### Account Stated Claim in TTV Ranked Choice Voting

364. Paragraph 364 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

365. TTV admits it has not paid BLF invoices in connection with what BLF describes as a Ranked Choice Voting Agreement, which is not reduced to writing. TTV denies any remaining allegation in Paragraph 365.

366. TTV denies the allegation in Paragraph 366.

367. TTV denies the allegations in Paragraph 367.

## COUNT XXXII:

## Quantum Meruit Claim for Services Rendered in TTV Ranked Choice Voting

368. Paragraph 368 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

369. TTV lacks knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence of Paragraph 369. TTV denies the allegation in the second sentence.

370. TTV denies the allegations in Paragraph 370.

371. TTV lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 371.

372. TTV denies the allegations in Paragraph 372.

373. TTV denies the allegations in Paragraph 373.

## COUNT XXXIII:

## Breach of Contract Due to Nonpayment for Services Rendered in TTV TX Litigation

374. Paragraph 374 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

375. TTV denies the allegations in Paragraph 375, because the alleged agreement is based on an alleged phone call. The terms of any such alleged agreement cannot

be discerned at this point.

376. With regard to Paragraph 376, TTV admits it has not paid BLF $2,634.00, with regard to any such alleged agreement but denies any other allegation because no such agreement was reduced to writing.

377. TTV denies the allegations in Paragraph 377.

378. TTV denies the allegations in Paragraph 378.

379. TTV denies the allegations in Paragraph 379.

**COUNT XXXIV:**

**Account Stated Claim in TTV TX Litigation**

380. Paragraph 380 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

381. With regard to Paragraph 381, TTV denies any such agreement was reduced to writing and therefore any such terms cannot be determined at this time. TTV admits it has not paid BLF the invoice included as Exhibit 56.

382. TTV denies the allegation in Paragraph 382.

383. TTV denies the allegations in Paragraph 383.

**COUNT XXXV:**

**Quantum Meruit Claim for Services Rendered in TTV TX Litigation**

384. Paragraph 384 is a summary assertion incorporating by reference prior

paragraphs, to which no response is required.

385. TTV lacks knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence of Paragraph 385. TTV denies the allegation in the second sentence of Paragraph 385.

386. TTV denies the allegation in Paragraph 386.

387. TTV denies the allegations in Paragraph 387.

388. TTV denies the allegations in Paragraph 388.

389. TTV denies the allegation in Paragraph 389.

**COUNT XXXVI:**

**Breach of Contract Due to Nonpayment for Services Rendered in TTV VA Intervention**

390. Paragraph 390 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

391. TTV admits the allegations in Paragraph 391 but asserts recovery is barred by its affirmative defenses and counterclaims, including breach of fiduciary duty.

392. As to Paragraph 392, TTV admits it has not paid the invoices attached as Exhibits 57-59, but asserts recovery is barred by its affirmative defenses and counterclaims, including breach of fiduciary duty.

393. TTV denies the allegation in Paragraph 393.

394. TTV denies the allegation in Paragraph 394.

395. TTV denies the allegation in Paragraph 395.

**COUNT XXXVII:**

**Account Stated Claim in TTV VA Intervention**

396. Paragraph 396 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

397. As to Paragraph 397, TTV admits it has not paid the invoices attached as Exhibits 57-59, but asserts recovery is barred by its affirmative defenses and counterclaims, including breach of fiduciary duty.

398. TTV denies the allegation in Paragraph 398.

399. TTV denies the allegation in Paragraph 399.

**COUNT XXXVIII:**

**Breach of Contract Due to Nonpayment for Services Rendered in TTV FEC Complaint**

400. Paragraph 400 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

401. TTV denies the allegation in Paragraph 401 that the unsigned draft attached as Exhibit 20 comprises an enforceable contract in and of itself and therefore denies the remaining allegations in Paragraph 401.

