UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BOPP LAW FIRM, PC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00120-JRS-MG |
| | ) |
| TRUE THE VOTE, INC., a Texas Corporation, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion for Leave to File an Amended Answer to the Second Amended Counterclaim. [Filing No. 76.] For the following reasons, Plaintiff's motion is **GRANTED**.

### I.
#### BACKGROUND

Plaintiff/Counter-Defendant Bopp Law Firm, PC ("Bopp") filed a Verified Complaint, bringing breach of contract, account stated, and quantum meruit claims, against Defendant/Counter-Claimant True the Vote, Inc. ("TTV"). [Filing No. 1.] As a basis for these claims, Bopp represented TTV in various legal actions and had entered into agreements with TTV to pay legal fees for those and other related legal actions.

TTV filed an Answer and counterclaim against Bopp. [*See* Filing No. 13.] Bopp then filed an Amended Complaint, [Filing No. 19], motion to dismiss TTV's Counterclaim, [Filing No. 24], and application for entry of default, [Filing No. 26]. TTV then requested leave to file an Amended Answer and Counterclaim. [Filing No. 30.] The Court accepted Bopp's Amended Complaint, denied, as moot, the motion to dismiss, application for entry of default, and TTV's motion for leave to file an Amended Answer and Counterclaim, and ordered TTV to respond to the Amended

Complaint. [Filing No. 43.] TTV filed its First Amended Answer and Second Counterclaim as directed. [Filing No. 45.] Several months later, TTV filed an unopposed motion for leave to file a second amended answer. [Filing No. 51].

The parties have also filed two joint motions to amend/correct the Case Management Plan ("CMP"). [Filing No. 63; Filing No. 72.] These motions granted the parties additional time to complete discovery, file dispositive motions, and prepare for trial. Approximately one week after filing the second Joint Motion to Amend the CMP, Bopp filed the instant motion for leave to file an Amended Answer to the Second Amended Counterclaim. [Filing No. 76.] Bopp seeks to add two affirmative defenses: (1) statute of limitations, and (2) failure to mitigate. TTV filed a response, [Filing No. 77], and Bopp filed a reply, [Filing No. 78].

## II.
### LEGAL STANDARDS

When a motion for leave to amend is filed after the relevant case management deadline, the Court is to use a "two-step process" to analyze the request. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). First, the movant must demonstrate good cause to justify modifying the scheduling order. *Id.*; Fed. R. Civ. P. 16(b)(4). Then, the Court may engage in the typical analysis for a motion for leave to amend, pursuant to Rule 15. *Alioto*, 651 F.3d at 719.

Under Federal Rule of Civil Procedure 15, a party is afforded the opportunity to amend its pleading with the opposing party's written consent or the court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court may "deny leave to amend whe[n] there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or when the amendment would be futile." *Mulvania v. Sherriff of Rock Island Cty.*, 850 F.3d 849, 855 (7th Cir. 2017) (citing *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

## III.
### DISCUSSION

Bopp moves the Court to allow it to file an Amended Answer to the Second Amended Counterclaim to add two defenses, statute of limitations and mitigation. Bopp argues: (1) it engaged in excusable neglect by waiting until after the amended pleading deadline to seek leave to file an Amended Answer; and (2) it satisfies the Federal Rule of Civil Procedure 15 standard to allow amendment of a pleading. TTV argues that Bopp: (1) waived the asserted defenses by failing to include them before; (2) fails to demonstrate good cause for filing its leave to amend after the amended pleading deadline; and (3) fails to satisfy the liberal Rule 15 standard.

### A. GOOD CAUSE

As stated above, when a motion for leave to file an amended pleading is filed after the deadline, the Court must first determine that the party has good cause to justify the delay. At the core of Bopp's motion, it argues that TTV's failure to adequately comply with discovery requests prompted the need for its untimely motion to amend its Answer.

As an initial matter, Bopp relies on Federal Rule of Civil Procedure 6(b) to justify modification. This is the wrong standard. Rule 6 is a "rule of general applicability . . . [it] allows for extensions when other more specific rules do not apply." *McCann v. Cullinan*, No. 11 CV 50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015). In this instance, Rule 16 is a more specific rule that applies. Therefore, Bopp must demonstrate good cause for the delay.

The primary inquiry regarding "good cause" is the party's diligence in pursuing the amendment. The burden is on Bopp, as the movant, to demonstrate good cause. Fed. R. Civ. P. 16(b)(4). Bopp argues that it has "filed [the amendment] after a diligent effort . . . to acquire important information needed to address the claims against it . . ." [Filing No. 78 at 6.] In support of this statement, it includes a detailed description of the discovery process to date. The Court will

not rehash this sequence of events here, but notes that Bopp indicates that it has requested information from TTV regarding TTV's claims since TTV filed its First Amended Answer and Counterclaim, which "provided only broad allegations" about Bopp's conduct. [Filing No. 78 at 2.] Bopp further states that its counsel "contacted TTV's lead counsel in order to attempt to get greater clarity" after the August 22, 2024, status conference. [Filing No. 78 at 5.] Bopp also states that the statute of limitations and mitigation defenses "came into focus" after these discussions. [Filing No. 78 at 5.] Based on Bopp's description of its attempts to address these potential defenses throughout the litigation process, the Court determines that Bopp has demonstrated good cause to allow its untimely amendment to its Answer.

### B. Rule 15 Standard

Once the Court determines that a party has established good cause to allow an amendment, it must also ensure that the amendment comports with the Rule 15 standard. This is lenient standard, and an amendment will be denied only if there is undue prejudice, undue delay, bad faith, or if the amendment would be futile.

Neither party argues that the amendment would be futile, was filed in bad faith, or will cause undue delay or undue prejudice. TTV challenges the amendment arguing that "justice does not so require" the amendment because Bopp did not add these affirmative defenses in response to TTV's First or Second Amended Pleadings. Simply put, this is not an adequate reason to deny a motion to amend. It is well accepted that the Rule 15 standard is a liberal one. Absent a valid reason to deny the motion, the Court finds that justice does require an amendment.

### IV. Conclusion

Having determined that Bopp has demonstrated good cause for amendment and that the amendment satisfies the Rule 15 standard, the Court **GRANTS** Bopp's Motion for Leave to File

an Amended Answer to TTV's Second Amended Counterclaim, [76]. Bopp shall file an Amended Answer to TTV's Second Amended Counterclaim within seven (7) days.

Date: 10/23/2024

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all Counsel of Record.**