402. TTV admits the allegation in Paragraph 402 that it has not paid the referenced amount. TTV denies the allegation in Paragraph 402 that the unsigned draft attached as Exhibit 20 comprises an enforceable contract in and of itself and therefore denies the remaining allegations in Paragraph 402.

403. TTV denies the allegation in Paragraph 403.

404. TTV denies the allegation in Paragraph 404.

405. TTV denies the allegation in Paragraph 405.

**COUNT XXXIX:**

**Account Stated Claim in TTV FEC Complaint**

406. Paragraph 406 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

407. TTV admits the allegation in Paragraph 407 that it has not paid the referenced amount. TTV denies the allegation in Paragraph 407 that the unsigned draft attached as Exhibit 20 is standing alone a valid, enforceable contract and therefore denies the remaining allegations in Paragraph 407.

408. TTV denies the allegation in Paragraph 408.

409. TTV denies the allegation in Paragraph 409.

**COUNT XL:**

**Quantum Meruit Claim for Services Rendered in TTV FEC Complaint**

410. Paragraph 410 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

411. TTV lacks knowledge or information sufficient to form a belief at this time about the truth of the allegation in the first clause of the initial sentence of Paragraph 411 relating to an email that appears not to have been attached as an exhibit to the Complaint. TTV admits the remainder of Paragraph 411.

412. TTV denies the allegation in Paragraph 412.

413. TTV lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 413.

414. TTV denies the allegation in Paragraph 414.

415. TTV denies the allegation in Paragraph 415.

**COUNT XLI:**

**Breach of Contract Due to Nonpayment for Services Rendered in TTV VA Federal Case**

416. Paragraph 416 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

417. TTV admits the allegations in Paragraph 417 but asserts that recovery is

barred by its affirmative defenses and counterclaims, including breach of fiduciary duty.

418. TTV admits it has not paid the amounts stated in Exhibits 64 and 65, or any costs or interest but asserts that recovery is barred by its affirmative defenses and counterclaims, including breach of fiduciary duty.

419. TTV denies the allegation in Paragraph 419.

420. TTV denies the allegation in Paragraph 420.

421. TTV denies the allegation in Paragraph 421.

**COUNT XLII:**

**Account Stated Claim in TTV VA Federal Case**

422. Paragraph 422 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

423. TTV admits the allegations in Paragraph 423 but asserts that recovery is barred by its affirmative defenses and counterclaims, including breach of fiduciary duty.

424. TTV denies the allegation in Paragraph 424.

425. TTV denies the allegation in Paragraph 425.

## COUNT XLIII:

### Breach of Contract Due to Nonpayment for Services Rendered in TTV IRS Case

426. Paragraph 426 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

427. TTV denies the allegations in Paragraph 427.

428. As to Paragraph 428, TTV admits to the best of its knowledge it has not paid the amounts stated, but that depends upon how BLF has applied the retainers provided, and TTV seeks discovery on these invoices and BLF's treatment of any and all retainers. TTV further asserts recovery is barred by its affirmative defenses and counterclaims, including breach of fiduciary duty and professional negligence.

429. TTV denies the allegations in Paragraph 429.

430. TTV denies the allegation in Paragraph 430.

431. TTV denies the allegation in Paragraph 431.

## COUNT XLIV:

### Account Stated Claim in TTV IRS Case

432. Paragraph 432 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

433. As to Paragraph 433, TTV admits BLF sent the referenced invoices but to

the best of its knowledge TTV has not paid the amounts stated, depending on how BLF has applied any retainer, and seeks discovery on these invoices and BLF's treatment of any and all retainers. TTV further asserts recovery is barred by its affirmative defenses and counterclaims, including breach of fiduciary duty and professional negligence.

434. TTV denies the allegation in Paragraph 434.

435. TTV denies the allegations in Paragraph 435.

**COUNT XLV:**

**Breach of Contract Due to Nonpayment for Services Rendered in TTV Donor**

436. Paragraph 436 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

437. TTV denies the allegation in the first sentence of Paragraph 437 and in addition and in the alternative denies any allegation in the remainder of Paragraph 437 was or is effective to create a binding legal obligation. TTV further asserts recovery is barred by TTV's affirmative defenses and counterclaims, including breach of fiduciary duty and professional negligence.

438. As to Paragraph 438, TTV admits to the best of its knowledge it has not paid the amounts stated, depending on how BLF has applied any retainer, and seeks

discovery on these invoices and BLF's treatment of any and all retainers, and further denies the validity and legality and binding effect of the alleged agreement.

439. TTV does not have sufficient information at this time to admit or deny the allegations in Paragraph 439 and seeks discovery on these issues.

440. TTV admits Mr. Bopp may have made such demand as alleged on or about Mary 10, 2023, but denies the remainder of the allegations in Paragraph 440 and in addition and in the alternative asserts the alleged agreement is not legally binding and enforceable, based on TTV's affirmative defenses and counterclaims, including breach of fiduciary duty and professional negligence, and because it is contrary to public policy to require a client to indemnify its lawyer.

441. TTV denies the allegations in Paragraph 441.

442. TTV denies the allegations in Paragraph 442.

443. TTV denies the allegations in Paragraph 443.

444. TTV denies the allegations in Paragraph 444.

## COUNT XLVI:
## Account Stated Claim in TTV Donor

445. Paragraph 445 is a summary assertion incorporating by reference prior paragraphs, to which no response is required.

446. As to Paragraph 446, TTV admits BLF presented the invoices referenced and

to the best of TTV's knowledge it has not paid them, but that depends upon how BLF has applied any retainer, and TTV seeks discovery on these invoices and BLF's treatment of any and all retainers.

447. As to Paragraph 447, TTV admits BLF notified TTV of the referenced settlement payment and made such demand. TTV denies the remainder of the allegations in Paragraph 447, including the allegation TTV was required to satisfy such demand.

448. TTV denies the allegation in Paragraph 448.

449. TTV denies the allegations in Paragraph 449.

450. TTV denies the allegations in Paragraph 450.

**Claim Totals**

451. Paragraph 451 consists of BLF's calculation of the amount it is claiming in this case, a mathematical exercise, to which no response is required. Subject to this, TTV denies that such amount is due or that such amount should be awarded to BLF.

## TTV AFFIRMATIVE DEFENSES

452. TTV presents the following affirmative defenses in response to the Plaintiff BLF's breach of contract claims due to nonpayment for services rendered, account stated claims, and quantum meruit claims for services rendered: failure of performance, failure of consideration, breach of contract, breach of fiduciary duty,

unreasonable and excessive fees, failure to mitigate damages, unclean hands, and legal malpractice.

453. **<u>Failure of performance</u>**. TTV asserts that BLF failed to perform the agreed upon legal services in a competent, diligent, and professional manner, thereby breaching the terms of the attorney-client agreements. TTV contends that BLF's breach excuses TTV's obligation to pay the full amount of the attorney's fees requested.

454. **<u>Failure of consideration</u>**. TTV asserts that BLF's failure to provide legal services as promised constituted a failure of consideration. TTV asserts that BLF's failure to fulfill its contractual obligations justifies TTV's refusal to pay the full amount of attorney's fees.

455. **<u>Breach of contract.</u>** TTV asserts that BLF breached the attorney-client agreement by failing to meet the terms and conditions outlined therein. TTV contends that BLF's breach discharges TTV's obligation to pay the full amount of the attorney's fees.

456. **<u>Breach of fiduciary duty</u>**. TTV asserts that BLF breached its fiduciary duty by mismanaging funds received by TTV and TTV donors, conflating time spent on legal matters, and comingling funds from separate matters. TTV contends that BLF's

breach discharges TTV's obligation to pay the full amount of attorney's fees.

457. **<u>Unreasonable and excessive fees</u>**. TTV asserts that the attorney's fees charged by BLF are unreasonable and excessive under the circumstances. TTV maintains that BLF's fees were not commensurate with the level of services rendered or the prevailing market rates for similar legal services.

458. **<u>Failure to mitigate damages</u>**. TTV asserts that BLF failed to take reasonable steps to mitigate damages by not addressing TTV's concerns or rectifying any mistakes made in the provision of legal services. TTV asserts that BLF's failure to mitigate damages limits or eliminates TTV's obligation to pay the full amount of attorney's fees.

459. **<u>Unclean hands</u>**. TTV asserts that BLF acted with unclean hands by engaging in unethical or improper conduct during the course of the attorney-client relationship or the subsequent collection efforts. TTV asserts that BLF's unclean hands bars or limits BLF's entitlement to the requested attorney's fees.

**TTV COUNTERCLAIM AGAINST BLF**

460. TTV, as Counter-Plaintiff, denies owing any unpaid invoices to the Plaintiff BLF and asserts that BLF engaged in legal malpractice, misrepresentation by misrepresenting the quality of their legal services, and breach of contract.

461. TTV asserts that BLF provided substandard legal services that fell below the reasonable standard of care expected of a competent attorney and competent law firm. The defendant TTV suffered damages as a result of the plaintiff's negligence and breach of fiduciary duty.

462. Furthermore, the defendant TTV asserts that the plaintiff induced them to enter into a legal services agreement by making misrepresentations about their experience, skills, and ability to handle the case. The plaintiff BLF knew or should have known that they were not qualified to handle the case and had no intention of providing competent legal services.

463. As a result of the plaintiff BLF's legal malpractice, misrepresentation and breach of contract the defendant TTV has suffered damages, including but not limited to the loss of time, money, and the opportunity to retain competent legal counsel. Therefore, the defendant TTV counterclaims for legal malpractice and seeks compensatory and punitive damages.

**FACTS**

464. This matter involves plaintiff BLF's volunteering to provide legal services to defendant TTV, a Texas nonprofit wholly supported through donations. Beginning in 2010, BLF began providing legal services to TTV *pro bono* for a period of

approximately seven years. The standard business practice established between TTV and BLF was that BLF provided services to TTV without the expectation of payment for those services.

465. Beginning in or about February 2017, TTV for the first time entered a fee agreement for legal services with BLF for the specific legal matter of TTV v. IRS. During this time BLF continued to provide *pro bono* legal services to TTV for legal services not related to the IRS matter and as such not within the scope of this specific fee agreement.

466. In 2020, BLF, at times and upon information and belief, materially misrepresented itself as the general counsel for TTV in business dealings, during meetings with donors, and at public media events, which was outside the scope of the agreements between the parties. BLF benefited from this misrepresentation.

467. On or about November 20, 2020, BLF was retained by TTV to represent *TTV in Fair Fight, Inc., et al v. True the vote, Inc., et al*., Case No. 2:20-cv-00302 ("Fair Fight"), "GA Activities," a potential donor lawsuit, and a series of cases in federal courts in various states. TTV also agreed to pay for BLF's representation of other co-defendants in this matter.

468. TTV paid BLF a $1.1 million retainer in three separate payments for the November 20, 2020 representation agreement: an initial retainer of $500,000 on

November 20, 2020 to be used for "GA Activities" matters, followed by a second retainer in the amount of $500,000 to be used for "Fair Fight" legal services, and an additional $100,000 on January 11, 2021.

469. In November 2020, BLF filed four nearly identical federal complaints on behalf of TTV based on BLF's self-proclaimed subject matter expertise, legal advice, and assurances, on which TTV relied. BLF filed these complaints knowing that it lacked factual support for them. The legal fees BLF charged TTV for filing nearly identical complaints in the four states of Georgia, Michigan, Pennsylvania and Wisconsin, for about a week of work, totaled $280,960.90. Within one week after the filings, BLF retracted its advice to TTV and recommended these complaints be voluntarily dismissed and did so. BLF did not write down or reimburse fees to TTV for this conscious waste of resources.

470. BLF spoke negatively of TTV and its directors when dealing with co-defendants, did not protect the best interests of TTV, and falsely proclaimed to third parties that TTV was not timely paying its legal fees.

471. BLF failed to provide regular monthly statements of accounts to TTV as outlined in the November 20, 2020 retainer agreement, and BLF failed to communicate the status of these cases to TTV when information and clarification was requested by TTV.

472. BLF understood that the source of financing for all of TTV's operations and legal fees came through financial donations. BLF used its position as a trusted advisor to TTV to suggest to a major donor that the donor should take out a $1.8 million loan in order to pay legal fees to BLF.

473. TTV repeatedly asked for clarification on the billings and invoices from BLF. BLF failed to provide itemized invoices accounting for the $1.1 million retainer.

474. TTV conducted a financial audit and requested BLF resend its invoices with better clarity of time and money spent. BLF failed to provide a clear invoicing or work product sufficient to account for the $1.1 million retainer. BLF provided two disorganized trust account spreadsheets showing balances and invoice dates, check dates and balances due; however, these trust account spreadsheets did not provide invoice numbers or itemized services rendered with timed billings.

475. The abovementioned trust account spreadsheets provided by BLF contained an unexplained line item dated December 9, 2020 for non-legal "general/administrative" services totaling $97,359.10, which BLF paid itself out of the retainer TTV had paid approximately two weeks earlier. TTV's audit team included internal bookkeepers, third party CPA professionals, and two unrelated law firms. Each of these parties separately requested clarity on the invoices from BLF. BLF failed to provide clear accounting. The experts involved with the audit

could not understand the BLF invoices or trust account fund summaries. BLF failed to provide bank statement records for the trusts.

476. BLF submitted an invoice in the amount of $10,393.00 to TTV, claiming it was for time spent resending and explaining the previously drafted, incomprehensible invoices to TTV for purposes of TTV's audit.

477. On November 26, 2020, TTV drafted a letter and asked BLF by phone call to review the draft and, if appropriate, to deliver the letter. The phone call was less than 60 minutes in duration. BLF invoiced $9,044.01 for the review of this letter.

478. In 2017, BLF knowingly misrepresented to TTV the timing, costs, and reasonably likely outcomes of the *True the Vote, Inc. v. Internal Revenue Service,* Case No. 1:13-cv-00734, claiming that if TTV would retain BLF to represent TTV in this matter, it would cost approximately $50,000 and take no more than thirty days. In reliance on these representations, TTV dismissed prior counsel and retained BLF as counsel of record. This case is ongoing, and the fees accumulated by BLF are purported to be $505,003.38.

479. On or about October 20, 2020, BLF recommended TTV engage BLF to file an amicus brief and motion for leave to file an amicus brief on behalf of TTV in support of the plaintiffs in *Wise, et al v. Circosta, et al*., No. 20A71 (U.S.). In reliance of BLF's statements and assurances of the reasonableness of the legal

outcomes, TTV retained BLF. BLF concealed the fact it simply repurposed an amicus brief it had previously filed and lost in Montana which was based on the same legal arguments. The application was rejected on October 8, 2020. BLF invoiced $19,847.00 for submitting an application. TTV did not review or receive any work product related to this invoice and was not informed by BLF as to the status of the application.

480. In September 2022, BLF engaged in unprofessional conduct by making verbal threats to TTV if BLF did not "get the good litigation," by which BLF meant Konnech v. TTV.

481. On September 28, 2022, one week after learning TTV would not retain BLF to represent TTV in the Konnech litigation matter, BLF in a fit of pique submitted 14 invoices for legal services due upon receipt. Twelve of the fourteen invoices listed only "various legal services" and a total balance due. BLF failed to provide details of time spent when TTV asked for clarification.

482. TTV was sued by a disgruntled donor, Frederic Eshelman, largely due to BLF's strategy of championing the four abovementioned cut-and-paste complaints in federal courts, followed by BLF's recognition that the filings should be dismissed.

## CAUSES OF ACTION

### Count I – Legal Malpractice

483. BLF's conduct has amounted to legal malpractice, a breach of the duty of care owed to TTV as its client. BLF had a duty to exercise reasonable skill, knowledge and diligence in representing the interests of TTV. BLF breached its duty of care to TTV by failing to exercise the skill care and diligence that is normally exercised by the members of the legal profession under similar circumstances, by engaging in improper conduct, misrepresenting critical information, and failing to act in the best interests of TTV. The breach of duty by BLF directly caused harm and damages to TTV, including financial loss, emotional distress and reputational damage. As a result of this legal malpractice, TTV suffered significant financial losses, reputational damage, and other damages by BLF.

### Count II – Misrepresentation

484. BLF's actions also constitute misrepresentation by making false statements regarding BLF's expertise, experience and the likely outcomes of cases involving TTV. These false statements made by BLF were material to TTV's decision to retain BLF's services. TTV justifiably relied on the false statements made by BLF, which induced TTV to enter an attorney-client relationship. As a direct consequence of the misrepresentation, TTV suffered damages including financial losses and reputational

harm.

### Count III – Breach of Contract

485. BLF entered into a contract with TTV for legal services and breached that contract by failing to provide the level of skill, care and diligence required by Indiana law. As a result of this breach, TTV suffered reputational damage, financial damage and damages to those legal matters both represented by BLF and those not represented by BLF.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant and Counter-Plaintiff TTV prays for the following:

1. A finding to uphold the foregoing affirmative defenses and dismiss Plaintiff and Counter-Defendant BLF's claims in their entirety and enter a judgment that Plaintiff and Counter-Defendant BLF take nothing;

2. A finding that Plaintiff and Counter-Defendant BLF is liable to Defendant and Counter-Plaintiff TTV for legal malpractice, breach of fiduciary duty, breach of duty of care, misrepresentation and breach of contract.

3. A finding that Plaintiff and Counter-Defendant BLF is entitled to damages which include but are not limited to compensatory, incidental, and consequential losses;

4. Award Defendant and Counter-Claimant TTV its reasonable and necessary attorney's fees, court costs, prejudgment and post-judgment interest; and

5. Award Defendant and Counter-Claimant TTV for compensatory, incidental and consequential losses caused by Plaintiff and Counter-Defendant BLF's breach of its fiduciary duty, as well as full disgorgement of all amounts paid to date.

6. Further, Defendant and Counter-Claimant TTV requests such other and further relief, both special and general, at law and in equity, to which it may be entitled.

DATED: March 1, 2024.

Respectfully submitted,
By: *_/s/ Michael J. Wynne*_*
Michael J. Wynne
TX Bar No. 00785289
mwynne@gwafirm.com
GREGOR WYNNE ARNEY, PLLC
4265 San Felipe St., Ste. 700
Houston, TX 77027
Telephone: 281-450-7403
Facsimile: 832-390-2655

* *Appearing Pro Hac Vice*

By: */s/ John J. Morse*
John J. Morse
Attorney No. 16146-49
morse@morsebickel.com
MORSE & BICKEL, P.C.
1411 Roosevelt Ave., Ste. 102
Indianapolis, IN 46201
Telephone: 317-686-1540
Facsimile: 317-630-2790

**COUNSEL FOR TRUE THE VOTE, INC.**

## Certificate of Service

I certify that on March 1, 2024, I caused the foregoing to be filed with the United States District Court for the Southern District of Indiana, Terre Haute Division, using the Court's CM/ECF system, thereby effecting service on all counsel of record.

By: */s/ Michael J. Wynne**
Michael J. Wynne

* *Appearing Pro Hac Vice*